**GIBBONS, DEL DEO, DOLAN,**
**GRIFFINGER & VECCHIONE**
Kerry M. Parker (KMP-7199)
A Professional Corporation
One Riverfront Plaza
Newark, New Jersey 07102-5497
(973) 596-4500
Attorneys for Defendants,
Robert Sorensen and
Litetronics International, Inc.



RECEIVED

MAR 23 2001

AT 8:30_____M
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| LAWRENCE SHEINBERG and GILES HAZEL, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT SORENSEN; DUROLITE INTERNATIONAL, INC.; LITETRONICS INTERNATIONAL, INC.,<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No. C 00-6041 (KSH)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants, Robert Sorensen ("Sorensen") and Litetronics International, Inc. ("Litetronics")(hereinafter collectively referred to as "Defendants"), by and through their attorneys Gibbons, Del Deo, Dolan, Griffinger & Vecchione, state in Answer to Plaintiffs' Complaint:

## INTRODUCTION

1.  Defendants admit that Plaintiffs purport to bring this action pursuant to § 16 of the Fair Labor Standards Act, 29 U.S.C. § 216; the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*; the New Jersey Wage Payment Statute, N.J.S. 34:11-4.2 *et seq.*; and New Jersey common law principles of tortious conversion; however, Defendants deny there exists any basis in law or in fact for Plaintiffs' claims.

2. Defendants admit that Duro-Test is a corporation organized and existing under the laws of the State of New Jersey. Defendants deny the remaining allegations contained in the first sentence of Paragraph 2 of the Complaint. Defendants admit the allegations contained in the second sentence of Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit that until January 21, 2000, Litetronics was a wholly owned subsidiary of Durolite International, Inc. ("Durolite"). Defendants admit the remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit that Sorensen is one of the officers and/or directors of Litetronics. Defendants admit that Sorensen has been a shareholder of Durolite since November, 1995, but deny that Sorensen has been an officer and director of Durolite "at all times relevant hereto." Defendants admit that Sorensen resides outside of New Jersey. Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in the first sentence of Paragraph 7 of the Complaint. The allegation contained in the second sentence of Paragraph 7 of the Complaint sets forth a legal conclusion and not an allegation of fact and, therefore, Defendants make no response thereto.

8. The allegation contained in Paragraph 8 of the Complaint sets forth a legal conclusion and not an allegation of fact and, therefore, Defendants make no response thereto.

9. Defendants admit the allegations contained in the first sentence of Paragraph 9 of the Complaint. The allegation contained in the second paragraph of Paragraph 9 of the Complaint sets forth a legal conclusion and not an allegation of fact and, therefore, Defendants make no response thereto. The allegations contained in the third paragraph of Paragraph 9 of the Complaint, with regard to Defendants' fiduciary status, set forth a legal conclusion and not allegations of fact and, therefore, Defendants make no response thereto, except to deny that they are fiduciaries of any plan. Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint as they relate to these Defendants, but make no response to the remaining allegations against Durolite and Duro-Test.

#270432 v1
101444-39422

10. The allegations contained in Paragraph 10 of the Complaint, with regard to the authority and standing of Plaintiffs, set forth legal conclusions and not allegations of fact and, therefore, Defendants make no response thereto. Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit that Lawrence Sheinberg was an employee of Duro-Test. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 11 of the Complaint.

12. Defendants admit that Giles Hazel was an employee of Duro-Test. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 12 of the Complaint.

13. Defendants admit that Plaintiffs purport to bring this action for and on behalf of themselves and others, pursuant to § 3(7) of ERISA, 29 U.S.C. § 1002(7) and § 16(b) of the FLSA, 29 U.S.C. § 216(b); however, Defendants deny there exists any basis in law or in fact for Plaintiffs' claims. The remaining allegations contained in Paragraph 13 of the Complaint set forth legal conclusions and not allegations of fact and, therefore, Defendants make no response thereto.

## CLASS ACTION ALLEGATIONS

14. Defendants admit that the individual Plaintiffs purport to bring this action on behalf of a class of employees; however, Defendants deny that a certifiable class exists.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

## JURISDICTION

19. Paragraph 19 of the Complaint sets forth legal conclusions and not allegations of fact and, therefore, Defendants make no response thereto. To the extent any allegation in Paragraph 19 is directed at Defendants, Defendants deny each and every allegation.

