UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**RECEIVED**

**MAY 0 8 2001**

AT 8:30................................M
WILLLIAM T. WALSH, CLERK

LAWRENCE SHEINBERG and GILES HAZEL.,  )
On behalf of themselves and others similarly  )
situated,  )
                        Plaintiffs  )

          v.  )

ROBERT SORENSEN; DUROLITE  )
INTERNATIONAL, INC.;  )
LITETRONICS INTERNATIONAL, INC.  )
               Defendants  )

Docket No. Cir 00-6041 CKSH

**FILED**

MAY   8 2001

AT 8:30......
WILLIAM......CLERK

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT DUROLITE INTERNATIONAL, INC.

Durolite International, Inc., by its attorneys, responds as follows to the Complaint of

Plaintiffs.

1.      Durolite International, Inc. ("Durolite") admits that Plaintiffs bring this action under

the statutes shown, and are seeking compensatory damages, punitive damages and other relief.

2.      Durolite the allegations of the first sentence of Paragraph 2 and states that Duro-test

was a corporation organized and existing under the laws of the state of New York.  Durolite admits

the allegations of the second sentence of Paragraph 2.

3.      Durolite admits the allegations of Paragraph 3.

4.      Durolite denies the allegations of Paragraph 4, states that the phrase, "at all times

mentioned herein" is vague and makes a response impossible, and states that it is a corporation

organized and existing under the laws of the State of Delaware, and has no principal place of

business.

5.      Durolite admits that Sorensen has been and continues to be a shareholder of Durolite, and is without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 5 and therefore denies same.

6.      Durolite denies the allegations of Paragraph 6.

7.      Durolite denies the allegations of Paragraph 7.

8.      Paragraph 8 states a legal conclusion as to which no response is required.

9.      Durolite admits the allegations of the first sentence of Paragraph 9.  Durolite states that the second sentence represents a legal conclusion to which no response is required.  Durolite denies the allegations of the third sentence of Paragraph 9.

10.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10, and therefore denies same.

11.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11, and therefore denies same.

12.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12, and therefore denies same.

13.     Durolite admits that the Plaintiffs purport to bring this action as class action under the statutes cited.  Except as otherwise specifically admitted, Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13 and therefore denies same.

### CLASS ACTION ALLEGATIONS

14.     Paragraph 14 states a legal conclusion as to which no response is required.

15.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15 and therefore denies same.

16.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16 and therefore denies same.

17.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17 and therefore denies same.

18.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18, and therefore denies same.

## JURISDICTION

19.     Durolite states this is a legal conclusion to which no response is required.

## VENUE

20.     Durolite states this is a legal conclusion as to which no response is required.

## FACTS

21.     Durolite admits the allegations of Paragraph 21.

22.     Durolite admits the allegations of Paragraph 22.

23.     Durolite admits the allegations of Paragraph 23.

24.     Durolite admits that Sorensen had been involved in the lighting business for many years, and denies the remaining allegations of Paragraph 24.

25.     Durolite admits that in or around November, 1995, Durolite became the parent company of Duro-Test and Litetronics. Durolite admits that after November 1995, Sorensen became a 32% shareholder of Durolite. Durolite admits that Sorensen had the authority to appoint two members of Durolite's Board of Directors. As to other allegations regarding Sorensen, Durolite is without knowledge sufficient to form a belief as to their truth or falsity, and therefore denies same. Durolite denies the remaining allegations of Paragraph 25.

26.     Durolite admits that, from November 1995 to February 21, 2000, Sorensen was chairman and CEO of Durolite. Except as expressly admitted herein, Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26, and therefore denies same.

27.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 27, and therefore denies same.

28.     Durolite states that, without a time frame, this allegation cannot be admitted or denied.

29.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 29, and therefore denies same.

30.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30, and therefore denies same.

31.     Durolite admits the allegations of Paragraph 31.

32.     Durolite denies the allegations of Paragraph 32.

33.     Durolite denies the allegations of Paragraph 33.

34.     Durolite denies that it is insolvent. Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 34 and therefore denies same.

35.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 35, and therefore denies same.

36.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 36, and therefore denies same.

## FIRST CAUSE OF ACTION

37.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37, and therefore denies same.

## SECOND CAUSE OF ACTION

38.     Durolite states that Paragraph 38 states a legal conclusion to which no response is required.

39.     Durolite denies the allegations of Paragraph 39.

## THIRD CAUSE OF ACTION

40.     Durolite states that Paragraph 40 states a legal conclusion to which no response is required.

## FOURTH CAUSE OF ACTION

41.     Durolite denies the allegations of Paragraph 41.

42.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 42, and therefore denies same.

43.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 43, and therefore denies same.

## FIFTH CAUSE OF ACTION

44.     Durolite denies the allegations of Paragraph 44.

45.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 45, and therefore denies same.

46.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 46, and therefore denies same.

## SIXTH CAUSE OF ACTION

47.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 47, and therefore denies same.

48.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 48, and therefore denies same.

49.     Durolite denies the allegations of Paragraph 49.

50.     Durolite is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 50, and therefore denies same.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiffs' deny claims are based by reason of their failure to mitigate their damages.

3.     Plaintiffs' lack standing to bring this action.

4.     Recovery based on any alleged co-payment agreement, to the extent it relies on any oral statement, is barred by the statute of frauds.

5.     Durolite did not engage in the alleged actions which are the subject matter of this Complaint, and did not control those alleged actions.

6.     Durolite owed no legal duty to plaintiff.

7.     Plaintiff has failed to establish class certification requirements.

WHEREFORE, Durolite International, Inc. prays that this Court enter judgment in its favor and against the Plaintiffs, and grant it such further relief as the Court deems appropriate.

Respectfully submitted,

Counsel for Defendant, Durolite International
Robert D. Nachman, Esq.
Schwartz, Cooper, Greenberger & Krauss, Chtd.
180 N. LaSalle Street
Suite 2700
Chicago, Illinois 60601


TEITELBAUM, CACCAVALE & WISEBERG, LLC
Local Counsel for Defendant, Durolite International

By: _____
Edward M. Teitelbaum
(EMT-2729)
300 Broadacres Drive
Bloomfield, New Jersey 07003
(973) 338-3135

DATED: May 7, 2001

G:\USR\Durolite\answeraffdefenses.doc  5/7/01