## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY



| | |
|---|---|
| LAWRENCE SHEINBERG and GILES HAZEL, et al.<br>*Plaintiffs*<br><br>v.<br><br>ROBERT SORENSEN; DUROLITE INTERNATIONAL, INC.; LITETRONICS INTERNATIONAL, INC.<br>*Defendants* | Civil Action No. 00-6041<br><br>Hon. Katharine S. Hayden, U.S.D.J.<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter comes before me on plaintiffs' motion for class certification pursuant to Rule 23. The motion was referred to me by Judge Hayden. I have considered the papers submitted in support of and in opposition to the motion. There was no oral argument. Rule 78.

## BACKGROUND

Plaintiffs Lawrence Sheinberg ("Sheinberg") and Giles Hazel ("Hazel") (collectively referred to as "Plaintiffs") were employed by Duro-Test Corporation ("Duro-Test"). Plaintiffs assert that defendants Robert Sorenson ("Sorenson") and Durolite International, Inc. ("Durolite") controlled Duro-Test, that Sorenson was a fiduciary of DuroTest's ERISA plan, and that Durolite, Duro-Test and defendant Litetronics, International Inc. ("Litetronics"), as a single employer, ordered a "plant closing" within the meaning of the Workers Adjustment and Retraining Notification Act, 29 U.S.C § 2101(a)(2).

On February 18, 2000, the Duro-Test plant in Clifton, New Jersey, was closed without notice. Many of the paychecks and commission checks issued to Duro-Test employees bounced. Several employees were not paid their final wages and many commissioned sales people never received the commissions due to them.

Plaintiffs now seek certification of a class of approximately 350 non-union employees of Duro-Test. The proposed class includes salaried management personnel, engineers, commissioned sales people and support staff, all of whom were affected by the closure of the plant. Plaintiffs allege that defendants are responsible for (1) failure to pay wages, sales commissions and benefits; (2) failure to make health insurance premium payments and maintain health coverage; and (3) failure to provide timely notice of the Duro-Test plant closing. Plaintiffs seek relief against defendants for violations of fiduciary, statutory and common law duties.

## DISCUSSION

Plaintiffs seek class certification under Rule 23(a) of the Federal Rules of Civil Procedure, which provides, in pertinent part:

> One or more members of a class may sue or be sued as representative parties on behalf of all if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(a) sets forth requirements of numerosity, commonality, typicality, and adequacy of representation. See Johnston v. HBO Management, Inc., 265 F.3d 178, 183 (3d Cir. 2001). The first two, numerosity and commonality, test the validity of the class; the last two,

typicality and adequacy of representation, test the adequacy of the representatives. Hassine v. Jeffes, 846 F.2d 169, 176 (3d Cir. 1988).

In addition to meeting the requirements of Rule 23(a), "the court must also find that the class action is maintainable under Rule 23(b)(1), (2) or (3)." Johnston, 265 F.3d at 184. Here, plaintiffs invoke Rule 23(b)(3), which provides that an action may be maintained as a class action if the prerequisites of Rule 23(a) are satisfied and,

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. [Fed. R. Civ. P. 23(b)(3)].

The plaintiff bears the burden of proving that the class should be certified. Davis v. Romney, 490 F.2d 1360, 1366 (3d Cir. 1974). If a court is satisfied that each of the four elements of Rule 23(a) have been met, and that the class is maintainable pursuant to Rule 23(b)(3), the Court may certify the class. General Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 161 (1982); In re Life USA Holding Inc., 242 F.3d 136, 143-144 (3d Cir. 2001).

**Numerosity**

"Numerosity requires a finding that the putative class is so numerous that joinder of all members is impracticable." Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 182 (3d Cir. 2001). In evaluating the impractically of joinder, courts generally consider the following three factors: (1) the size of the proposed class; (2) the distribution of proposed class members over a large geographic area; and (3) the difficulty in identifying members of the class for joinder purposes. Smith v. Berg, 2001 U.S. Dist. Lexis 15814, *7 (E.D. Pa. 2001).

