**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE SHEINBERG and GILES HAZEL, on behalf of themselves and others similarly situated, | Civil Action No. 00-6041 |
| Plaintiffs | OPINION |
| v. | |
| ROBERT SORENSEN; DUROLITE INTERNAITONAL, INC.; LITETRONICS INTERNATIONAL, INC., | FILED MAY 15 2002 AT 8:30___M WILLIAM T. WALSH, CLERK |
| Defendant. | |

**KATHARINE S. HAYDEN, U.S.D.J.**

Plaintiffs Lawrence Sheinberg and Giles Hazel brought suit against Robert Sorensen, Durolite International, Inc. and Litetronics International, Inc. for paychecks and commission checks they or their co-workers were due when the Duro-Test plant in Clifton, New Jersey was closed without notice. Plaintiffs now seek certification of a class of 350 non-union employees of Duro-Test. The class would include salaried managers, engineers, commissioned sales personnel and support staff affected by the plant closing. Plaintiffs allege that defendants (1) failed to pay wages, sales commissions and benefits; (2) failed to make health insurance premium payments and maintain health coverage; and (3) failed to provide timely notice of the Duro-Test plant closing. Plaintiffs sue for breach of fiduciary, statutory and common law duties.

On May 25, 2001, plaintiffs filed a notice of motion for class certification. This Court referred the motion to United States Magistrate Ronald J. Hedges for a Report and

1

ENTERED ON THE DOCKET

MAY 16 2002

WILLIAM T. WALSH, CLERK
By_____ (Deputy Clerk)

Recommendation R&R). On March 5, 2002, Judge Hedges filed a report, recommending that the plaintiff's motion for class certification of approximately 350 non-union employees of Duro-Test including (1) salaried management personnel; (2) engineers; (3) commissioned sales employees; and (4) support staff, be granted pursuant to Rule 23(a) and 23(b)(3). Defendants Robert Sorensen and Litetronics International, Inc. (Litetronics) filed objections to certain parts of the Report and Recommendation. Defendant Durolite International also submitted a letter in further support of Sorensen and Litetronics' position.

This Court's review of the Magistrate Judge's R&R and the related objections to the R&R is governed by Local Civil Rule 72.1(a)(2) and 72.1(c)(2).[1] In accordance with the Rules, the Court "shall make a *de novo* determination of those portions [of the R&R] to which objection is made and may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The Judge, however, need not normally conduct a new hearing and may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record." L.Civ. R. 72.1(c)(2); Zinberg v. Washington Bancorp., Inc., 138 F.R.D. 397, 401 (D.N.J. 1990)(holding that the court makes a *de novo* review of the parts of the report to which the parties object); see also Magicorp. v. Kinetic Presentations, Inc., 718 F. Supp. 334, 335 (D.N.J. 1989).

---

[1] The Comments provide that "[s]ome matters are not clearly dispositive or non-dispositive, and a closer look at the impact on the litigation as a whole is required to resolve the question of the appropriate standard of review." (Cmt 4 to Rule 72.1(c)(citing Sherman v. Wellbrock, 761 F. Supp. 1135, 1141 (D.N.J. 1991).) A motion for class certification has been deemed a dispositive motion. See Zinberg v. Washington Bancorp., Inc., 138 F.R.D. 397, 401 (D.N.J. 1990). Because a denial of class certification will effectively dispose of this case for some members of the potential class, this motion merits a *de novo* review for the portions of the Report and Recommendation which garnered objections.

2

Defendants Sorensen and Litetronics object to Judge Hedges' R&R, which granted plaintiff's motion for class certification based on a finding that the plaintiffs meet the four requirements of Rule 23: numerosity, commonality, typicality and adequacy of representation. For a class action to be maintainable it must also meet the requirements of one subsection of Rule 23(b); plaintiffs invoked Rule 23(b)(3), and Judge Hedges found that plaintiffs met its requirement. The Court will review both rulings *de novo*.

