(Precede with Divider #6)

6.    EXPERT WITNESSES: (No expert shall be permitted to testify at trial unless
      identified below by name and address and unless the expert's curriculum vitae
      and report are attached hereto. An expert's qualifications may not be questioned
      unless the basis therefor is set forth herein.)*

      A.    Plaintiff: None

      B.    Defendant's objections to plaintiff's expert qualifications:

      C.    Defendant: None

      D.    Plaintiff's objections to defendant's expert qualifications:

\* If the parties stipulate to an expert's qualifications there is no need to attach a
curriculum vitae. In any event, however, the expert's report must be attached.

7

(Precede with Divider # 7)

7. DEPOSITION: Not later than thirty (30), any party seeking to offer evidence by deposition shall so advise the opposing parties. Within 14 days thereof, all parties are directed to prepare a joint agreed statement,       in narrative form, of the testimony which would be given by the deponent if called under oath. No colloquy between counsel shall be included. The agreed statement is not a concession of the factual accuracy of the deponent's testimony. Absent prior leave of Court, no deposition testimony may be offered except as provided herein.

Within 14 days of the first date above, the parties shall simultaneously exchange and submit to the Court any objections to the deposition testimony proposed above. The objections shall note, separately as to each such challenged portion of the deposition, applicable cases or rules which underlie the objection. If a party fails to comply with this paragraph, the challenged deposition testimony shall be deemed admitted.

8

(Precede With Divider #8)

6.    EXHIBITS:  (Except for exhibits the need for which could not reasonably have
      been foreseen or which are used solely for impeachment purposes, only the
      exhibits set forth on the exhibit list attached hereto may be introduced at trial.
      Objections to authenticity are deemed waived unless such objections are set
      forth).*

      A.    Plaintiff:  SEE ATTACHED EXHIBITS OF PLAINTIFFS

      B.    Defendant's objections to authenticity:  *None but below*

            Defendants object to the following proposed Defendants Exhibits:
            1.    No 11 based on an incomplete description of the exhibit
            2.    No. 81 as it is unknown who wrote the letter to Wasserman.
            3.    No. 92 based on an incomplete description of the exhibit

      C.    Defendant:  SEE ATTACHED EXHIBIT OF DEFENDANTS

      D.    Plaintiff's objections to authenticity:  *None*

* The exhibit lists should follow this page.

14

## PLAINTIFFS' EXHIBITS

| No. | Bates No. | Document | Date |
|---|---|---|---|
| 1. | D 00002 | Litetronics Organizational Biography | |
| 2. | D 00004 | Durolite International organizational chart | |
| 3. | D 00889 | Durolite International organizational chart | |
| 4. | D 00933-00943 | UCC-1 Forms for Duro-Test Corporation | |
| 5. | D 01313-01318 | Draft of Duro-Test Liabilities | |
| 6. | D 01658-01659 | GE Proposal Summary | |
| 7. | D 01703 | Organizational chart of Durolite International, Inc. | |
| 8. | D 01709-01710 | Congress Financial Corporation Term Sheet for Duro-Test Corporation | |
| 9. | D 00889-90 | Organizational Chart of DuroLite and Shareholders of Record | |
| 10. | D 00283-00310 | Durolite International, Inc. Investor Shareholders' Agreement | 10/30/95 |
| 11. | D 00092-00094 | Summary of Meeting of | 11/27/95 |
| 12. | D 00165-00178 | Fax from LiteTronics (Boyd Corbett) to Sorensen re: Distribution Sales Plans | 12/12/95 |
| 13. | D 00179-00181 | Agenda for Litetronics International Alsip, IL meeting of 12/15/95 | 12/13/95 |
| 14. | D 00182-00183 | Litetronics/Duro-Test Meeting Summary of | 12/15/95 |
| 15. | D 01941-01942 | Fax memorandum from Duro-Test (Ken Budesa) to Schaechter re: insurance information requests | 1/5/96 |
| 16. | D 01943 | Fax memorandum from Budesa to Schaechter re: insurance | 3/18/96 |
| 17. | D 01961-01978 | Memo from Duro-Test (Richard G. Young, Jr.) to Schaechter re: obsolete Duro-Test products | 4/4/96 |
| 18. | D 01212-01213 | Letter from LaSalle Capital Group, Inc. (Anthony R. Pesavento) to Fleet Capital (David M. Fiorito) re: ATNW covenant in loan agreement | 5/2/96 |
| 19. | D 01997-02000 | Fax from Duro-Test (L.L. Purzycki) to Litetronics (Lisa Borelli) re: Halogen Pars | 5/16/96 |
| 20. | D 01979-01982 | Fax from Schaechter to Duro-Test (Giles Hazel) re: price list | 10/24/96 |
| 21. | D 01823 | Fax from Schaechter to Duro-Test (Kersting) re: Duro-Test salespeople | 10/29/96 |
| 22. | D 01822 | Fax from Schaechter to Duro-Test (Edgar Quiling) re: delay of shipments | 11/5/96 |
| 23. | D 01826 | Fax from Schaechter to Duro-Test (Jorge Rohr) re: upset customers | 11/8/96 |

