# KROVATIN & ASSOCIATES, LLC

ATTORNEYS AT LAW

GERALD KROVATIN

INGRID E. MELNICHUK

744 BROAD STREET
SUITE 1903
NEWARK, NEW JERSEY
07102

973-424-9777
FAX: 973-424-9779
www.krovatin.com

June 22, 2006

**VIA HAND-DELIVERED**

Honorable Ronald J. Hedges, U.S.M.J.
United States District Court
M.L. King, Jr. Federal Building &
  Courthouse, Room 5083
50 Walnut Street – P.O. Box 999
Newark, New Jersey 07101-0999

> **Re:** *Lawrence Sheinberg, et al v.*
> *Robert Sorensen, et al.*
> <ins>*Civil Action No. 00-6041 (JLL)*</ins>

Dear Judge Hedges:

Enclosed please find courtesy copies of the following documents, filed electronically under separate cover today:

1) Defendants' Motion for Class Decertification for failure to File the Notice to Class Members Required by Fed. R. Civ. P. 23(c)(2)(B);

2) Declaration of Kevin R. Krantz; and

3) Defendants' Notice of Filing and Certificate of Service.

Thank you for Your Honor's attention to this matter.

Respectfully,

Gerald Krovatin

GK:smb
Enclosure
Cc:  Robert B. Bodzin, Esq.
     Kelly Ann Guariglia, Esq.
     Alison L. Galer, Esq.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

LAWRENCE SHEINBERG and GILES HAZEL)
on behalf of themselves and others similarly )
situated )
      Plaintiffs, )Civil Action No. 00-6041(JLL)
                   )             (RJH)
                   )
        v. )
                   )
ROBERT SORENSEN; LITETRONICS )
INTERNATIONAL, INC., )
      Defendants. )

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

NOTICE IS HEREBY GIVEN, that on June 22, 2006, Defendants' Motion for Class Decertification for Failure to File the Notice to Class Members Required by Fed. R. Civ. P. 23(c)(2)(B) was filed in the United States District Court for the District of New Jersey in the above captioned case:

I, the undersigned, a non-attorney, hereby certify that I caused a copy of the above and foregoing document attached hereto, to be served upon the persons listed below at the address shown via electronic transmission and by enclosing the same in an envelope with first-class postage prepaid and depositing the same in the U.S. Mail located at 55 West Monroe Street, Chicago, Illinois, on this 22nd day of June, 2006:

Robert B. Bodzin, Esq.
Kleinbard, Bell & Brecker, LLP
1900 Market Street, Suite 700
Philadelphia, Pennsylvania 19103
Attorneys for Plaintiff

STAHL COWEN CROWLEY LLC

By:_____
    Kevin R. Krantz, Esq.
    55 W. Monroe Street
    Suite 1200
    Chicago, Illinois 60603
    (312) 641-0060

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------------ x

LAWRENCE SHEINBERG and GILES HAZEL,    :
on behalf of themselves and others     :    Civ. Action No. 00-6041(JLL)(RJH)
similarly situated,                    :
                                       :
            Plaintiffs,                :
                                       :
        v.                             :
                                       :
ROBERT SORENSEN and LITETRONICS        :
INTERNATIONAL, INC.,                   :
                                       :
            Defendants and             :
            Third-Party Plaintiffs.    :

------------------------------------------------------------------ x

DEFENDANTS' MOTION FOR CLASS DECERTIFICATION
FOR FAILURE TO FILE THE NOTICE TO CLASS MEMBERS
REQUIRED BY FED. R. CIV. P. 23(c)(2)(B)

Defendants Robert Sorensen and Litetronics International, Inc., by and through

their undersigned counsel, file this Memorandum of Law in support of their motion to decertify

the plaintiff class due to Plaintiffs' failure to file the Notice to class members required by Fed. R.

Civ. P. 23(c)(2)(B), as follows:

## I.

## PRELIMINARY STATEMENT

Over four years ago, on May 20, 2002, the Court issued an order certifying the

plaintiff class. Despite the ample time that has elapsed, Plaintiffs have neither submitted, filed

nor issued the Court-approved Notice to class members that is required under Fed. R. Civ. P.

