UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------x
:
LAWRENCE SHEINBERG and GILES HAZEL, :
on behalf of themselves and others : Civ. Action No. 00-6041(JLL)(RJH)
similarly situated, :
:
               Plaintiffs, :
:
     v. :
:
ROBERT SORENSEN and LITETRONICS :
INTERNATIONAL, INC., :
:
             Defendants :
:
------------------------------------------------------------x

PLAINTIFFS' MOTION FOR RECONSIDERATION
OF THE COURT'S LETTER-ORDER DATED AUGUST 9, 2006

Defendants Robert Sorensen and Litetronics International, Inc., by and through their undersigned counsel, submit their motion for reconsideration of the Court's Letter-Order, dated August 9, 2006, which denied Defendants' motion to strike the Complaint's Sixth Count on ERISA preemption grounds, as follows:

I.

PROCEDURAL HISTORY

In December 2000, Plaintiffs filed a six-count Complaint, alleging that, *inter alia*: (1) Defendants engaged in conduct that violated the terms of a Duro-Test employee welfare benefit plan that was protected under ERISA Section 502 (29 U.S.C. § 1132), by failing to fund the Plan with amounts withheld from participants' paychecks (Plaintiffs' Third and Fourth Cause of Action); and (2) Defendants' alleged failure to forward the funds withheld from Plaintiffs' paychecks to Horizon/Blue Cross constituted tortious conversion (Plaintiffs' Sixth Cause of Action). All of these claims are based on the same allegations.

On July 8, 2004, Defendants filed a Motion for Summary Judgment and sought dismissal of all claims alleged in the Complaint. In their motion, Defendants asserted that, based on the undisputed evidence, Plaintiffs could not establish the necessary elements for tortious conversion, and that the claim should be dismissed.[1] In an Opinion and Order dated December 29, 2005, the Court (Linares, J.) denied Defendants' Motion for Summary Judgment.

Prior to trial, on or about May 30, 2006, Defendants filed a motion under Fed. R. Civ. P. 12 (b)(6), for judgment on the pleadings dismissing Plaintiffs' tortious conversion claim (the "Preemption Motion"). Defendants' motion was based upon ERISA Section 502's complete preemption of state law claims relating to ERISA plans. By Letter-Order dated August 9, 2006, this Court denied the Preemption Motion. The Court's Letter-Order stated that Judge Linares previously addressed the issue of preemption in the Court's December 29, 2005 Order denying defendants' Motion for Summary Judgment.[2]

Defendants seek reconsideration of the Court's August 9, 2006 Letter-Order on the following grounds:

> (a) The Court overlooked the fact that Defendants did not raise preemption of Plaintiffs' tortious conversion claim in their motion for summary judgment;
>
> (b) The Court overlooked the fact that Judge Linares' December 29, 2005 Order did not address any preemption issues on their merits; and
>
> (c) ERISA's preemption of all state-law claims that affect the funding of an ERISA-protected plan cannot be waived, and may be asserted at any time during the proceedings.

---

[1] See Defendants' brief, in support of their Motion for Summary Judgment, filed on July 8, 2004, Section III.E, pp. 24-26.

[2] See Letter-Order, p. 2 ("Defendants' motion does not describe any matter not considered by Judge Linares. Accordingly, the motion [96] is DENIED.").

2

II.

## THE STANDARD OF REVIEW

Motions for reconsideration are governed by Local Civil Rule 7.1(g). *See Hernandez v. Beeler*, 129 F. Supp. 2d 698, 701 (D.N.J. 2001). The rule requires that the moving party "set forth concisely the matters or controlling decisions which counsel believes the [Court] has overlooked." *Pittston Co. v. Sedgwick James of New York, Inc.*, 971 F. Supp. 915, 918-919 (D.N.J. 1997). "Only where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion, will it entertain such a motion." *United States v. Compaction Sys. Corp. et-al.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

III.

