UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LAWRENCE SHEINBERG and GILES HAZEL)
on behalf of themselves and others similarly )
situated )
      Plaintiffs, )
)
)
      v. )
)
ROBERT SORENSEN; LITETRONICS )
INTERNATIONAL, INC., )
      Defendants. )

Civil Action No. 00-6041
(JLL)(RJH)

## MOTION TO RECONSIDER

Defendants, Robert Sorensen and Litetronics International, Inc., by and through their undersigned counsel move this Court to reconsider its Order Granting in Part and Denying in Part Defendants' Motion to Decertify the Class, and in support of their Motion state as follows:

## PRELIMINARY STATEMENT

The portion of this Court's Order and Opinion dated August 22, 2006, in which Plaintiffs' correspondence and questionnaire of December 31, 2004 was deemed to be proper notice, overlooked specific requirements of Rule 23(c)(2)(B) that were omitted and  must be included in notices sent to class members of classes certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

Motions for reconsideration are governed by *Local Civil Rule 7.1(g). See Hernandez v. Beeler*, 129 F. Supp. 2d 698, 701 (D.N.J. 2001).  The rule requires that the moving party "set forth concisely the matters or controlling decisions which counsel

believes the [Court] has overlooked." *Pittston Co. v. Sedgwick James of New York, Inc.,*
971 F. Supp. 915, 918-919 (D.N.J. 1997). "Only where the court has overlooked matters
that, if considered by the court, might reasonably have resulted in a different conclusion,
will it entertain such a motion." *United States v. Compaction Sys. Corp. et-al.,* 88
F.Supp. 2d 339, 345 (D.N.J. 1999).

## ARGUMENT

I. **Rule 23(c)(2)(B) Requires Specific Notice to Class Members that is Neither Expressly or Implicitly Set Forth in the Letter and Questionnaire from Plaintiffs' Counsel.**

In its Order dated August 22, 2006 the Court ruled that Plaintiffs' Counsel's letter
dated December 31, 2004 to the class and attached questionnaire (hereinafter "Plaintiffs'
Correspondence") met the notice requirements of Fed.R.Civ.P. 23(c)(2)(B). The Court's
Order and Opinion overlooks the fact that Plaintiffs' Correspondence is void of specific
and mandatory declarations required by Rule 23 and deprives both Defendants and
Plaintiffs of certain due process rights.

The purpose of the mandatory notice requirement in Rule 23(c)(2)(B) is to insure
that absent class members are advised of their right to choose whether to be bound by a
judgment or to opt out. The general principle is that "there has been a failure of due
process...in those cases where it cannot be said that the procedure adopted, fairly insures
the protection of the interests of absent parties who are to be bound by it." *Hansberry v.
Lee,* 311 U.S. 32, 42 (1940). The August 22 Order has resulted in an "opted-out" class
of as many as 222 putative plaintiffs without notice to the excluded members. It has
exposed Defendants to the potential that none of the plaintiffs class, either those who are

deemed in or out are bound by a judgment. It has also exposed the Defendants to the risk

that well after the conclusion of this action, Defendants will be sued again by the

excluded members of Plaintiffs' class.

## II.    The Elements of the Notice Requirements of Federal Rule Of Civil Procedure 23(c)(2)(B) Are Mandatory and Unambiguous.

*Federal Rule of Civil Procedure 23(c)(2)(B)* requires that in any class action

maintained under Rule 23(b)(3)[1], each class member **must** be advised that he has the

right to enter an appearance through counsel, to exclude himself from the action on

request, and that judgment, whether favorable or not, will bind all class members who

choose not to opt out of the class.[2]  To this end, the court is **required** to direct to class

members the best notice practicable under the circumstances. *Grunewald v.*

*Kasperbauer*, 235 F.R.D. 599 (E.D. Pa. 2006) (emphasis added). The manner in which

notice is given is discretionary, but the content of the notice is not: it must contain the

specific advisements set forth in Rule 23(c)(2)(B).

Plaintiffs' Correspondence does state that a class action has been filed and does

describe the nature of the class (i.e. non-union employees and sales representatives of

Duro-Test). Plaintiffs' Correspondence also generally describes the items for which

---

[1]  The present case was certified as a class pursuant to Rule 23(b)(3) by Judge Heyden's Order dated May 20, 2002.
[2] Subdivision (c)(2)(B) of Federal Civil Procedure Rule 23 provides in full:
"(B) For any class certified under 23 (b)(3), the court **must** direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice **must** concisely and clearly state in plain, easily understood language:
  · the nature of the action,
  · the definition of the class certified,
  · the class claims, issues, or defenses,
  · that a class member may enter an appearance through counsel if the member so desires,
  · that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
  · the binding effect of a class judgment on class members under Rule 23(c)(3).  (emphasis added).

damages are claimed (i.e. unpaid wages, commissions, benefits and medical bills). Thus, Plaintiffs' Correspondence may suffice for purposes of notice of the nature of the action, definition of the class certified and class claims, issues or defenses.

