IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED-CLERK
U.S. DISTRICT COURT

2006 SEP -7 A 10: 5

| | |
|---|---|
| LAWRENCE SHEINBERG and GILES HAZEL, on behalf of themselves and others similarly situated, <br><br> v. <br><br> ROBERT SORENSEN; DUROLITE INTERNATIONAL, INC.; LITETRONICS INTERNATIONAL, INC. | CIVIL ACTION <br><br><br> No. 2:00cv6041 (KSH) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION FOR RECONSIDERATION OF THE COURT'S LETTER-
ORDER DATED AUGUST 9, 2006**

## I. INTRODUCTION

Plaintiffs, Lawrence Sheinberg and Giles Hazel, on behalf of themselves and others similarly situated, hereby respond to Defendants' Motion for Reconsideration of the Court's Letter Order Dated August 9, 2006 which denied Defendants' Motion to Strike the Sixth Count of Plaintiffs' Complaint on ERISA preemption grounds.

Count Six of Plaintiffs' Complaint alleged that Defendants tortiously converted the funds withheld from Plaintiffs' paychecks when Defendants failed to forward those funds to Horizon Blue Cross for the purpose for which they were intended - - Plaintiffs' health benefits.

On the eve of trial Defendants filed a Motion under Fed. R. Civ. P. 12(b)(6) for judgment on the pleadings which, if granted would have dismissed Plaintiffs' tortious conversion claim. By Letter Order dated August 9, 2006, this Court denied the Preemption Motion on the grounds that Judge Linares previously addressed the issue of preemption in the Court's December 29, 2005 Order denying Defendants' Motion for Summary Judgment.

Defendants now seek reconsideration of the Court's August 9, 2006 Letter Order on the grounds that:

(a) the Court overlooked the fact that Defendants did not raise preemption of Plaintiffs' tortious conversion claim in their motion for summary judgment;

(b) the Court overlooked the fact that Judge Linares December 29, 2005 Order did not address any preemption issues on their merits; and

(c) ERISA's preemption of all state-law claims that affect the funding of an ERISA-protected plan cannot be waived, and may be asserted at any time during the proceedings.

Defendants' Motion for Reconsideration should be denied because: the Court did not "overlook" anything. The Court's decision to deny Defendants' Motion to strike Count Six of Plaintiffs' Complaint was based squarely on the well-reasoned opinion of Judge Linares when he denied Defendants' Motion for

Summary Judgment. Defendants now attempt to characterize portions of that well-reasoned opinion as "dicta." However, Judge Linares did squarely address the issue before him, i.e., Plaintiffs' claims for tortious conversion. In addressing those claims the court rightly noted that <u>should</u> Defendants prevail on any ERISA preemption claim they might raise <u>at trial</u>, Plaintiffs' tortious conversion claims would be preempted. This ruling goes to the heart of Plaintiff's tortious conversion clam and certainly took ERISA preemption fully into account.

Judge Linares considered the ERISA preemption issue and made it clear that Defendants Motion to Strike Plaintiffs' claims was premature. Defendants seem to believe that because the ERISA preemption issue was set aside until trial it was not considered fully by the Judge. It was considered by the Judge and found to be premature. Moreover, it is still premature because the matter has not yet gone to trial. For these reasons, Defendants Motion for Reconsideration of the Court's August 9, 2006 Letter Order denying Defendants' Motion to Strike the Complaint's Sixth Count on ERISA preemption grounds should be dismissed.

## II. ARGUMENT

Defendants' contention that they never raised the issue of preemption prior to their May 2006 Preemption Motion does nothing to further their argument that the Court overlooked an issue in reaching its decision in the August 9th Letter Order. Defendants apparently raise this issue as very weak support for their

argument that Judge Linares could not have addressed on the merits any preemption argument because none appeared in Defendants' Summary Judgment motion.

However, Defendants are well aware that the reason they failed to raise a preemption argument in their Motion for Summary Judgment is precisely because a preemption argument would only apply if all of the Defendants were determined to be ERISA fiduciaries. Since Defendants denied in their Motion for Summary Judgment that they are ERISA fiduciaries, they could not avail themselves of any pre-emption arguments in the absence of a finding that they are, in fact, ERISA fiduciaries.

Judge Linares recognized this fact in his Opinion and Amended Order dated December 29, 2005 when he noted that Plaintiffs' Sixth Cause of Action <u>would be</u> preempted if Plaintiffs were to "<u>ultimately prevail</u>" on their ERISA claim. Therefore, Judge Linares made it clear in his opinion that the decision on whether Plaintiffs' state law tortious conversion claim was preempted by ERISA would be made if Defendants succeeded on their ERISA claim at trial. Even assuming *arguendo* that Defendants did not waive their argument, the argument is <u>still</u> premature because the case has not yet gone to trial.

Judge Linares clearly addressed preemption in his December 29, 2005 opinion denying Defendants' Motion for Summary Judgment. Defendants'

argument seems to be that they dislike the manner in which he did so, i.e. in a footnote. However, the fact that the Judge addressed the issue in a footnote does give the matter any less weight as Defendants contend.

Finally, because Judge Linares previously addressed ERISA preemption and ruled that a decision on the issue would be made at trial, Defendants' remaining argument regarding waiver of an ERISA claim moot.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs, Lawrence Sheinberg and Giles Hazel, on behalf of themselves and others similarly situated, respectfully request this honorable court to dismiss Defendants' Motion for Reconsideration of the Court's Letter Order dated August 9, 2006.

KLEINBARD BELL & BRECKER LLP

_/s/ Mary J. Walsh_
ROBERT B. BODZIN, ESQUIRE
MARY J. WALK, ESQUIRE
1900 Market Street. Suite 700
Philadelphia, PA 19103
(215) 568-2000

Dated: September 5, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED-CLERK
U.S. DISTRICT COURT

2006 SEP -7  A 11: 02

| | |
|---|---|
| LAWRENCE SHEINBERG and GILES HAZEL, on behalf of themselves and others similarly situated,<br><br>v.<br><br>ROBERT SORENSEN; DUROLITE INTERNATIONAL, INC.; LITETRONICS INTERNATIONAL, INC. | CIVIL ACTION<br><br>No. 2:00cv6041 (KSH) |

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

**NOTICE IS HEREBY GIVEN**, that on September 6, 2006, the following was filed in the United States District Court for the District of New Jersey in the above-captioned case:

I, the undersigned, hereby certify that I caused a copy of the above and foregoing documents attached hereto, to be served upon the persons listed below at the address shown by Federal Express.

        Kevin R. Krantz, Esquire
        Stahl Cowen Crowley LLC
        55 West Monroe Street, Suite 1200
        Chicago, IL 60603

        **KLEINBARD BELL & BRECKER LLP**

        _/s/ Mary J. Walk_
        MARY J. WALK, ESQUIRE
        1900 Market Street, Suite 700
        Philadelphia, PA 19103

        Attorneys for Plaintiffs

Dated: September 5, 2006

{00082730;v1}