**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
RONALD J. HEDGES
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING, JR.
FEDERAL BUILDING AND COURTHOUSE
50 WALNUT STREET
NEWARK, NJ 07101
973-645-3827

September 29, 2006

**LETTER-OPINION AND ORDER**
**ORIGINAL FILED WITH CLERK OF THE COURT**

Mary J. Walk, Esq.
Kleinbard Bell & Brecker LLP
1900 Market Street
Suite 700
Philadelphia, PA 19103

Kevin R. Krantz, Esq.
Stahl Cowen Crowley LLC
55 W. Monroe Street
Suite 1200
Chicago, Illinois 60603

Gerald Krovatin, Esq.
Krovatin & Associates
744 Broad Street
Suite 1903
Newark, NJ 07102

      Re:    Sheinberg, et al. v. Sorensen, et al.
              Civil Action No. 00-6041

## INTRODUCTION

This matter comes before me on the motion of defendants Robert Sorensen and Litetronics International, Inc., for reconsideration of my August 9, 2006, Letter-Order. Plaintiffs Lawrence Sheinberg and Giles Hazel, on behalf of themselves and others similarly situated,

oppose the motion. I have considered the papers submitted in support of and in opposition to the motion. There was no oral argument. Rule 78.

## BACKGROUND

Plaintiffs were employed by Duro-Test Corporation. In December 2000, plaintiffs filed a six-count Complaint. The third and fourth causes of action allege that defendants violated the terms of Duro-Test Corporation's self-insured healthcare benefit plan (the "Plan"), and Sections 404 and 502 of Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, by failing to fund the Plan with funds withheld as healthcare contributions from plaintiffs' paychecks and to maintain plaintiffs' health insurance coverage. The sixth cause of action alleges that defendants committed tortious conversion under State law by withholding employee health care contributions and not forwarding these to Blue Cross. These causes of action are based on the same factual allegations.

On July 8, 2004, defendants moved for summary judgment, seeking dismissal of each claim. In an Opinion and Order dated December 29, 2005, Judge Linares denied the motion. With respect to the tortious conversion claim, the Opinion stated: "The Court notes that this claim, as Plaintiffs' [sic] suspect, will be preempted if Plaintiffs ultimately prevail on their ERISA claim." p. 19. On May 30, 2006, defendants filed a Rule 12(b)(6) motion, again seeking dismissal of the tortious coversion claim, but this time on the grounds that it is preempted by Section 502 of ERISA. By Letter-Order dated August 9, 2006, I denied the motion, stating that preemption was already addressed by Judge Linares in the December 29th Opinion and Order.

Defendants seek reconsideration, arguing that while the December 29th Opinion addressed

preemption, it did not address whether the tortious conversion claim should be dismissed as soon as the Court determines that preemption applies.

## DISCUSSION

Local Civil Rule 7.1(i) governs motions for reconsideration. It requires the moving party to "[set] forth concisely the matter or controlling decisions which the party believes the [Court] has overlooked." "Only where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion, will it entertain such a motion." United States v. Compaction Sys. Corp, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Defendants seek reconsideration of my August 9th Order denying their motion to dismiss the tortious conversion claim because it was addressed in the December 29th Opinion and Order. The December 29th Opinion stated that the tortious conversion claim is preempted by ERISA and that plaintiffs could not simultaneously prevail on both claims. Upon reconsideration of defendants' motion to dismiss, I have concluded that the December 29th Opinion does not address whether defendants are entitled to dismissal of the tortious conversion claim as soon as the Court determines that preemption applies.

Third Circuit case law instructs courts to dismiss state law claims as soon as it is determined that ERISA preemption applies:

> [I]f ERISA operates to pre-empt a plaintiff's state law claims, such pre-emption is mandatory, and other federal courts have dismissed state law claims on motions pursuant to Fed.R.Civ.P. 12(b)(6) on this basis. Therefore, plaintiff cannot use the rules allowing alternative pleading as a defense to defendant's motion to dismiss. [Pane v. RCA Corp., 667 F. Supp. 168, 172 (D.N.J. 1987) (citations omitted), aff'd by, 868 F.2d 631, 635 (3d Cir. 1989)].

3

As stated in the December 29th Opinion, ERISA preemption applies. There are two steps in the ERISA-preemption analysis. First, the court "must determine if defendant had an ERISA benefit plan . . . second, [the court] must analyze whether the state laws involved 'relate to' this plan. Pane, 667 F. Supp. at 170. The phrase "relate to" is interpreted broadly: "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." 868 F.2d at 635.

The parties do not dispute that the Duro-Test Plan is an ERISA benefit plan. Further, the tortious conversion claim "relates to" the Plan because it seeks recovery of benefits owed pursuant to it. Plaintiffs' claim alleges that defendants committed conversion by withholding funds from plaintiffs' paychecks as employee contributions for health insurance premiums and by failing to pay Blue Cross the funds withheld. As a consequence of defendants' alleged actions, plaintiffs claim the Plan is underfunded. The tortious conversion claim satisfies both prongs of the ERISA preemption test.

## CONCLUSION

For the reasons set forth above, defendants' motion for reconsideration i GRANTED. Plaintiffs' tortious conversion claim is DISMISSED.

SO ORDERED.

s/ Ronald J. Hedges<br>United States Magistrate Judge

cc: Hon. Jose L. Linares U.S.D.J.

_____