#270432 v1
101444-39422

## VENUE

20. Paragraph 20 of the Complaint sets forth a legal conclusion and not an allegation of fact and, therefore, Defendants make no response thereto. To the extent any allegation in Paragraph 20 is directed at Defendants, Defendants deny each and every allegation.

## FACTS

21. Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22. Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24. Defendants admit that Sorensen was involved in the lighting business for many years. Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit that in November, 1995 Durolite became the parent company of Duro-Test and Litetronics. Defendants admit that prior to November, 1995, Sorensen was a 56% shareholder in Litetronics, and that after November, 1995, he became a 32% shareholder of Durolite but did not thereafter own any stock of Litetronics or Duro-Test. Defendants admit that Sorensen had the authority to appoint two members of Durolite's Board of Directors. Defendants deny the remaining allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit that from November, 1995 to August, 1999, Sorensen served as Chief Executive Officer of Duro-Test. Defendants admit that from November, 1995 to January, 2000, Sorensen served as Chairman of Duro-Test. Defendants admit that from November, 1995 to February 21, 2000, Sorensen served as Chief Executive Officer and Chairman of Durolite. Defendants admit that from November, 1995 to the present Sorensen has served as Chief Executive Officer and Chairman of Litetronics.

27. To the extent the allegations contained in Paragraph 27 purport to quote a portion of a document, Defendants make no response as said document speaks for itself. Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegation contained in Paragraph 28 of the Complaint.

29. Defendants admit that Duro-Test entered into a collective bargaining agreement with its union employees in 1997. To the extent the remaining allegations contained in Paragraph 29

purport to quote a portion of a document, Defendants make no response as said document speaks for itself.

30. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants admit that Duro-Test has filed for bankruptcy protection. Defendants admit that Fleet is a secured lender for Duro-Test, but lack sufficient knowledge or information to admit or deny the allegations contained in the third sentence of Paragraph 34 of the Complaint. To the extent the remaining allegations contained in Paragraph 34 of the Complaint are directed at Defendants, Defendants deny each and every allegation.

35. Defendants admit that on February 18, 2000, the Duro-Test plant closed, but lack sufficient knowledge or information to admit or deny the allegations contained in the first sentence of Paragraph 35 of the Complaint. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in the second sentence of Paragraph 35 of the Complaint. Defendants deny the allegations contained in the third sentence of Paragraph 35 of the Complaint.

36. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 36 of the Complaint.

## FIRST CAUSE OF ACTION

37. To the extent any allegation contained in Paragraph 37 of the Complaint is directed against Defendants, Defendants deny each and every allegation. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 37 of the Complaint.

## SECOND CAUSE OF ACTION

38. Paragraph 38 of the Complaint sets forth a legal conclusion and not an allegation of fact and, therefore, Defendants make no response thereto. To the extent any allegation in Paragraph

#270432 v1
101444-39422

38 is directed at Defendants, Defendants deny each and every allegation. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 38 of the Complaint.

39. To the extent any allegation contained in Paragraph 39 of the Complaint is directed against Defendants, Defendants deny each and every allegation. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 39 of the Complaint.

## THIRD CAUSE OF ACTION

40. Paragraph 40 of the Complaint sets forth a legal conclusion and not an allegation of fact and, therefore, Defendants make no response thereto. To the extent any allegation in Paragraph 40 is directed at Defendants, Defendants deny each and every allegation. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 40 of the Complaint.

## FOURTH CAUSE OF ACTION

41. Paragraph 41 of the Complaint sets forth legal conclusions and not allegations of fact and, therefore, Defendants make no response thereto. To the extent any allegation contained in Paragraph 41 of the Complaint is directed against Defendants, Defendants deny each and every allegation. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint sets forth a legal conclusion and not an allegation of fact and, therefore, Defendants make no response thereto. To the extent any allegation in Paragraph 42 is directed at Defendants, Defendants deny each and every allegation. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint sets forth a legal conclusion and not an allegation of fact and, therefore, Defendants make no response thereto. To the extent any allegation in Paragraph 43 is directed at Defendants, Defendants deny each and every allegation. Defendants lack

#270432 v1
101444-39422

sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 43 of the Complaint.