Plaintiffs have identified approximately 350 non-union employees who fall within the class. Sorenson contends that the class may include as few as 100 individuals. Duro-Test's

3

commissioned sales force represents a geographically scattered group of individuals as the roster for Duro-Test employees indicates that Duro-Test had sales representatives in virtually every region of the country. Since the potential class size is large and geographically dispersed, joinder would be impracticable. Therefore, the numerosity requirement is satisfied.

## Commonality

A plaintiff satisfies the commonality requirement by proving that "there are questions of law or fact common to the class." Rule 23(a)(2). In Baby Neal v. Casey, 43 F.3d 48 (3d Cir. 1994), the Third Circuit stated that this "requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." 43 F.3d at 55.

There are many issues of law and fact common to the proposed class. Plaintiffs have raised questions of law under (1) the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, (2) the Workers Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101 *et seq.*, (3) the New Jersey Wage Payment Statute, N.J. Stat. § 34:11-4.2 *et seq.*, and (4) tortious conversion under New Jersey common law. The questions of fact poised include whether Sorenson's actions in closing Duro-Test without warning, failing to pay its employees for wages and commissions earned during the final pay period, and dissipating funds withheld from the employees paychecks for 401(k) plans and health insurance benefits, entitles plaintiffs to compensation. The commonality requirement is satisfied.

## Typicality

Rule 23(a)(3) requires that the claims or defenses of the representative be typical of the claims of the class. Cannon v. Cherry Hill Toyota, Inc., 184 F.R.D. 540, 544 (D.N.J. 1999). The named plaintiff's claims will be considered typical if these arise from the same course of

conduct as those of the class generally and if the claims are based on the same legal theory. Cannon, 184 F.R.D. at 544. The typicality inquiry centers on whether the "the named plaintiff[s'] individual circumstances are markedly different or . . . the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based." Newton, 259 F.3d at 183. Typicality inquires whether "the plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." General Tel. Co. of the Southwest v. Falcon, 457 U.S. at 158. "If the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of factual differences." Newton, 259 F.3d at 183-84.

The plaintiffs here, like the members of the putative class, are former non-union employees at the Clifton plant. Here, the claims of both the plaintiffs and the class members arise from the same event (the closing of the Clifton plant) and the same course of conduct (Sorensen's alleged misdirection of funds belonging to plaintiffs and failure to warn of Duro-Test's closing and failure to administer employee benefits appropriately). Any differences that exist among class members are factual. The typicality requirement is satisfied.

**Adequacy of Representation**

Class representatives must "fairly and adequately protect the interests of the class." Rule 23(a)(4). Adequate representation relies on two factors: (1) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (2) the plaintiff must not have interests antagonistic to those of the class. Cureton v. Nat'l Collegiate Athletic Ass'n, 1999 U.S. Dist. Lexis 9706, *22 (E.D. Pa. 1999).

The first prong of Rule 23(a)(4) is that plaintiffs' attorneys are qualified, experienced and generally able to conduct the litigation. Cureton, 1999 U.S. Dist. Lexis 9706, *22.

Plaintiffs' law firm, Schnader Harrison Segal & Lewis, L.L.P., has served as counsel in various class action lawsuits across the United States. Representing the plaintiffs here will be Robert B. Bodzin. Mr. Bodzin is a member of the Litigation Services Department at the firm and has over twenty years' experience in handling complex litigation cases. Based on the extensive experience of prosecuting complex class action litigation on behalf of injured employees and handling complicated litigation matters, I am satisfied that counsel suitably represents the class and that there are no foreseeable conflicts between the named representatives and the class they seek to represent that would bar certification.

The second prong of Rule 23(a)(4) is satisfied for the reason that plaintiffs do not appear to have interests antagonistic to those of the class. The adequacy of representation requirement is satisfied.