Defendants state that plaintiffs cannot meet the requirements of both 23(a) and 23(b)(3). They object to Hedges' findings on the basis of numerosity, commonality, predominance, typicality and adequacy of representation.

**Rule 23(a)**

Plaintiffs seek class certification under 23(a), which requires that plaintiffs demonstrate (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Under 23(b), plaintiffs must meet the 23(a) requirements, and in addition demonstrate that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual class members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

**Numerosity**

Numerosity requires that the court find that the potential class is "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). Courts consider three factors in evaluating the impracticability of joinder: (1) the size of the proposed class; (2) the distribution of proposed class members over a large geographic area; and (3) the difficulty in identifying members of the class for joinder purposes. Smith v. Berg, 2001 U.S.Dist. LEXIS 15814, *7

3

(E.D.Pa. 2001).

Plaintiffs seek certification of a class, as noted above, of approximately 350 non-union Duro-Test employees. Included are salaried management personnel, engineers, commissioned sales force personnel and support staff. The sale force personnel are scattered across the country. Judge Hedges found that due to the large number of plaintiffs, and their geographic dispersal, joinder would be impracticable. This finding satisfies the numerosity requirement.

**Commonality and Typicality**

The Third Circuit has held that "[t]he concepts of commonality and typicality are broadly defined and tend to merge because they focus on similar aspects of the alleged claims." Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 182 (3d Cir. 2001)(internal quotations omitted). Commonality requires proof of "questions of law or fact common to the class." Rule 23(a)(2). To prove typicality, plaintiff must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Rule 23(a)(3). Commonality "provides the necessary glue among class members to make adjudicating the case as a class worthwhile." Newton, 259 F.3d at 182. Typicality "ensures the interests of the class and the class representatives are aligned so that the latter will work to benefit the entire class through the pursuit of their own goals." Id. (internal quotations omitted).

The Third Circuit has set a low threshold for both commonality and typicality. The court recognized in Barnes v. American Tobacco Co., 161 F.3d 127, 141 (3d Cir. 1998) that claims based on a common course of conduct satisfy typicality, and in In re Sch. Asbestos Litig., 789 F.2d 996, 1010 (3d Cir. 1986) that "the threshold of commonality is not high" (internal quotations omitted). The Third Circuit does, however, require that courts evaluate the two

elements separately. 259 F.3d at 183.

### Commonality

Plaintiffs satisfy commonality if they demonstrate that "the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." Newton, 259 F.3d at 182 (internal quotations omitted). Judge Hedges found that the purported class members in the instant case share multiple issues of law and fact. He identified the following among the common issues of law: (1) the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.; (2) the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101 et seq.; (3) the New Jersey Wage Payment Statute, N.J.S. 34:11-4.2, et seq., and (4) tortious conversion under New Jersey common law. Judge Hedges identified as among the common issues of fact, whether plaintiffs are due compensation due to Sorenson's actions in closing Duro-Test without warning and failing to pay its employees for wages and commissions earned during the last pay period, and for dispensing money withheld from employee paychecks for 401(k) plans and health insurance benefits.

### Typicality

As explained above, the typicality inquiry "requires the court to determine whether the named plaintiff's individual circumstances are markedly different or . . .the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based." Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 923 (3d Cir. 1992)(internal quotations omitted). The Third Circuit has recognized that "factual differences among the claims of the putative class members do not defeat certification." Baby Neal v. Casey, 43 F.3d 48, 56 (3d Cir. 1994).

Judge Hedges found that the named plaintiffs, Sheinberg and Hazel, were non-union employees at Duro-Test's plant in Clifton, New Jersey, as were the putative class members. He also found that plaintiffs' claims and the class members' claims arise from the same event and the same course of conduct, and differ only in individual facts. Plaintiffs have satisfied typicality.

The Court adopts Judge Hedges' findings, to which he properly applied the legal inquiries set forth above. Plaintiffs have satisfied the requirements of commonality and typicality.