| 24. | D 01820-01821 | Fax from Duro-Test (Kert Kersting) to Schaechter re: sale of 20,000 hour incandescent line | 11/11/96 |
|---|---|---|---|
| 25. | D 01824 | Fax from Schaechter to Duro-Test (Larry Shcinberg) re: potential customer from Sweden | 11/14/96 |
| 26. | D 01829 | Fax from Schaechter to Duro-Test (John Andreacci) re:  unpaid invoices | 11/21/96 |
| 27. | D 01214-01217 | Memo from Sorensen to Fleet Bank (Mike Scolaro) re: Durolite International 10/24/97 meeting agenda | 10/20/97 |
| 28. | D 01193-01198 | Memo from Sorensen to Fleet Bank (Mike Scolaro) re: Durolite International 10/24/97 meeting agenda | 10/23/97 |
| 29. | D 02041-02046 | Fleet Capital Visit Agenda | 7/10/98 |
| 30. | D 00780-00792 | Durolite International, Inc. presentation Prepared for Fleet Bank | 11/23/98 |
| 31. | D 00724-00736 | KPMG Duro-Test Corporation 401(K) Plan Financial Statements and Supplemental Schedule December 31, 1998 and 1997 | 12/31/98 |
| 32. | D 00005-00007 | Horizon Blue Cross/Blue Shield of NJ POS Benefits for Duro-Test Corp. updated | 4/1/99 |
| 33. | D 00038-00088 | Draft DuroLite International, Inc. Information Memorandum by BTAlex.Brown dated | 4/99 |
| 34. | D 00462-00570 | DuroLite International Information Memorandum of BTAlex.Brown for | 4/99 |
| 35. | D 00872-00879 | Waiver and Amendment No. 7 to Loan and Security Agreement | 4/13/99 |
| 36. | D 01036-01058 | Waiver and Amendment No. 7 to Loan and Security Agreement | 4/13/99 |
| 37. | D 00737-00779 | DuroLite International Investor Presentation May 1999 | 5/99 |
| 38. | F 003051-3054 | Letter agreement among Baker, Fentress & Company, Durolite International, Inc. and Fleet Capital Corporation | 6/23/99 |
| 39. | D 01706-01707 | News release re: Duro-Test Names Richard Crossland President and CEO | 8/31/99 |
| 40. | D 01766-01776 | Litetronics International, Inc. company profile, including top suppliers, banks, references, etc. | 9/7/99 |
| 41. | D 41047-41069 | Letter from Schwartz Cooper (Greenberger) to Paul, Hastings (Ippolito) re: GECC-Durolite Facility Legal Due Diligence Request | 9/27/99 |
| 42. | D 00681-00722 | DuroLite International Investor Presentation | 10/99 |
| 43. | D 01218-01249 | Fax from Paul, Hastings, Janofsky & Walker LP (Richard B. Furey) to DuroLite, Litetronics, et al. with attached draft Exhibits to the Credit | 10/7/99 |