23(c)(2)(B). Plaintiffs' failure to comply with an absolute, non-waivable requirement of Rule 23

is not remediable at this stage of the litigation. Plaintiffs' failure to issue the Notice prejudices

Defendants because the class has never been properly assembled. The lack of a Court-approved

Notice also prejudices the plaintiff class because it has never been properly apprised of its rights -- or its liabilities -- under the claims asserted in this action. As a consequence of this failure, the action should no longer proceed as a class action.[1]

This motion is not part of any last-minute trial strategy. As set forth in the accompanying Declarations of Kevin R. Krantz, Esq. and Richard Crossland, the basis for this motion became apparent during a review of Plaintiffs' Trial Exhibit No. 94, which purports to be a list of class members. Plaintiffs have included Mr. Crossland (Duro-Test's former CEO, who is prepared to testify at trial for *Defendants*) as a member of the plaintiff class. Mr. Crossland has never received any Notice issued pursuant to Rule 23, and the records available in this action show that no such Notice was ever filed with, or approved by the Court.

Because the plaintiff class has never been properly assembled nor apprised of its rights and liabilities, and because Plaintiffs cannot fulfill their obligations under Rule 23 on the eve of trial, the plaintiff class should be decertified.

## II.

## ARGUMENT AND AUTHORITIES

A.    **A Court-Approved Notice Is Required**
      **For Any Class Certified Under Rule 23(b)(3)**

Judge Hayden's Order and accompanying Opinion certified the plaintiff class in this action under Rule 23(b)(3).[2]   For any class that the Court certifies under Rule 23(b)(3), the following straightforward requirement is imposed by Fed. R. Civ. P. 23(c)(2)(B):

> For any class certified under Rule 23(b)(3), the court **must** direct to

---

[1] Defendants have previously filed a Motion to Decertify Plaintiffs' Rule 23(b)(3) class certification on the grounds that the claims asserted, and the proof required for such claims, are not suitable for class litigation proceedings.   This Motion proceeds on grounds that are independent from Defendants' prior motion.

[2] See Order dated May 20, 2002. p. 1, and Opinion dated May 14, 2002, pp. 2, 3.

class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice **must** concisely and clearly state in plain, easily understood language:

- the nature of the action,

- the definition of the class certified,

- the class claims, issues, or defenses,

- that a class member may enter an appearance through counsel if the member so desires,

- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and

- the binding effect of a class judgment on class members under Rule 23(c)(3). (Emphasis added.)

The party proceeding under a Rule 23(b)(3) certification presents a form of notice to the Court for approval and provides notice according to the prescription set forth in Rule 23(c)(2)(B). Forms of such notices are readily available from the Federal Judicial Center.[3]

Notice to identifiable class members is <u>not</u> a discretionary consideration, and such notice cannot be waived. Rather, notice is an unambiguous requirement of Rule 23. <u>Eisen v.</u>

---

[3] The Advisory Committee Notes (1966 Amendment) provide: "the interests of the individuals [in a Rule 23(b)(3) class] in pursuing their own litigations may be so strong here as to warrant denial of a class-action altogether. Even when a class-action is maintained under subdivision (b)(3), this individual interest is respected. Thus **the court is required** to direct notice to the members of the class of the right of each member to be excluded from the class upon his request." The same Notes, under subdivision (d)(2), describe a Rule 23(c)(2)(B) notice as "mandatory." The Advisory Committee Notes for the 2003 Amendments to Rule 23 reiterate that the (c)(2)(B) notice requirements "**must be satisfied** as to the (b)(3) class, and state as follows with respect to such notice:

> The direction that class-certification notice be couched in plain, easily understood language is a reminder of the need to work unremittingly at the difficult task of communicating with class members. It is difficult to provide information about most class actions that is both accurate and easily understood by class members who are not themselves lawyers. Factual uncertainty, legal complexity, and the complication of class-action procedure raise the barriers high.

(Emphasis added.)