## ARGUMENT

A.  **Defendants Never Raised the Issue of Preemption Prior to Their May 2006 Preemption Motion**

In this instance, this Court's Letter-Order overlooked the fact that, prior to their Preemption Motion, Defendants never previously sought dismissal of Plaintiffs' tortious conversion claim under ERISA preemption grounds. In their Motion for Summary Judgment, Defendants asserted that Plaintiffs could not establish the elements of tortious conversion.[3] As set forth in Defendants' summary judgment brief, Plaintiffs were unable to establish any triable issue of fact that either Litetronics or Sorensen controlled, diverted or misappropriated any funds that were to be contributed to Duro-Test's employee welfare benefit plan.[4]

Defendants did not raise the issue of preemption until May 30, 2006, when Defendants filed their Preemption Motion. As a practical matter, Judge Linares could not have

---

[3] *See* Defendants' brief in support of their Motion for Summary judgment, Section III.E, pp. 24-26.

[4] *Id.*

3

addressed, on the merits, any preemption argument that Defendants raised, because none appeared in Defendants' summary judgment motion.

### B. The Court Did Not Issue a Prior Ruling on a Dispositive Motion Based on ERISA Preemption.

Plaintiffs' claim for tortious conversion is addressed on pages 18-19 of Judge Linares' December 29, 2005 Order. Almost all of the Court's discussion of the tortious conversion claim is addressed to the evidence-based arguments in Defendants' summary judgment motion. Judge Linares' Order addressed preemption <u>only</u> in the following manner:

(a) In a footnote on page 18, the Court referred to a fall-back argument that Plaintiffs raised with respect to their tortious conversion claim in *Plaintiffs'* motion for summary judgment. Judge Linares' Order states:

> In a footnote [in Plaintiffs' reply brief on *Plaintiffs'* motion for summary judgment], Plaintiffs state that in the event they are denied relief under ERISA, they are entitled to summary judgment on the tortious conversion claims. They did not initially move on this issue anticipating that Defendants would argue their tortious conversion claims are preempted by ERISA. *See* December 29, 2005, Order, p. 18, note 4.

(b) On page 19 of the December 29, 2005 Order, the Court stated as follows:

> The Court notes that this claim [tortious conversion], as Plaintiffs' *[sic]* suspect, will be preempted if Plaintiffs ultimately prevail on their ERISA claim.

The Court's ruling amounts to *dicta* with respect to the issue of preemption, for two reasons: <u>First</u>, Defendants did not raise the issue of preemption in their summary judgment motion. Because the Court's ruling was not issued in response to a matter that Defendants raised, Defendants had no basis on which to file a motion to reconsider. <u>Second</u>, as set forth in footnote 4 of Judge Linares' December 29 Order, Plaintiffs also did not raise a preemption argument in their summary judgment motion; instead, they made a passing reference to pre-emption as a minor fall-back argument in their reply brief, to support their tortious conversion claim in the event that the Court dismissed the ERISA claim.

As we demonstrate below, the Court overlooked the fact that neither party framed a pre-emption issue on the prior motions for summary judgment. In addition, the *dicta* concerning preemption in the December 29, 2005 Order is at variance with the provisions of ERISA and with holdings issued by the United States Court of Appeal for the Third Circuit and United States Supreme Court.

### C. ERISA Preemption Is Complete, Jurisdictional And Non-Waivable

The jurisdictional concept of "complete preemption" operates to confer original federal subject matter jurisdiction. *Metropolitan Life Co. v. Taylor*, 481 U.S. 58 (1987); *see also Darlin v. Consolidated Rail Corporation*, 93 F.Supp.2d 599, 602 (E.D. Pa. 2000). Unlike other forms of preemption, which simply preclude state-law claims, "complete preemption" arises where a federal statute has such an "extraordinary preemptive power" that it actually "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule...[and] any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Taylor*, 481 U.S. 58. Because "complete preemption" is jurisdictional and confers original federal subject matter jurisdiction, it cannot be waived. Accordingly, even assuming (without conceding) that Defendants raised a preemption argument in their summary judgment motion -- or even if the preemption issue could have been raised, but was not: (a) Defendants may properly raise "complete preemption" at this juncture; and (b) Plaintiffs' tortious conversion claim should be dismissed.