However, Plaintiffs' Correspondence is void of any statement to the class members of: (1) their rights to obtain their own counsel and appear; (2) their right to opt-out of the action; and (3) that any judgment entered in the case will be binding on them. These advisements are all required statements under Rule 23(c)(2)(B). Without this required language, no judgment will bind those persons who failed to respond to Plaintiffs' Correspondence. This would subject Defendants to potentially relitigating this case regardless of the outcome.[3]

In order to bind absent class members to a judgment, they must be given "minimal procedural due process protection" consisting of the "best practicable" notice, the right to opt-out, and adequate representation by the named plaintiff. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812-13 (1985). As the United States Supreme Court ruled, the "right to be heard has little reality of worth unless one is informed that the matter is pending and can choose for [himself/herself] whether to appear or default, acquiesce or consent." *Richards v. Jefferson County*, 517 U.S. 793 (1996).

The Advisory Committee's Note to Rule 23 describes subdivision (c)(2) as "not merely discretionary" and adds that the "mandatory notice pursuant to subdivision

---

[3] If Defendants win at trial, then potentially all of the class members other than, arguably the two named plaintiffs will be able to attack the judgment as non-binding for lack of specific notice as to the judgment's binding effect. If Defendants lose, then potentially all of the class members who did not respond to Plaintiffs' Questionnaire will have collateral claims against Defendants because they were not advised of the proper opt-out procedure and were never given notice that failure to respond to Plaintiffs' Questionnaire will be deemed an opt-out.

(c)(2)...is designed to fulfill requirements of due process to which the class action procedure is of course subject to." *28 U.S.C. App., p.* 7768.

In this case, the Plaintiffs class members, whether in or out, whether many or few, must be given proper notice. This is required due process.

## III.   The Court's August 22nd Order Converted a Rule 23 "Opt-Out" Class to and "Opt-In" Class.

In *sua sponte* limiting the class membership to consist of those who responded to the December 2004 questionnaire, Plaintiffs' Rule 23 class was converted from an "opt-out" class to an "opt-in" class, in which class members were required to respond in order to remain a part of the class. (See pp 4-5 of this Court's Order Dated August 22, 2006 limiting the class to those who responded to Plaintiffs' Notice). Without required notice pursuant to Rule 23(c)(2)(B), the elimination of putative class members is violation of their individual due process rights. Nothing in the Plaintiffs' Correspondence informs the Plaintiff class that the failure to respond will result in elimination from the class. Further, this is a Rule 23 class action that is an "opt-out" class. An opt-out class is designed to include every putative class member except those who affirmatively opt-out. The December 2004 Questionnaire requests, "Please Complete this Form Only if You were a Non-Union Employee or Sales Representative." However, nowhere do the Cover Letter or Questionnaire provide notice that satisfies the "opt-out" notice required under Rule 23(c)(2)(B). Nor do these materials contain any warning that failure to respond will result in your elimination from the class. The Court's elimination of a significant portion of the Plaintiffs' class without the required Rule 23 notice advisements deprives

Defendants of the certainty of a binding judgment as to all class members who did not choose to appear individually or opt-out upon proper notice.

A class action, which has a formidable effect on substantive rights comports with constitutional standards of due process only if there is a maximum opportunity for notice to the absentee class members. Notice and the opportunity to be heard are fundamental requisites of the constitutional guarantee of procedural due process. *Mullane v. Hanover Bank & Trust Co.,* 339 U.S. 306, 315 (1950). Notice to identifiable class members consistent with the requirements of Rule 23(c)(2)(B) is not a discretionary consideration to be waived in a particular case. *Eisen v. Carlisle & Jacquelin, et-al.,* 417 U.S. 156 (1974). Rather, it is an unambiguous requirement of Rule 23. As the Advisory Committee's Note explains, the Rule was intended to ensure that the judgment, whether favorable or not, would bind all class members who did not request exclusion from the suit. *28 U.S.C. App., pp. 7765, 7768.*

Defendants urge the Court to reconsider the August 22nd Order and require that proper notice with all of the required class advisements be provided to Plaintiffs' class. In its Order entered following the June 26 Court appearance of the Parties, this Court requested a proposed notice be sent by Plaintiffs to Defendants, with Defendants suggested revision to same submitted to the Court. The Notice that was submitted contained all of the required advisements under Rule 23(c)(2)(B). Defendants request that this Court allow for notice substantially in the form submitted to the Court to be sent to the Plaintiffs class prior to trial.

## CONLUSION

6

For the foregoing reasons, the Defendants Robert Sorensen and Litetronics International, Inc., respectfully requests this Court reconsider its Order of August 22, 2006 and stay all further proceedings until proper notice is provided to the class as expressly required under Rule 23(c)(2)(B).

Respectfully submitted,

STAHL COWEN CROWLEY LLC

By: _____
Kevin R. Krantz, Esq.
Whitney B. Mayster, Esq.
55 W. Monroe Street, Suite 1200
Chicago, Illinois 60603

**KROVATIN & ASSOCIATES**

By: _____
Gerald Krovatin, Esq.
744 Broad Street, Suite 1903
Newark, New Jersey 07102

Attorneys for Defendants