## FIFTH CAUSE OF ACTION

44. Paragraph 44 of the Complaint sets forth a legal conclusion and not an allegation of fact and, therefore, Defendants make no response thereto. To the extent any allegation in Paragraph 44 is directed at Defendants, Defendants deny each and every allegation. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 44 of the Complaint.

45. To the extent any of the allegations contained in the first sentence of Paragraph 45 of the Complaint are directed against Defendants, Defendants deny such allegations. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in the first sentence of Paragraph 45 of the Complaint. The allegation contained in the second sentence of Paragraph 45 of the Complaint sets forth a legal conclusion and not an allegation of fact and, therefore, Defendants make no response thereto.

46. Paragraph 46 of the Complaint sets forth legal conclusions and not allegations of fact and, therefore, Defendants make no response thereto. To the extent any allegation in Paragraph 46 is directed against Defendants, Defendants deny each and every allegation. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 46 of the Complaint.

## SIXTH CAUSE OF ACTION

47. To the extent any allegation contained in Paragraph 47 of the Complaint is directed against Defendants, Defendants deny each and every allegation. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 47 of the Complaint.

48. To the extent any allegation contained in Paragraph 48 of the Complaint is directed against Defendants, Defendants deny each and every allegation. Defendants lack sufficient

#270432 v1
101444-39422

knowledge or information to admit or deny the remaining allegations contained in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint sets forth a legal conclusion and not an allegation of fact and, therefore, Defendants make no response thereto. To the extent any allegation in Paragraph 49 of the Complaint is directed against Defendants, Defendants deny each and every allegation. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted, or upon which the relief sought can be awarded.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' damage claims are barred by reason of their failure to mitigate their damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring this action.

### FOURTH AFFIRMATIVE DEFENSE

Recovery based on any alleged employment agreement, to the extent it relies on any oral statement(s), is barred by the statute of frauds.

### FIFTH AFFIRMATIVE DEFENSE

Any and all damages allegedly sustained by Plaintiffs are the direct result of actions of third parties over which Defendants Sorensen and Litetronics have no control.

### SIXTH AFFIRMATIVE DEFENSE

Defendants owed no legal duty to Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction over the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to establish the elements necessary for class certification.

**WHEREFORE**, Defendants Sorensen and Litetronics demand the entry of judgment in their favor and against Plaintiffs, dismissing all counts of Plaintiffs' Complaint with prejudice and awarding to Defendants Sorensen and Litetronics attorneys' fees and costs of suit, and all other and further relief this Court deems just and proper.

          **GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE**
A Professional Corporation
Attorneys for Defendants,
Robert Sorensen and
Litetronics International, Inc.

By: _/s/ Kerry M. Parker_
Kerry M. Parker

Dated: March 23, 2001

#270432 v1
101444-39422

**GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE**
A Professional Corporation
Kelly Ann Guariglia (KAG-9506)
One Riverfront Plaza
Newark, New Jersey 07102-5497
(973) 596-4500
Attorneys for Defendants,
Robert Sorensen and
Litetronics International, Inc.

| | |
|---|---|
| LAWRENCE SHEINBERG and GILES HAZEL, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT SORENSEN; DUROLITE INTERNATIONAL, INC.; LITETRONICS INTERNATIONAL, INC.,<br><br>Defendants. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>Civil Action No. C 00-6041(KSH)<br><br><br>**CERTIFICATION<br>OF<br>SERVICE** |

I hereby certify that on this date, the original and two copies of the enclosed Answer and Civil Cover Sheet were delivered via messenger service to the Clerk of the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07102; and a copy of same delivered via facsimile and regular mail to Bradford M. Brush, Esq., Schnader, Harrison, Segal & Lewis, LLP, Suite 200 Woodland Falls Corporate Park, 220 Lake Drive East, Cherry Hill, New Jersey 08002-1165; and a copy of same delivered via regular mail to Robert D. Nachman, Esq., Schwartz, Cooper, Greenberger & Krauss, Suite 2700, 180 North LaSalle Street, Chicago, Illinois, 60601.

Dated: March 23, 2001

_____
KELLY ANN GUARIGLIA