## Rule 23(b)(3)

Class certification under Rule 23(b)(3) must satisfy the twin requirements of predominance and superiority. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 615 (1997). The predominance inquiry demands "that questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Rule 23(b)(3). Superiority calls for a determination that a class action is the best method of achieving a "fair and efficient adjudication of the controversy." Rule 23(b)(3). The Supreme Court has explained that these elements were adopted "to cover cases in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. Amchem Prods., Inc., 521 U.S. at 615. Rule 23(b)(3) requires a "close look" at the case before it can be accepted as a class

6

action. 521 U.S. at 615. To assist in this "close look," Rule 23 (b)(3) includes a nonexclusive list of relevant factors:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

**Predominance**

Class certification under Rule 23(b)(3) is permissible only when "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." The "predominance inquiry" of Rule 23(b)(3) "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods., Inc., 521 U.S. at 623. The Third Circuit has held that "the presence of individual questions does not per se rule out a finding of predominance." Krell v. Prudential Ins. Co. of Am., 148 F.3d 283, 315 (3d Cir. 1998).

Here, the plaintiffs assert that the bulk of the class members claims are governed by straightforward federal statutes. The plaintiffs further contend that defendants' liability does not depend upon varying circumstances relating to the conduct or situation of individual class members.

In opposition, defendants claim that class certification is problematic since the factual circumstances prevent clear liability to all plaintiffs based upon a "per se scenario." Defendants contend that the plaintiffs have failed to illustrate that all of the proposed class members are entitled to compensation or benefits. I disagree with this contention as all of the proposed class members were employees of Duro-Test. The fact that the eligibility of each putative class member for benefits must be determined on an individual basis does not

7

outweigh the fact that "while damages for each class member may prove to be different, this fact alone should not preclude class certification when common issues concerning liability predominate." Weikel v. Tower Semiconductor Ltd.,183 F.R.D. 377, 399 (D.N.J. 1998).

Under the circumstances described above, the common questions and their predominance over individual claims are manifested in that, if plaintiffs and every class member were each to bring an individual action, they would still be required to prove the existence of the alleged activities of defendants in order to prove liability. In re Chlorine & Caustic Soda Antitrust Litig., 116 F.R.D. 622, 627 (E.D. Pa. 1987). Here, a cohesive class does exist, and common questions of law and fact predominate over any questions affecting individual members. See In re Merrill Lynch, 191 F.R.D. 391, 398 (D.N.J. 1999). Thus, plaintiffs' claims meet the Rule 23(b)(3) predominance requirement.

## Superiority

In addition to the predominance requirement, Rule 23(b)(3) requires that class action treatment be the most fair and efficient method of managing the plaintiffs' claims. Brosious v. Children's Place Retail Stores, 189 F.R.D. 138, 147 (D.N.J. 1999). Rule 23(b)(3)(D) states that we must address "the difficulties likely to be encountered in the management of a class action." In this case the plaintiffs contend with no opposition from the defendants that,

> class-wide adjudication of this case is the superior method because (1) joinder or wholesale intervention – the alternative to class action treatment –would prove wholly unmanageable and result in great multiplicity ... (2) judicial economies would be achieved through class certification by permitting the predominate legal and factual theories to be litigated in an economical fashion; (3) class-wide determination of liability may serve to resolve the claims of individual members in a way that determination in individual cases may not: by enhancing the possibility of a global settlement; (4) individual class members have a strong interest in class treatment to avoid the costs of prosecuting a complex case on an individual basis where individual damages are relatively small; and (5) the class

8

action vehicle would eliminate the possibility of inconsistent adjudication of individual claims in this or other forums. [Plaintiffs' Brief at 23].

Plaintiffs' claims meet the Rule 23(b)(3) superiority requirement.

## CONCLUSION

For the reasons set forth above, I recommend that plaintiffs' motion for class certification of approximately 350 non-union employees of Duro-Test including (1) salaried management personnel; (2) engineers; (3) commissioned sales employees; and (4) support staff, be granted pursuant to Rule 23(a) and Rule 23(b)(3).

Pursuant to Local Civil Rule 72.1(c)(2), the parties have ten (10) days from receipt of this Report and Recommendation to file and serve objections.

Ronald J. Hedges
United States Magistrate Judge

original: clerk

cc: all addresses
Honorable Judge Hayden
file