**Adequacy of Representation**

Rule 23(a)(4) requires that the class representative must "fairly and adequately protect the interests of the class." The Third Circuit has found that the requirements of Rule 23(a)(4) are met if (1) plaintiffs' attorneys are qualified, experienced, and generally able to conduct the litigation; and (2) the plaintiffs' interests are not antagonistic to those of other members of the class they seek to represent. Hoxworth, 980 F.2d at 923.

Plaintiff has retained Schnader Harrison Segal, L.L.P. to serve as legal counsel. Judge Hedges noted that the firm has extensive litigation experience, and has represented classes in lawsuits involving varied fields, located in multiple regions of the country. Robert Bodzin, of counsel on this case, has twenty years of experience in complex litigation cases, and has represented clients in corporate cases, commercial insurance claims and coverage cases, and professional liability cases, among others. Based on counsel's extensive litigation experience, and Schnader's extensive class action experience, the Court agrees with Judge Hedges' finding that counsel satisfies the second prong of the adequacy of representation element.

Defendants have not demonstrated, or even argued, that plaintiffs' interests are

6

antagonistic to those of the class, and the Court will not disturb Judge Hedges' conclusion that plaintiffs do not have interests antagonistic to the purported class.

**Rule 23(b)(3)**

Class certification must satisfy Rule 23(b)(3)'s requirement that first, Rule 23(a) is satisfied, and second, that plaintiff show both "predominance" and "superiority." See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 615 (1997). The predominance inquiry requires that "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Rule 23(b)(3). The superiority inquiry requires plaintiffs to demonstrate "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Rule 23(b)(3). Rule 23(b) provides a nonexclusive list of factors provided in Rule 23(b)(3) for the courts to consider in determining whether plaintiffs have demonstrated predominance and superiority:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

As the Third Circuit has noted, "[i]ssues common to the class must predominate over individual issues, and the class action device must be superior to other means of handling the litigation." Johnston v. HBO Film Management, 265 F.3d 178, 185 (3d Cir. 2001)(citations omitted).

Predominance

The Third Circuit has explained that "the presence of individual questions does not per se

rule out a finding of predominance." (Krell v. Prudential Ins. Co. of Am., 148 F.3d 283, 315 (3d Cir. 1998)). See also Barnes v. American Tobacco Co., 161 F.3d 127, 141 (3d Cir. 1998)("Factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory."(citation omitted)).

Judge Hedges' properly applied these legal principles to plaintiffs' claims against Duro-Test Corporation for violation of the FLSA, ERISA, WARN and state law. As he noted these claims all address the same action conduct on the part of Duro-Test and address significant issues common to the class, that are central to the lawsuit. Facts specific to individual plaintiffs will not be the key to determining defendants' liability. Judge Hedges recognized that "while damages for each class member may prove to be different, this fact alone should not preclude class certification when common issues concerning liability predominate." Weikel v. Tower Semiconductor Ltd., 183 F.R.D. 377, 399 (D.N.J. 1998). Additionally, plaintiffs state that defendants' liability does not rest upon the plaintiffs' individual circumstances in this case. Rather, as Judge Hedges found, defendants' liability depends on a determination regarding the claims of a cohesive class, who share claims involving common questions of law and fact.

Superiority

Plaintiffs must satisfy the superiority requirement in addition to that of predominance. Rule 23(b)(3) requires, as stated, that the class action represents the method "superior to [the ] other available methods for the fair and efficient adjudication of the controversy." Id.; Johnston v. HBO Film Management, Inc., 265 F.3d 178, 194 (3d Cir. 2001). Judge Hedges found that the class action is a superior means of bringing this suit because it is more efficient, and there are

8

many plaintiffs who will clearly save litigation costs by suing as a class for awards they concede may be "relatively small" per person in comparison to the costs of individual litigation.

These facts amply support Judge Hedges' decision that a class action is a superior means by which to bring this case. The 12(b)(3) superiority requirement is met.

## CONCLUSION

For the foregoing reasons, the Court accepts the Report and Recommendation of United States Magistrate Judge Ronald J. Hedges in its entirety. Plaintiff's motion is **granted**.

**Katharine S. Hayden, U.S.D.J.**

5/14/02