|     |                   | Agreement                                                                                                                                                    |          |
| --- | ----------------- | ------------------------------------------------------------------------------------------------------------------------------------------------------------ | -------- |
| 44. | D 01662-01667     | Letter to Sorensen from GE Lighting (Alessandra Pavolini) with attached Letter of Intent to acquire DuroLite                                                  | 10/8/99  |
| 45. | D 01780-01783     | Confidentiality Agreement between Sorensen (Duro-Test Corporation) and Lawson Products, Inc. (Robert Washlow)                                                 | 10/13/99 |
| 46. | D 01669-01673     | Letter agreement between GE Lighting and Durolite International re: acquisition of Duro-Test                                                                  | 10/26/99 |
| 47. | D 01089-01091     | Letter of intent of Sorensen to purchase all outstanding shares of capital stock of Litetronics International, Inc. and Duro de Mexico                        | 11/8/99  |
| 48. | D 01308-01312     | Draft of Duro-Test Corporation Cash Projections/availability through January 21, 2000 by Lissner Associates, Ltd.                                            | 11/8/99  |
| 49. | D 01257-01281     | Memo from Crossland to Sorensen et al re: Cash Flow                                                                                                          | 11/12/99 |
| 50. | D 01908-01910     | Letter from Crossland to Sorensen et al re: immediate payment of Overadvance                                                                                 | 11/15/99 |
| 51. | D 00333-00340     | Letter from Crossland to Kovary with attached forecasts for P&L and balance sheets for Duro-Test and Aura                                                    | 12/1/99  |
| 52. | D 01711-01715     | Letter from Crossland to PPM Finance Inc., (John Brignola) with attached forecast for P&L and balance sheets for Duro-Test and Aura                          | 12/2/99  |
| 53. | D 01279-01280     | Letter proposal to Sorensen from Heico Acquisitions re: acquiring assets of Duro-Test International, Inc.                                                     | 12/20/99 |
| 54. | D 01698-01699     | Letter proposal to Sorensen from Heico Acquisitions re: acquiring assets of Duro-Test International, Inc.                                                     | 12/20/99 |
| 55. | D 00323-00332     | Draft cash flow projection of Duro-Test Corporation                                                                                                          | 12/29/99 |
| 56. | D 00319-00322     | EBITDA Adjustments; letter from Richard Crossland to Heico Acquisitions (Damien Kovary) and Pettibone LLC (Chris Yunkum) with Balance Sheet for Duro-Test as of 9/99 | 1/5/00   |
| 57. | D 00891-00892     | Richard J. Crossland Announcement                                                                                                                            | 1/7/00   |
| 58. | D 00913-00932     | Stock Purchase Agreement between World Lighting Investment Co. and Durolite International, Inc.                                                               | 1/25/00  |
| 59. | D 00944-00954     | Interim Services and License Agreement between Litetronics International, Inc., Durolite International, Inc., and Duro-Test Corporation                        | 1/25/00  |
| 60. | D 00955-          | Option Agreement between World Lighting                                                                                                                       | 1/25/00  |

| | 00964 | Investment Co., Durolite International, Inc, Duro-Test Corporation, and Duro-Test International | |
|---|---|---|---|
| 61. | D 00965-00977 | Litetronics International, Inc. Supply Agreement between Litetronics International, Inc., Duro-test Corporation, Duro de Mexico, S.A. de C.V., and Duro-Test Canada, Inc. | 1/25/00 |
| 62. | D 00978-00990 | Duro-Test Corporation Supply Agreement between Duro-Test Corporation, Duro de Mexico, S.A. de C.V., and Litetronics International, Inc. | 1/25/00 |
| 63. | D 00991-01019 | Forbearance Agreement between Durolite International, Inc., Litetronics International, Inc, Litetronics Technologies, Inc., Litetronics Discharge, Inc., Litetronics Components, Inc., Duro-Test Corporation, Duro-Test Canada, Duro-Test International Corporation, Durolite, Duro-Test Japan, Inc., Duro de Mexico, S.A. de C.V., Litetronics FSC, Inc. and Duro Canada and Fleet Capital Corporation | 1/25/00 |
| 64. | D 01892-01906 | Pledge Agreement between Durolite International, Inc. in favor of Sorensen as agent for Fleet Capital Corporation | 1/25/00 |
| 65. | D 01836-01851 | Handwritten notes and letter from Crossland to Yunkun re: visit to Mexican division | 1/31/00 |
| 66. | D 01796 | Letter from Crossland to Pettibone LLC (Kevin Shudy) enclosing items from due diligence request | 2/11/00 |
| 67. | D 01799-01804 | Fax to Sorensen from Peggy Lupi with attached letter to Dennis Rebman of 9/23/99 and list of equipment and parts sent to Duro de Mexico with values | 2/14/00 |
| 68. | D 01065-01072 | Letter from Sorensen giving immediate notice of resignation as director and officer of all Duro companies | 2/21/00 |
| 69. | D 01907 | Letter from Sorensen to Rebman confirming Fleet Capital will pay outstanding obligations for Duro-Test | 2/21/00 |
| 70. | D 01096-01099 | Fax from Sorensen to Fleet Capital (Dennis Rebman) with attached agreement between Fleet and DuroLite International, Inc. re: certain debts of Duro-Test Corporation | 3/2/00 |
| 71. | F 018228-18329 | Fax from U.S. Dept. of Labor (Sutherland) to Drew Cardonick, Esq. with attached summaries of unpaid wages | 3/16/00 |
| 72. | D 01917-01920 | Letter agreement between Fleet Capital Corporation and DuroLite International regarding debts of Duro-Test | 3/23/00 |
| 73. | F 018428- | Fax from Sutherland to Cardonick with attached | 3/28/00 |