3

Carlisle & Jacquelin, et al., 417 U.S. 156, 176, 40 L.Ed.2d 732, 747-48 (1974).  The mandatory

notice under Rule 23(c)(2)(B) is designed to fulfill the constitutional requirement of due process.

Eisen at 417 U.S. 174, 40 L.Ed.2d 746, citing, Mullane v. Central Hanover Bank & Trust Co.,

339 U.S. 306 (1950).

**B.     Plaintiffs' Failure To Provide The Required Notice
         Is Prejudicial And Cannot Be Remedied**

     Plaintiffs' motion for class certification was granted on May 20, 2002.  Over four

years later, and to the best of Defendants' investigation after review of the Court's files, it

appears that no Rule 23(c)(2)(B) notice was sent to anyone.  As noted above, the notice

requirements under Rule 23(c)(2)(B) are not optional.  Eisen v. Carlisle & Jacquelin, et al., 417

U.S. 156, 40 L.Ed.2d 732, 747 (1974).  In this instance, Plaintiffs' failure to issue an appropriate

notice results in prejudice that cannot be remedied at this juncture, for several reasons:

     First, plaintiffs' failure to issue the Notice prejudices Defendants.  The fallout

from this failure is already evident. For example:

- the "list" of class members damages claimed under ERISA that plaintiffs have compiled includes former unionized Duro-Test employees, who were expressly excluded from the plaintiff class;[4]

- plaintiffs have named Richard Crossland, Duro-Test former CEO -- and a *defense* witness who denies any claim -- as a member of their class;[5] and

- plaintiffs have submitted unsubstantiated, hearsay documents to support their damage claims, and which include individuals who assert no claim.[6]

---

[4] See Defendants' Motion in Limine as to Plaintiffs' Exhibit No. 93, filed on May 30, 2006.

[5] See accompanying Declaration of Kevin R. Krantz, Esq. and Richard Crossland.

[6] See Defendants' Motion in Limine as to Plaintiffs' Exhibit No. 94, filed on May 30,

These class-related infirmities could have been avoided had plaintiffs submitted and issued the appropriate Court-approved Notice pursuant to Rule 23(c) (2) (B).

Second, Plaintiffs' failure to issue the required Notice prejudices the plaintiff class. The class has never been properly advised of its rights to opt in or to opt out of this litigation. Nor has the plaintiff class received proper warning, in this instance, of the defenses and the fee and cost-shifting provisions under ERISA and the WARN Act.[7] As a consequence, the entire plaintiff class has been exposed to risk without being advised of such risk, or of the right to opt out of the litigation. Proceeding as a class action should not be conditioned on the assumption that if Plaintiffs lose there is no downside. Kline et al., v. Coldwell, Banker & Co., 508 F.2d 226, 237 (9th Cir. 1974)(Duniway, J., concurring).

Third, Plaintiffs' failure to issue a proper Notice severely prejudices the administration of this case. The class has never been properly advised or assembled, and this is not a situation that can be remedied days before an impending trial. Plaintiffs may not merely publish or generally broadcast the action. When the names and addresses of the class members are known, notice must be afforded them by mail. Eisen v. Carlisls & Jacqelin, et al., 417 U.S. 174, 40 L.Ed.2d 747-48. Further, it offends any sense of equity or due process to expect Defendants to wait for Plaintiffs to provide the required notice after Plaintiff have had over four years in which to do so.

In this instance, not even the procedures available under Rule 23(c)(4)(B) permit a class action to be maintained by means of establishing sub-classes. (Nor would establishing sub-classes relieve Plaintiffs from the obligation under Rule 23(c)(2)(B) to provide a proper Notice.) In the case of a Rule 23(c)(4)(B) subclass, the proper Notice must be provided to the

---

2006, and Declaration of Kevin R. Krantz and Richard Crossland.

[7] 29 U.S.C.S. § 1132(g)(1), 29 U.S.C.S. § 2104(a)(6).

proposed subclass. Even if a subclass were to be created specially for the named Plaintiffs, Sheinberg and Hazel (who would be the only parties to receive any information arguably akin to the required Notice), then there is no justification for continuing as a class under Rule 23(a) because the lack of numerosity would undermine the class.