It is settled law that claims arising under ERISA's civil enforcement provisions are completely preempted. *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 354 (3rd Cir. 1995) (citing *Taylor*, 481 U.S. at 64-66). ERISA's civil enforcement mechanism, Section 502(a), "is

one of those provisions with such 'extraordinary preemptive power' that it converts an ordinary state common law claim into one stating a federal claim." *Aetna Health, Inc., v. Davila*, 542 U.S. 200 (2004) (citing *Taylor*, 481 U.S. at 64-66). As a result, state law claims that are within the scope of Section 502(a) are completely preempted and are recharacterized as ERISA claims arising under federal law. *Taylor*, 481 U.S. at 65. This is consistent with the Supreme Court's ruling that "the purpose of ERISA is to provide a uniform regulatory regime over employee benefits plans. *Aetna*, 542 U.S. at 200.

Any state-law claim that duplicates, supplements or supplants the comprehensive civil-enforcement scheme contained in Section 502(a) of ERISA conflicts with the Congressional intent to make ERISA the exclusive remedy with respect to covered employee benefit plans. Such a claim is therefore pre-empted by ERISA as (1) the detailed provisions of Section 502(a) represent the balance that Congress established between of the need for prompt and fair claims settlement procedures and the public interest in encouraging the formation of employee benefit plans; (2) the policy choices reflected in the remedies available under ERISA would be undermined if ERISA beneficiaries were free to obtain remedies under state law that Congress chose not to include in the ERISA statutory scheme; and (3) civil enforcement provisions found in Section 502(a) provide strong evidence that Congress did not intend to authorize other remedies, and that it did not simply forget to incorporate other express remedies into ERISA. *Pilot Life Ins. Co.*, 481 U.S. at 54; *See also Ingersoll-Rand Co. v. McClenden*, 498 U.S. 133, 143-145 (1990).

1. **Plaintiffs' Claim for Tortious Conversion Amounts to An ERISA Claim Because it Seeks Recovery of ERISA Benefits**

In this instance, Plaintiffs' tortious conversion claim is, explicitly, a claim for benefits due under ERISA. Plaintiffs' Sixth Cause of Action states, in pertinent part:

47. The Employer withheld from its employees paychecks certain amounts for *employee contributions to the health insurance premiums*.

48. The Employer *has failed to pay to Blue Cross the amounts withheld* from the employees' paychecks.

49. The Employer's *failure to forward monies withheld from its employees' paychecks* to Blue Cross constitutes tortious conversion. (Emphasis added).

As a practical matter and as a legal matter, it is not possible to determine the merits of Plaintiffs' tortious conversion claim without delving into the provisions of their ERISA-protected plan. Plaintiffs' claim clearly falls within the scope of Section 502, and it is completely preempted, without regard to any outcome on Plaintiffs' ERISA claim.

Plaintiffs' tortious conversion claim merely duplicates their ERISA claim. Under the Supreme Court's ruling in *Pilot Life Ins. Co.*, any state-law cause of action that duplicates, supplements, or supplants the comprehensive civil-enforcement-remedy scheme contained in ERISA Section 502(a) conflicts with the clear congressional intent to make the ERISA remedies exclusive with respect to covered employee benefit plans, and all such claims are pre-empted by ERISA. *Pilot Life Ins. Co.*, 481 U.S. at 54. Therefore, Defendants Motion for Judgment on the Pleadings should be granted on reconsideration, and Plaintiffs' Sixth Cause of Action should be dismissed.

## IV.

## CONCLUSION

For the foregoing reasons, Defendants Robert Sorensen and Litetronics International, Inc., respectfully request this Court to reconsider its Letter-Order of August 9, 2006 and grant Defendants' Motion for Judgment on the Pleadings as to Plaintiffs' Sixth Cause of Action, as Plaintiffs' claim is preempted under ERISA.

Dated: August 23, 2006

                          Respectfully submitted,

                          STAHL COWEN CROWLEY LLC

                          By: _____
                              Kevin R. Krantz, Esq.
                              Whitney B. Mayster, Esq.
                          55 W. Monroe Street, Suite 1200
                          Chicago, Illinois 60603
                          (312) 377-7855

                          KROVATIN & ASSOCIATES

                          By: _____
                              Gerald Krovatin, Esq.
                          744 Broad Street, Suite 1903
                          Newark, New Jersey 07102
                          (973) 424-9777

                          Attorneys for Defendants