| | 18458 | summary of unpaid wages of Duro-Test employees | |
|---|---|---|---|
| 74. | D 40945-40981 | Duro-Test Corporation Employees Pension Trust | 3/31/00 |
| 75. | D 00161-00164 | Letter from Sorensen to Fleet Capital (Frank Melazzo) with attached Order Assessing Personal Liability from Minnesota Department of Revenue | 4/5/00 |
| 76. | D 01301-01304 | Fax from Morton to Sorensen et al. with attached letter of intent for purchase capital stock of Duro Mexico and Duro-Test International | 4/27/00 |
| 77. | D 01913-01920 | Letter from Jacobi to Solow and Cardonick re: procedure for Fleet to pay expenses in 3/23/00 letter agreement | 4/27/00 |
| 78. | F 018832 | Memo from Wasserman to Schartzkopf, et al. re: memos about sales reps owed by Durotest | 5/3/00 |
| 79. | D 00159-00160 | Term letter from Morton to Wasserman with cc. to Robert Sorensen re: Duro de Mexico, S.A. de C.V. | 5/5/00 |
| 80. | D 01298-01300 | Fax from Greenberg Traurig (Paul K. Morton) to Sorensen et al. with attached revised proposal for purchase of capital stock of Duro Mexico by Energy & Lighting Investments, Inc. | 5/8/00 |
| 81. | F 019164-19205 | Letter from former Duro Test International to Wasserman re: monies owed | 5/12/00 |
| 82. | D 01281 | Letter from Sorensen to Wasserman, Jurista & Stoltz (Robert B. Wasserman) with enclosed revised offer for Duro de Mexico and other Durotest assets | 5/15/00 |
| 83. | D 01285-01297 | Fax from Sorensen to Curt Kesselring with attached letter agreement for revised terms of proposed purchase of all capital stock of Duro Mexico by Energy & Lighting Investments, Inc. | 5/15/00 |
| 84. | F 01888-18891 | Letter from Jacobi to Solow re: Fleet payment of invoice for insurance | 5/15/00 |
| 85. | F 018953-18955 | Letter from Wasserman to Cardonick re: Sorensen's liquidation analysis | 5/18/00 |
| 86. | D 01282-01284 | Fax from Sorensen to A. Jamie Schupp with attached resignations of director and officer of DuroLite Europe Holdings, Inc. of Sorensen and Schaechter | 6/2/00 |
| 87. | D 02031-02036 | Letter from Missner to Goldberg Kohn (Alan Solow) re: Sorensen signing blank checks on Puerto Rican account | 7/11/00 |
| 88. | F 019479-19496 | Fax from Bill Speed to Dan Yablonski with attached schedule of amounts owed to employees | 8/23/00 |
| 89. | F 019606-19607 | Letter from Lowenstein Sandler (Rosen) to Wasserman re: Hearing of Sale of Assets | 9/11/00 |
| 90. | F 015826- | Interoffice memorandum from RBW to DJY  with | 9/18/00 |

|    | 015843 | attached schedule of wage claims | |
|----|--------|----------------------------------|----|
| 91. | D 00853 | Letter from Piper Marbury Rudnick & Wolfe (David N. Missner) to Goldberg Kohn (Alan Solow) re: payment of secured debt | 1/24/01 |
| 92. | D 00813-00828 | Duro-Test Loan Balances as of | 2/27/01 |
| 93. | D 00009-00037 | Fax from Pagano to Moshang with attached Duro Test Rejected Claims for 2/23/00-4/30/00 | 10/24/02 |

94. Summary doc. of Plaintiffs' damages to be produced to Defendant w'in 30 days of 2/21/06. Defendant may object to authenticity at that time. M. W

6

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE SHEINBERG and GILES HAZEL, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT SORENSEN, DUROLITE INTN'L, and LITETRONICS INTERNATIONAL, INC.<br><br>Defendants. | ) <br> ) <br> ) <br> ) Action No. CIV 00-6041 CKSH <br> ) <br> ) Hon. Jose L. Linares, U.S.D.J. <br> ) <br> ) Hon. Ronald J. Hedges, U.S.M.J. <br> ) <br> ) <br> ) <br> ) |

**Defendants' Exhibit List**

Defendants submit the following list of Exhibits that they may introduce at trial.