## III.

## CONCLUSION

Unless Plaintiffs' provide evidence of compliance with Rule 23(c)(2)(B), this class must be decertified. As stated previously, Defendants find no indication in the Court's file of any such notice being submitted and approved by the Court for dissemination to the class members, and upon counsel's independent investigation it appears that no such notice was sent. For the foregoing reasons, in addition to the reasons previously set forth in Defendants' prior motion for class decertification, Defendants Robert Sorensen and Litetronics International, Inc., respectfully request this Court to decertify the class, and for such further relief as this Court deems just and equitable.

Respectfully submitted,

STAHL COWEN CROWLEY LLC

By:_____
Kevin R. Krantz, Esq.
55 W. Monroe Street
Suite 1200
Chicago, Illinois 60603
(312) 377-7855

6

KROVATIN & ASSOCIATES

By:_____

        Gerald Krovatin, Esq.
        744 Broad Street
        Suite 1903
        Newark, New Jersey 07102
        (973) 424-9777

        Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------- x
                                              :
LAWRENCE SHEINBERG and GILES HAZEL,           :
on behalf of themselves and others            :     Civ. Action No. 00-6041(JLL)(RJH)
similarly situated,                           :
                                              :
              Plaintiffs,                     :
                                              :     DECLARATION OF
        v.                                    :     KEVIN R. KRANTZ
                                              :
ROBERT SORENSEN and LITETRONICS               :
INTERNATIONAL, INC.,                          :
                                              :
              Defendants and                  :
              Third-Party Plaintiffs.         :
                                              :
-------------------------------------------------------- x

KEVIN R. KRANTZ states as follows pursuant to 28 U.S.C. § 1746:

1.      I am trial counsel to Defendants Robert C. Sorensen and Litetronics International, Inc. in the above-referenced action.

2.      I submit this Declaration in order to provide the Court with information concerning the timing of Defendants' Motion for Class Decertification for Failure to File the Notice to Class Members Required by Fed. R. Civ. P. 23(c)(2)(B).

3.      On the evening of June 19, 2006, in preparation for trial, I was reviewing Plaintiffs' previously disclosed Exhibit No. 94, which purportedly contains a list of all of the identities of the class members asserted in this action.

4.      While reviewing Exhibit No. 94, I noticed that Richard J. Crossland was listed as having a claim that is being asserted as a part of the class. Mr. Crossland is Duro-Test's former CEO. He is also one of *Defendants'* trial witnesses.

5.      After seeing Mr. Crossland's name on the list, I called him and asked him whether he was aware that Plaintiffs were asserting a claim on his behalf, and whether he knew that Plaintiffs' attorneys had listed him as a member of their class. Mr. Crossland told me that he was not aware of this.

6.     I asked Crossland whether he had ever received a notice concerning this action informing him that he was a member of the plaintiff class, and advising him about the case, his right to opt out of the class, and the binding nature of a class judgment. Mr. Crossland told me that he received no such notice. Attached as Exhibit A is a Declaration, executed by Mr. Crossland, attesting to the fact that he never received any notice concerning his membership in the plaintiff class and his belief that he has no claim against Defendants.

7.     On June 20, 2006, I logged on to the Court's web site, and the "Pacer" system maintained on the Court's web site, in order to investigate whether Plaintiffs had filed a copy of a Notice pursuant to Fed. R. Civ. P. 23(c)(2)(B) notice with the Court. I did not find any such filing.

8.     On June 20, 2006, I reviewed a copy of the May 20, 2001 Order granting Plaintiffs' class certification to determine whether the Order contained any indication that a proposed Rule 23(c)(2)(B) notice was filed with the Court at the time class certification was granted. Upon review of the Order, I found no such notice.

9.     On June 20, 2006, I interviewed two other putative class members, Sharon Marzac and Kathleen Briggs, via telephone. They told me that, although they cannot say for certain that they could not have received a notice, they do not specifically recall receiving such a notice.