1. Loan and Security Agreement by and between Durolite International, Inc.,
   Litetronics International, Inc., Litetronics Technologies, Inc., Litetronics
   Discharge, Inc., Litetronics Components, Inc., Duro-Test Corporation, Duro-Test
   Canada, Inc., Duro-Test International Corporation and Shawmut Capital
   Corporation, dated October 31, 1995

2. Agreement between Shawmut Capital (subsequently known as Fleet Financial)
   and Duro-Test Corporation arranging for the "lock box" to receive all checks,
   drafts, notes and other negotiable instruments received and processed through
   CashFlex LP and requiring deposit into Account No. 3027552417 dated October
   31, 1995

3. Directors resolution approving Crossland to negotiate and conclude the sale of Litetronics dated January 17, 2000

4. Interim Services and License Agreement between Litetronics International, Inc., Durolite International, Inc., and Duro-Test Corporation dated January 25, 2000

5. Stock Purchase Agreement between World Lighting Investment Co., and Durolite International, Inc., dated January 25, 2000.

6. Overadvance Agreement and Amendment No. 8 betweein Fleet Capital Durolite International, Inc., Litetronics International, Inc., Litetronics Technologies, Inc., Litetronics Discharge, Inc., Litetronics Components, Inc., Duro-Test Corporation, Duro-Test Canada, Inc., Duro-Test International Corporation dated June 23, 1999

7. Subordinated, Last-Out Participation Agreement between Fleet Capital and various Participants, including Robert C. Sorensen dated June 23, 1999

8. Announcement of Appointment of Richard Crossland as CEO of Duro-Test

9. Supply Agreement between Litetronics International, Inc., and Duro-Test Corporation and other Duro-Test entitities dated January 25, 2000 bates range D00965-977

10. Administrative Services Agreement for Duro-Test Corporation entered into with Blue Cross and Blue Shield of New Jersey, Inc., dated October 18, 1994

11. Past Due Notice from Horizon Blue Cross and Blue Shield to Mr. Louis Szuchs dated February 23, 2000

12. Notice of Termination of Horizon Blue Cross and Blue Shield Coverage to Duro-Test employee customers advising of options dated March 8, 2000

13. Letter from Alessandra Pavolini of GE Lighting to Robert Sorensen, Chairman and CEO of Durolite International, Inc., regarding GE Lighting's letter of intent to purchase assets of Duro-Test dated October 8, 1999

14. Letter of Intent from Mike S. Zafirovski of GE Lighting to Robert Sorensen, Chairman and CEO of Durolite International, Inc., regarding GE Lighting's terms, conditions and due diligence for the purchase assets of Duro-Test dated October 8, 1999

15. Letter from Robert C. Sorensen to Robert Washlow regarding the solicitation of a transaction with Lawson Products, Inc., to purchase Duro-Test dated October 13, 1999.

16. Letter from Robert C. Sorensen to Mike S. Zafirovski regarding the confirmation of the letter of understanding between Durolite International/Duro-Test for the sale of Duro-Test assets to GE Lighting dated October 26, 1999

17. Letter of Intent from Robert C. Sorensen to the Durolite International Board of Directors regarding a proposed purchase of all of the stock of Litetronics International, Inc., and Duro de Mexico by Sorensen dated November 8, 1999

18. Memo from Richard J. Crossland to Messrs. Sorensen, Meyer, Pesavento, Smith, Stack and Steck regarding the reduction of cash availability by Fleet in the amount of $250,000.00 and his comments of the effect of such on Duro-Tests cash position dated November 12, 1999

19. Letter from Richard J. Crossland to Robert C. Sorensen regarding a letter that Duro-Test received from Fleet demanding immediate repayment of an overdadvance of funds and imposition of a default rate dated November 15, 1999

3

20. Letter from Fleet Capital to Robert C. Sorensen at Durolite International, Inc., regarding the over advance and imposition of default rate dated November 15, 1999

21. Memo and list of obsolete inventory sent from Richard G. Young at Duro-Test to Michael Schaechter at Litetronics International dated April 4, 1996

22. Letter from Richard Crossland to Fleet Capital Corporation advising that he was turning over all assets of Duro-Test to Fleet as the Company's secured lender, dated March 7, 2000

23. Letter from Fleet Capital to Durolite International, Inc., regarding Duro-Test's intended bankruptcy filing and Fleet Capital's commitment to fund certain Duro-Test expenses, dated March 23, 2000

24. Letter from Robert C. Sorensen to Board of Directors of DuroLite Europe Holdings, Inc., giving notice of resignation as director and officer (in all capacities), dated February 21, 2000

25. Letter from Robert C. Sorensen to Board of Directors of Duro-Test Corporation, Duro-Test Canada, Inc., Duro-Test International Corporation, Duro-Test Japan, Inc., and Duro de Mexico, S.A. de C.V., giving notice of resignation as director and officer (in all capacities), dated February 21, 2000

26. Letter from Robert C. Sorensen to Board of Directors of DuroLite International, Inc., giving notice of resignation as director and officer (in all capacities), dated February 21, 2000

27. Hard copy of email sent from Richard J. Crossland to Louis Mattina regarding the timeliness of applications of customer payments and credits in accounts receivable, dated January 25, 2000.