10.     On June 21, 2006, I spoke by telephone with Mr. Hamilcar DiCarlo, who is listed as a member of the plaintiff class. Mr. DiCarlo advised me that he did not recall receiving any notice concerning his rights as a member of the plaintiff class, and that he does not assert a claim against Defendants. Mr. DiCarlo informed me that he recently received a letter from Plaintiffs' attorneys concerning the trial of this action, and he faxed it to my office on June 21, 2006. A copy of the letter issued by Plaintiffs' attorneys is attached as Exhibit B. The letter, dated May 28, 2006, is addressed to "Former Non-Union Duro-Test Employees/Sales Representatives." It states that the Court denied the parties' motions for summary judgment,

2

provides the date for the trial, and contains an invitation to attend the trial. It does not advise any putative members of the plaintiff class of any rights or liabilities that they may have.

   11. Attached to this Declaration as Exhibit C is a copy of a sample notice to class members that was downloaded from the Federal Judicial Center's web site, *www.FJC.gov*. The sample notice illustrates the marked differences between the letter from Plaintiffs' attorneys and what a notice to the class ought to contain in order to comply with Rule 23(c)(2)(B).

   12. The Federal Judicial Center's web site contains a web page that is devoted to "Class Action Notices." The first paragraph on that web page states as follows:

> At the request of the Subcommittee on Class Actions of the U.S. judicial branch's Advisory Committee on the Federal Rules of Civil Procedure, the Federal Judicial Center developed illustrative notices of proposed class action certification and settlement. The securities and products liability notices deal with combined notices of class certification and settlement. *The employment discrimination notices deal with a class certified for litigation and trial, not settlement. These notices are designed to illustrate how attorneys and judges might comply with a change to Federal Rule of Civil Procedure 23(c)(2)(B).* The change, effective December 1, 2003, says that class action notices "must concisely and clearly state in plain, easily understood language" specific information about the nature and terms of a class action and how it might affect potential class members' rights. (Emphasis added).

The sample notice developed by the Federal Judicial Center provides important information that is nowhere to be found in the letter from Plaintiffs' attorneys. For example:

- The sample notice advises class members of a choice that they must make: "do nothing," or "ask to be excluded." <u>See</u> Exhibit C., p. 1.

- The sample notice advises class members that they must act before a specific date if they seek to be excluded from the class. <u>Id.</u>

- The sample notice advises class members that they have "legal rights and options that you may exercise *before the Court holds a trial.*" <u>Id.</u>, p. 3 (emphasis added) and p. 6.

3

- The sample notice advises the class that "there is no guarantee that money or benefits ever will be obtained." Id., p. 4. It also informs class members that "you will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action." Id., p. 6.

- The sample notice lets class members know where to ask for help "if you are still not sure whether you are included" in the class. Id., p. 5.

13.     After making the inquiries described above, I drafted Defendants' Motion for Class Decertification for Failure to File the Notice to Class Members Required by Fed. R. Civ. P. 23(c)(2)(B), and filed the motion with the Court and served it upon Plaintiffs' counsel by e-mail and Federal Express.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 22, 2006.

_____

KEVIN R. KRANTZ

# EXHIBIT A

## Declaration of Richard J. Crossland

1.      I am the former CEO of Duro Test and a former Director of Duro Lite.

2.      I am familiar with, and have given deposition testimony in the case of Sheinberg et al., v. Robert C. Sorensen, et al, No. CIV 00-6041.

3.      In a telephone conference with Kevin R. Krantz on June 19, 2006, Mr. Krantz informed me that my name was listed on a Plaintiffs' proposed trial exhibit that lists asserted claims on behalf of the Plaintiffs' class.

4.      Mr. Krantz informed me that according to the document the sum of $191.76 was being claimed.

5.      My conversation with Mr. Krantz was the first time that I was informed that I was a member of Plaintiffs' class.

6.      At no time did I receive a notice advising me that I was a class member, the claims being asserted on my behalf, the issues in the cases, the defenses asserted, the fee shifting provisions of the statutes at issue, or of my right to my own counsel or to opt out of the case.