28. Hard copy email sent from Louis Mattina to Richard Crossland replying to Crossland's email regarding the timeliness of applications of customer payments and credits in accounts receivable, dated January 25, 2000

29. Letter from Robert B. Wasserman to Former Employees of DuroTest regarding proposed payment of claims for unpaid DuroTest employee claims dated September 28, 2000

30. Letter from Daniel Yablonsky of Wasserman, Jurista & Stolz to the Clerk of the United States Bankruptcy Court regarding Motion, Application and Proposed Order for Fixing and Allowing Priority Wage Claims dated September 27, 2000

31. Hard copy of email from Dennis Rebman to Philip Strauss, Alan Meier, Frank Melazzo, James Ridley, Jared Jackson, Deborah Evers, Michael Dianich and Robert Maroney regarding Duro-Test collateral and cash position dated February 10, 2000

32. Notes entry of Dennis Rebmann regarding Fleet not funding any further monies to Duro-Test except for liquidation dated February 16, 2000

33. Notes entry of Dennis Rebmann on various dates regarding attempts to sell Duro-Test produced in deposition of Rebmann

34. Letter from Robert C. Sorensen to Dennis Rebmann of Fleet Capital memorializing Fleet Capital's funding of Duro-Test obligations dated February 21, 2000

35. Hard copy text of voice mail announcement of Richard J. Crossland to Duro-Test employees regarding possible sale of Duro-Test dated January 7, 2000

36. Letter from Richard J. Crossland to Dennis Rebmann of Fleet Capital confirming Fleets agreements to meet certain Duro-Test obligations including payroll and insurance March 11, 2000

37. Various Duro-Lite Board of Directors Minutes, bates range D40515-604, covering meetings on various dates

38. Various Litetronics International, Inc., Board of Directors Minutes, bates range D40506-07 and D40495-505 covering various dates

39. Litetronics International Organizational Chart of Management bates no. SOR00001

40. Minutes of Litetronics / Duro-Test Meeting summary dated December 15, 1995 including notes of meeting dated November 27, 1995 bates range SOR00110-115

41. Agreement and Plan of Merger by and among Duro-Test Corporation and Certain of the Shareholders of Duro-Test Corporation and DuroLite International, Inc. and DuroLite Merger Sub II, Inc., dated October 31, 1995 bates range SOR00154-243

42. Litetronics International, Inc., and Subsidiaries Consolidated Financial Statement dated October 31, 1994 and 1993 bates range SOR00244-259

43. Hard copy of press release naming Richard J. Crossland as CEO of Duro-Test dated August 31, 1999

44. Litetronics International, Inc., Organizational Biography bates no. D00002

45. Durolite International, Inc., Organizational Chart bates no. D00004

46. Durolite International, Inc., Organizational Chart bates no. D00889

6

47. Draft of Duro-Test Liabilities bates range D00933-943

48. Summary of GE Lighting proposal to purchase Duro-Test assets bates range D01658-59

49. Congress Financial Term Sheet for Duro-Test refinancing dated January 28, 2000 bates range D01709-10

50. Durolite International, Inc., Organizational Chart post Duro-Test bankruptcy filing and Shareholders of Record bate range D00889-90

51. Durolite International, Inc., Investor Shareholder's Agreement dated October 30, 1995 bates range D00283-310

52. Memo from Robert C. Sorensen to Mike Scalaro at Fleet Financial regarding financing matters dated October 23, 1997 bates range D01214-17

53. Memo from Robert C. Sorensen to Mike Scalero at Fleet Financial regarding bank fiancing and 1998 budgets dated October 23, 1997 bates range D01193-98

54. Durolite International, Inc., Information Memorandum of DT Alex Brown dated April of 1999 bates range D00462-570

55. Waiver and Amendment No. 7 to Loan and Security Agreement 4/13/99

56. Durolite International Investor Presentation May of 1999 bates range D00737-779

57. Baker Fentress letter to Fleet Capital regarding agreements related to overadvance dated June 23, 2000 bates range F003051-54

58. Draft financing documents in connection with GE Capital proposed financing of Duro-Test

59. Forebearance Agreement between Durolite International, Duro-Test Corporation, Litetronics International, Inc., and various Duro-Test entities as parties to the

Fleet Financing Agreement and Fleet Financial dated January 25, 2000 bates range D00991-1019