7.      I disagree with the assertion that I am a class member and deny that I have any claim against Robert C. Sorensen or Litetronics International, Inc.

8.      I have no idea how the sum of $191.76 was determined.


I declare under penalty of perjury that the foregoing is true and correct.  June 20, 2006

Richard J. Crossland

# EXHIBIT B



# Kleinbard
# Bell○Brecker L.LP

MARY J. WALK
*Direct* 215.496.7227

May 26, 2006

Dear Former Non-Union Duro-Test Employees/Sales Representatives:

**RE:  Sheinberg, et al. v. Sorenson, et al.**
**Civil Action No. 2:00cv6041 (KSH)**

As you may know, this firm represents Lawrence Sheinberg and Giles Hazel on behalf of themselves and former Duro-Test employees and sales representatives in the above-referenced matter.

The Court has now ruled on the Motions for Summary Judgment filed by the parties in the case. The Judge has denied the Motions for Summary Judgment, finding that there are genuine issues in dispute which require a trial of the matter.  Trial has now been set for **June 27, 2006**, before Judge Hedges in the Federal Court in Newark, New Jersey, **courtroom to be announced. If you are available on June 26, 2006, we invite you to attend the trial.** It is not uncommon for trial dates to change at the last minute.  Therefore, please consult our firm's website, www.kleinbard.com, for any last minute changes as to the trial date or court room number.

Please call me if you have any questions or need additional information.

Very truly yours,

*Mary J. Walk*

MARY J. WALK

MJW/fb

cc:  Robert B. Bodzin, Esquire

{00059765;v2}

mwalk@kleinbard.com    www.kleinbard.com
*Main* 215.568.2000    1900 Market Street, Suite 700
Fax 215 568 ____    Philadelphia, Pennsylvania 19103

# EXHIBIT C

# If you are a woman and are or were employed by MNO, a class action lawsuit may affect your rights.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Female employees have sued MNO, Inc., alleging discrimination against women.

- The Court has allowed the lawsuit to be a class action on behalf of all women employed by MNO as account executives at any time from June 6, 1996, through July 15, 2003.

- The Court has not decided whether MNO did anything wrong.  There is no money available now, and no guarantee there will be.  However, your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit.  Await the outcome.  Give up certain rights.**<br>By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement.  But, you give up any rights to sue MNO separately about the same legal claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit.  Get no benefits from it.  Keep rights.**<br>If you ask to be excluded and money or benefits are later awarded, you won't share in those.  But, you keep any rights to sue MNO separately about the same legal claims in this lawsuit. |

- Your options are explained in this notice.  To ask to be excluded, you must act before **Month 00, 0000.**

- Lawyers must prove the claims against MNO at a trial set to start Month 00, 0000.  If money or benefits are obtained from MNO, you will be notified about how to ask for a share.

- **Any questions? Read on and visit www.mnoclassaction.com.**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................... PAGE 3

  1.  Why did I get this notice?
  2.  What is this lawsuit about?
  3.  What is a class action and who is involved?
  4.  Why is this lawsuit a class action?

**THE CLAIMS IN THE LAWSUIT**.................................... PAGE 4

  5.  What does the lawsuit complain about?
  6.  How does MNO answer?
  7.  Has the Court decided who is right?
  8.  What are the Plaintiffs asking for?
  9.  Is there any money available now?

**WHO IS IN THE CLASS**............................................. PAGE 5

  10.  Am I part of this Class?
  11.  Which current and former employees are included?
  12.  Are any women who worked at MNO not included in the Class?
  13.  I'm still not sure if I am included.

**YOUR RIGHTS AND OPTIONS**..................................... PAGE 6

  14.  What happens if I do nothing at all?
  15.  Why would I ask to be excluded?
  16.  How do I ask the Court to exclude me from the Class?

**THE LAWYERS REPRESENTING YOU**............................ PAGE 7

  17.  Do I have a lawyer in this case?
  18.  Should I get my own lawyer?
  19.  How will the lawyers be paid?

**THE TRIAL**.......................................................... PAGE 7

  20.  How and when will the Court decide who is right?
  21.  Do I have to come to the trial?
  22.  Will I get money after the trial?