60. Letter from Richard J. Crossland to Pettibone LLC enclosing items responsive to due diligence requests for possible acquisition of Duro-Test dated February 11, 2000 bates no. D01796

61. Letter from Sorensen to Rebmann confirming Fleet Capital's payment of outstanding obligations of Duro-Test dated February 21, 2000 bates no. D01907

62. Fax from Sorensen to Dennis Rebmann with attached agreement between Durolite International, Inc., and Fleet regarding handling of certain debts of Duro-Test Corporation dated March 2, 2000 bates range D01096-99

63. Letter from Paula Jacobi to Alan Solow and Drew Cardonick re: procedures to Fleet to pay expenses related in Fleet Capital's letter of March 23, 2000 dated March 28, 2000 bates range D01913-20

64. Letter from Jacobi to Alan Solow regarding Fleet Financial regarding payment of insurance invoice dated May 15, 2000 bates range D01888-891

65. Memorandum from Robert C. Sorensen to Duro-Test Employees regarding merger of Litetronics International and Duro-Test into Durolite International, Inc. dated November 3, 1995.

9

(Precede with Divider # 9)

7.    SINGLE LIST OF LEGAL ISSUES:  (All issues shall be set forth below.  The parties need not agree on any issue.  Any issue not listed shall be deemed waived.)

Plaintiffs' Legal Issues

1.    Whether the Sorensen exercised control over the Plan assets in order to render him a "fiduciary" for purposes of imposing ERISA liability;

2.    Whether Duro-Test and Litetronics were a "single employer" for purposes of imposing ERISA liability;

3.    Whether the Plan assets were or were not placed in the Fleet lockbox and whether those Assets were co-mingled with accounts receivable.

4.    Whether Defendants were a "single employer" for purposes of imposing FLSA liability;

5.    Whether the activities of Durotest and Litetronics were controlled by the Board of Directors of Durolite, the Chairman of which was Sorensen;

6.    Whether Sorensen was actively engaged in the management of Duro-Test despite the fact that Crossland had become the CEO;

7.    Whether Defendants were responsible for making the banking arrangements;

8.    Whether the corporation functioned primarily for Sorensen's profit

9.    Whether Defendants had supervisory authority over Plaintiffs.

10.    Whether Defendants are "single employers" for purposes of imposing WARN Act liability;

11.    Whether Defendants are entitled to the "unforeseeable business circumstances" or the "faltering company" affirmative defenses.

12.    Whether Defendants converted the payroll deduction of the Duro-Test employees designated for health insurance benefits for the benefit of the general creditors of Duro-Test.

15

13.     Whether Sorensen was an "officer" of Duro-Test at the time of the plant
closing for imposition of liability pursuant to the New Jersey Wage Payment
Statute.

A.      Defendants' List of Legal Issues

**Defendants Object to the Above Legal Issues in that they state
facts except for Nos. 1,2,4,10 and 11 and therefore submit the
following, in lieu thereof:**

a)   Whether Sorensen was a fiduciary of the Duro-Test Health Care

Plan as defined under 29 U.S.C. § 1002(21)(A)(iii).

b)   Whether Litetronics is an "employer" under FLSA, 29 U.S.C §

203(d) in relationship to the plaintiff class.[*]

c)   Whether Sorensen is an "employer" under FLSA 29 U.S.C §

203(d) in relationship to the plaintiff class.

d)   Whether Sorensen exercised operational control over Duro-Test

employees and was personally responsible for the decision to not

pay Duro-Test employees.

e)   Whether Litetronics had any duty to provide notice under the

WARN Act pursuant to 29 U.S.C. § 2102(a).

f)   Whether Sorensen had any duty to provide notice under the

WARN Act pursuant to 29 U.S.C. § 2102(a).

---

[*] Same legal issue exists as to claims asserted under New Jersey State law

g)  Whether Defendants are entitled to affirmative defenses precluding
    liability for any alleged WARN Act violation under the exceptions
    of "unforeseeable business circumstances" 29 U.S.C. §
    2102(b)(2)(A); and the "faltering business" exception 29 U.S.C. §
    2102(b)(1)

h)  Whether Sorensen or Litetronics wrongfully exercised dominion
    and control over another's property.