**GETTING MORE INFORMATION**................................... PAGE 8

  23.  Are more details available?

# BASIC INFORMATION

## 1. Why did I get this notice?

MNO's records show that you currently work, or previously worked, for MNO, Inc. This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial. The trial is to decide whether the claims being made against MNO, on your behalf, are correct. Judge Jane Jones of the United States District Court for the District of State is overseeing this class action. The lawsuit is known as *Johnson, et al., v. MNO, Inc.*, Civil Action No. CV-00-1234.

## 2. What is this lawsuit about?

This lawsuit is about whether MNO discriminated against female account executives based on their gender, by making it harder for them to advance in their careers. More information about federal laws prohibiting job discrimination can be found at the website of the U.S. Equal Employment Opportunity Commission, www.eeoc.gov.

## 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Mary Johnson and Louise Smith) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The women who sued—and all the Class Members like them—are called the Plaintiffs. The company they sued (in this case MNO, Inc.) is called the Defendant. One court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class.

## 4. Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- There are more than 90,000 women who are or were employed by MNO as account executives;
- There are legal questions and facts that are common to each of them;
- Mary Johnson's and Louise Smith's claims are typical of the claims of the rest of the Class;
- Ms. Johnson, Ms. Smith, and the lawyers representing the Class will fairly and adequately represent the Class' interests;
- The common legal questions and facts are more important than questions that affect only individuals; and
- This class action will be more efficient than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is in the Court's Order Certifying the Class, which is available at www.mnoclassaction.com.

# THE CLAIMS IN THE LAWSUIT

## 5. What does the lawsuit complain about?

In the lawsuit, the Plaintiffs say that MNO discriminated against women account executives. They claim that these women received less pay than men in similar jobs. They also say that MNO made promotions to account supervisor positions more difficult for women because they had to demonstrate greater achievements than men.  You can read the Plaintiffs' Class Action Complaint at www.mnoclassaction.com.

## 6. How does MNO answer?

MNO denies that it did anything wrong and says that opportunities for hiring and promotion are equally available to women and men.  MNO says that its policies are clear and that they neither allow, nor condone, discrimination against women.  MNO says that women advanced as often as men, and that greater achievements are not necessary for women to qualify for a promotion.  MNO's Answer to the Complaint is also at the website.

## 7. Has the Court decided who is right?

The Court hasn't decided whether MNO or the Plaintiffs are correct.  By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose this case.  The Plaintiffs must prove their claims at a trial starting Month 00, 0000.  (See "The Trial" below on page 7.)

## 8. What are the Plaintiffs asking for?

The Plaintiffs are asking for changes in MNO's policies to ensure that women are treated fairly and equally in the workplace.   They want MNO's policies to say that discrimination based on gender is banned.  The Plaintiffs also want lost wages and money for emotional distress for Class Members.

## 9. Is there any money available now?

No money or benefits are available now because the Court has not yet decided whether MNO did anything wrong, and the two sides have not settled the case.  There is no guarantee that money or benefits ever will be obtained.  If they are, you will be notified about how to ask for a share.

# WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

**10. Am I part of this Class?**

Judge Jones decided that all women who were employed by MNO, Inc. as account executives (full time or part time) at any time from June 6, 1996, through July 15, 2003, are Class Members. She also specified that "temp" employees and independent contractors are *not* part of the class. See question 12 below.

**11. Which current and former employees are included?**

Former employees are in the Class as long as they were employed by MNO any time from June 6, 1996, through July 15, 2003. If you were hired after July 15, 2003—even if you are a current employee—you are not included. In other words, these women are included:

- **Women account executives currently employed by MNO who were hired on or before July 15, 2003.**
- **Women account executives no longer employed by MNO but who were employed by MNO any time from June 6, 1996, through July 15, 2003.**

**12. Are any women who worked at MNO not included in the Class?**

If you *worked at* MNO during the time period in question 10, but you were not directly *employed by* MNO, you are NOT a Class Member. Think about whether you were paid for your work at MNO by a temporary staffing service or an independent contractor for MNO. If so, you were not employed by MNO. If you were later hired by MNO after a temporary period, you may be part of the Class as long as MNO hired you on or before July 15, 2003.