10

(Precede with Divider # 10)

8.    CONCLUSION

A.    MISCELLANEOUS:  (Set forth any matters which require action or
should be brought to the attention of the Court.)

B.    TRIAL COUNSEL:  (List the names of trial counsel for all parties.)

Plaintiffs:

Robert B. Bodzin, Esquire

Mary J. Walk, Esquire

Defendants:

Gerald Krovatin

Kevin R. Krantz, pro hac vice

C.    JURY TRIALS:

Not later than ~~twenty (20)~~ 30 days prior to trial:

1.    Each party shall submit to the District Judge and to
opposing counsel a trial brief in accordance with
Local Civil Rule 7.2 (b) (SEE ATTACHED
"RIDER ON LENGTH OF BRIEFS") with citations
to authorities cited and arguments in support of its
position on all disputed issues of law.  THE BRIEF
SHALL ALSO ADDRESS ANY ANTICIPATED
EVIDENCE DISPUTE.  In the event a brief is not
submitted, the delinquent party's pleading may be
stricken.

2.    Any hypothetical questions to be put to an expert
witness on direct examination shall be submitted to
the District Judge and to opposing counsel.

3.    Each party shall submit to the District Judge and to
opposing counsel proposed voir dire.

4.    Plaintiff shall submit to opposing counsel, in
writing, proposed jury instructions.  Each
instruction shall be on a separate sheet of legal sized

18

paper and shall be numbered in sequence.  Each instruction shall include citations to authorities, if any.

Within 7 days of the above, opposing counsel shall, on the face of the instructions submitted by plaintiff, set forth any objections to the proposed jury instructions and/or proposed counter-instructions.

D.      NON-JURY TRIALS:

Not later than _____

1.      Each party shall submit to the Direct Judge and to opposing counsel a trial brief in accordance with Local Civil Rule 7.2(b).  (SEE ATTACHED "RIDER ON LENGTH OF BRIEFS") with citations to authorities cited and arguments in support of its position on all disputed issues of law.  THE BRIEF SHALL ALSO ADDRESS ANY ANTICIPATED EVIDENCE DISPUTE.  In the event a brief is not submitted, the delinquent party's pleading may be stricken.

2.      Any hypothetical questions to be put to an expert witness on direct examination shall be submitted to the District Judge and the opposing counsel.

3.      Proposed Findings of Fact and Conclusions of Law shall be submitted to the District Judge and to opposing counsel after the close of evidence.  These shall include annotations to trial transcripts and exhibits.

E.      BIFURCATION:  (When appropriate, liability issues shall be severed and tried to verdict.  Thereafter, damage issues will be tried to the same jury.)

F.      ESTIMATED LENGTH OF TRIAL:

Four (4)  to six (6) days for liability and

One (1) days for damages.

G.      TRIAL DATE:_____   _____

19

One (1) days for damages.

G. TRIAL DATE: _____

6|26|06

AMENDMENTS TO THIS FINAL PRETRIAL ORDER SHALL NOT BE
PERMITTED UNLESS THE COURT DETERMINES THAT MANIFEST INJUSTICE
WOULD RESULT IF THE AMENDMENT IS DISALLOWED. THE COURT MAY
FROM TIME TO TIME SCHEDULE CONFERENCE AS MAY BE REQUIRED
EITHER ON ITS OWN MOTION OR AT THE REQUEST OF COUNSEL.

(Attorney for Plaintiff)

Gerald Krovatin
(Attorney for Defendants)

Kevin K. Krantz (Attorney for Defendants)

Ronald J. Hedges
United States Magistrate Judge

One (1) days for damages.

G. TRIAL DATE: _____

AMENDMENTS TO THIS FINAL PRETRIAL ORDER SHALL NOT BE
PERMITTED UNLESS THE COURT DETERMINES THAT MANIFEST INJUSTICE
WOULD RESULT IF THE AMENDMENT IS DISALLOWED.  THE COURT MAY
FROM TIME TO TIME SCHEDULE CONFERENCE AS MAY BE REQUIRED
EITHER ON ITS OWN MOTION OR AT THE REQUEST OF COUNSEL.

_____
(Attorney for Plaintiff)

_____
Kevin R. Krantz (Attorney for Defendants)

_____
Ronald J. Hedges
United States Magistrate Judge

## RIDER ON LENGTH OF BRIEFS

The attention of the parties is directed to Local Civil Rule 7.2. Briefs shall not exceed 40 <u>ordinary</u> typed or printed pages ***" (emphasis added). This page limitation shall be <u>strictly enforced</u>.

When submitting a brief in accordance with this rule a party may request special permission to submit an additional brief on any point or points deemed to need additional pages of argument. This request must be made by letter not to exceed two ordinary typed or printed pages and <u>must</u> be submitted with the brief.

The Court shall, in its sole discretion, decide whether to allow additional briefing on review of the party's brief and letter.

The Court also reserves the right, in its sole discretion to require additional briefing on any point or points after review of the written submissions of the parties or oral argument.