**13. I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get free help at www.mnoclassaction.com, or by calling or writing to the lawyers in this case, at the phone number or address listed in question 23.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class or ask to be excluded before the trial, and you have to decide this now.

**14. What happens if I do nothing at all?**

You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit. By doing nothing you are staying in the Class. If you stay in and the Plaintiffs obtain money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue, MNO—as part of any other lawsuit—about the same legal claims that are the subject of this lawsuit. This means that if you do nothing, you may only be able to sue for gender discrimination that occurred *before* June 6, 1996 or occurs *after* July 15, 2003 only. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

**15. Why would I ask to be excluded?**

If you already have your own gender discrimination lawsuit against MNO and want to continue with it, you need to ask to be excluded from the Class. If you exclude yourself from the Class—which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class— you won't get any money or benefits from this lawsuit even if the Plaintiffs obtain them as a result of the trial or from any settlement (that may or may not be reached) between MNO and the Plaintiffs. However, you may then be able to sue or continue to sue MNO for employment discrimination that occurred or occurs at any time. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

If you start your own lawsuit against MNO after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against MNO, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

Note that if you exclude yourself from this lawsuit and you are currently employed by MNO, any changes made to MNO's policies about the treatment of women would still apply to you.

**16. How do I ask the Court to exclude me from the Class?**

To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *Johnson v. MNO*. Be sure to include your name and address, and sign the letter. You must mail your Exclusion Request postmarked by **Month 00, 0000**, to: Johnson v. MNO Exclusions, P.O. Box 0000, City, ST 00000-0000. You may also get an Exclusion Request form at the website, www.mnoclassaction.com.

## THE LAWYERS REPRESENTING YOU

**17. Do I have a lawyer in this case?**

The Court decided that the law firms of Lawfirm One, LLP, of City, ST, and Lawfirm Two, P.C., of City, ST, are qualified to represent you and all Class Members.  Together the law firms are called "Class Counsel."  They are experienced in handling similar cases against other employers.  More information about these law firms, their practices, and their lawyers' experience is available at www.lawfirmone.com and www.lawfirmtwo.com.

**18. Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf.  But, if you want your own lawyer, you will have to pay that lawyer.  For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

**19. How will the lawyers be paid?**

If Class Counsel get money or benefits for the Class, they may ask the Court for fees and expenses.  You won't have to pay these fees and expenses.  If the Court grants Class Counsels' request, the fees and expenses would be either deducted from any money obtained for the Class or paid separately by MNO.

## THE TRIAL

The Court has scheduled a trial to decide who is right in this case.

**20. How and when will the Court decide who is right?**

As long as the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at a trial.  The trial is set to start on Tuesday, Month 00, 0000, in the United States District Court for the District of State, 100 Court Street, City, State, in Courtroom 1.  During the trial, a Jury or the Judge will hear all of the evidence to help them reach a decision about whether the Plaintiffs or Defendant are right about the claims in the lawsuit.  There is no guarantee that the Plaintiffs will win, or that they will get any money for the Class.

**21. Do I have to come to the trial?**

You do not need to attend the trial.  Class Counsel will present the case for the Plaintiffs, and MNO will present the defenses.  You or your own lawyer are welcome to come at your own expense.

**22. Will I get money after the trial?**

If the Plaintiffs obtain money or benefits as a result of the trial or a settlement, you will be notified about how to participate.  We do not know how long this will take.

## GETTING MORE INFORMATION

**23. Are more details available?**

Visit the website, www.mnoclassaction.com, where you will find the Court's Order Certifying the Class, the Complaint that the Plaintiffs submitted, the Defendant's Answer to the Complaint, as well as an Exclusion Request form.  You may also speak to one of the lawyers by calling 1-000-000-0000, or by writing to: MNO Class Action, P.O. Box 000, City, ST 00000-0000.

DATE: MONTH 00, 0000.