UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
RONALD J. HEDGES
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING, JR.
FEDERAL BUILDING AND COURTHOUSE
50 WALNUT STREET
NEWARK, NJ 07101
973-645-3827

February 8, 2007

**LETTER-OPINION AND ORDER
ORIGINAL FILED WITH CLERK OF THE COURT**

Mary J. Walk, Esq.
Kleinbard Bell & Brecker LLP
1900 Market Street
Suite 700
Philadelphia, PA 19103

Kevin R. Krantz, Esq.
Stahl Cowen Crowley LLC
55 W. Monroe Street
Suite 1200
Chicago, Illinois 60603

Gerald Krovatin, Esq.
Krovatin & Associates
744 Broad Street
Suite 1903
Newark, NJ 07102

  Re: Sheinberg, et al. v. Sorensen, et al.
     Civil Action No. 00-6041 (JLL)

## INTRODUCTION

This matter comes before me on the motion of defendants Robert Sorensen and

Litetronics International, Inc., to decertify the class. Plaintiffs Lawrence Sheinberg and Giles

Hazel, on behalf of themselves and others similarly situated, oppose the motion. I have

considered the papers submitted in support of and in opposition to the motion.

1

## BACKGROUND

On May 20, 2002, this Court issued an order certifying the plaintiff class. To this date, plaintiffs' counsel have not submitted, filed or issued the Court-approved notice to class members required by Rule 23(c)(2)(B). Given the plaintiffs' omission, defendants have moved twice to decertify the class[1] and the Court has twice adjourned the trial.

The first trial date was scheduled for June of 2006. Plaintiffs allege that they were ready to begin trial, but were unable to issue the class notice on time because they sent a proposed class notice to the defendants for review and comment and the defendants never responded. See Plaintiffs' Response to Defendants' Motion to Decertify, p. 2, January 19, 2007. This allegation is at odds with plaintiffs' August 28, 2006, letter, stating that they sent the proposed class notice to defendants after I directed them to do so at the June 27, 2006, conference and after the defendants filed a motion for decertification on June 22, 2006. The Court denied the June 22nd motion.

Defendants electronically transmitted their proposed changes to plaintiffs' counsel on July 11, 2006. See Certificate of Service of Defendants' Proposed Changes, attached as Exhibit A to Defendants' Reply Memorandum, January 26, 2007. On September 27, 2006, the Court issued an Order requiring that all members of the class be noticed and setting a new trial date for January 10, 2007. Plaintiffs' counsel failed to issue the class notice by January 10th, alleging that they did not receive a copy of the Order and did not learn of the January 10th trial date until January 2nd,

---

[1] Defendants filed two other motions to decertify the class, which were not based on failure to give class notice. On May 30, 2006, defendants filed an *in limine* motion to decertify the class based on evidentiary issues. On June 19, 2006, defendants filed a motion to decertify the class as to Fair Labor Standards Act claims. These motions were denied.

2

when my assistant called to confirm the start of the trial. The Order was filed electronically on CM-ECF, the Court's electronic filing system. Since 2004, electronic filing has been the standard method for maintaining the Court's docket and issuing orders and other notices to attorneys. Plaintiffs' counsel are admitted *pro hac vice* and are not entitled to receive copies of electronically filed documents. They did not arrange for an attorney admitted to the Bar of this Court to register to receive electronic filings on their behalf.

On January 5, 2007, defendants again moved to decertify based on plaintiffs' failure to issue the class notice and on additional allegations of inadequate class representation, including (1) plaintiffs' counsel not having advised the class that the Court had dismissed the tortious conversion claim by Order dated September 27, 2006, and the proposed class notice still referencing this claim; and (2) plaintiffs' counsel not having advised the class that they may be liable for defendants' legal fees under the fee-shifting provisions of ERISA and the WARN Act.

The Court has again adjourned the trial date pending resolution of defendants' motion.

## DISCUSSION

Defendants seek to decertify the class based on plaintiffs' failure to issue a class notice pursuant to Rule 23(c)(2)(B) and on other examples of inadequate representation.

### Failure to Issue Class Notice

A district court may exercise its discretion to decertify a class if it appears that the Rule 23 requirements of class certification are no longer satisfied. Doe v. Karadzic, 192 F.R.D. 133, 136 (S.D.N.Y. 2000). For classes certified under Rule 23(b)(3), Rule 23(c)(2)(B) requires plaintiffs' counsel to issue a Court-approved notice to class members. Rule 23(c)(2)(B) provides:

> For any class certified under Rule 23(b)(3), the court must direct to

3

> class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language:
> • the nature of the action,
> • the definition of the class certified,
> • the class claims, issues, or defenses,
> • that a class member may enter an appearance through counsel if the member so desires,
> • that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
> • the binding effect of a class judgment on class members under Rule 23(c)(3).

The notice requirement is unambiguous, mandatory and cannot be waived. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 176 (1974). It ensures that any judgment will be binding on all class members who do not request exclusion from the class action. 417 U.S. at 176.

This class action was certified under Rule 23(b)(3) on May 20, 2002. Plaintiffs' counsel had nearly five years to issue a notice to class members in accordance with Rule 23(c)(2)(B). However, they failed to meet this obligation. The first trial date was scheduled for June of 2006. Plaintiffs' counsel failed to issue a class notice by that date. I directed plaintiffs' counsel at the June 27, 2006, conference to issue the class notice. I also executed an Order on September 27, 2006, directing plaintiffs' counsel to issue the class notice and scheduling the next trial date for January 10, 2007. Plaintiffs' counsel again failed to issue the class notice. Consequently, the trial was postponed for a second time.

Plaintiffs' counsel have not proffered an acceptable excuse for their omissions. With respect to their failure to issue a class notice in time for the June 2006 trial date, plaintiffs' counsel allege, in their opposition to the present motion, that they were ready to begin trial. They claim that they sent a proposed class notice to defendants' counsel for review and comment, but the

defendants never responded. This allegation is contradicted by the letter plaintiffs sent me on August 28, 2006, stating that plaintiffs sent the proposed class notice to defendants after I directed them to do so at the June 27th conference and after defendants filed a motion for decertification on June 22, 2006, based on plaintiffs' failure to issue the notice. Also, the defendants have submitted a certificate of service evidencing that they sent the proposed changes to plaintiffs' counsel via electronic transmission on July 11, 2006. In any event, plaintiffs could have requested my intervention and they did not do so.

With respect to the failure to issue a class notice in time for the January 10th trial date, plaintiffs' counsel allege that they did not learn of that date until my assistant called them on January 2nd to confirm the start of the trial. The September 27, 2006, Order, which set the January 10th trial date, was filed electronically on CM-ECF. Because plaintiffs are admitted *pro hac vice*, they are not entitled to receive copies of electronically filed documents. Rather, pursuant to Local Civil Rule 15(b)(2), counsel admitted *pro hac vice* are entitled to receive copies of all electonically filed documents via regular mail. Plaintiffs counsel allege that they never received a copy of the September 27th Order by mail.

This excuse does not justify plaintiffs' failure to issue the class notice. Local Civil Rule 101.1(c)(4) requires counsel admitted *pro hac vice* to arrange for an attorney admitted to the Bar of this Court to promptly file an appearance with this Court, designating himself as the agent upon whom all notices, orders and pleadings may be served. Plaintiffs failed to associate with an admitted attorney. Plaintiffs cannot take shelter in the Court's alleged failure to mail them the Order pursuant to Local Civil Rule 15(b)(2), when they failed to comply with Local Civil Rule 101.1(c)(4), which is designed to give plaintiffs an alternative means of obtaining the Court's

orders.

Additionally, litigants have an ongoing duty to monitor the Court's docket.  See, e.g., Fox v. American Airlines, 389 F.3d 1291, 1294 (D.C.Cir. 2004); Cherrry Line, S.A. v. Muma Services, 2006 WL 2947065, *2 (D.Del. Oct. 13, 2006).  In Fox, the appellants moved to vacate a district court's order granting defendant's motion to dismiss on the grounds that it was not opposed and a local rule required the court to treat all unopposed motions as conceded.  The appellants argued that they were excused from timely filing their opposition because the court's electronic filing system failed to send them an e-mail notification that the motion had been filed.  389 F.3d at 1293.  The court held:

> In defending their failure to . . . [timely file the opposition], the appellants offer nothing but an updated version of the classic 'my dog ate my homework' line. . . . Their counsel's effort at explanation, even taken at face value, is plainly unacceptable. Regardless whether he received the e-mail notice, he remained obligated to monitor the court's docket. [389 F.3d at 1294].

Similarly, here, the plaintiffs should have taken affirmative action to monitor the Court's docket, rather than wait for an order to arrive in their mail box.  Plaintiffs should have reasonably expected that the trial date would be rescheduled.  They had from June of 2006 to January of 2007 to find out the new trial date and to issue the class notice.  Their omissions are inexcusable.

**Inadequate Representation**

"To obtain certification of a class action [pursuant to Fed R. Civ. P. 23(a)(4)], both the named plaintiffs and their attorneys must show that they 'will competently, responsibly, and vigorously prosecute the suit.'"  Shamberg v. Ahlstrom, 111 F.R.D. 689, 692 (D.N.J. 1986) (quoting Bogosian v. Gulf Oil Corp., 561 F.2d 434, 449 (3d Cir. 1977), cert. denied, 434 U.S. 1086 (1978)).  The attorney's performance in the present action is relevant to this inquiry; the attorney's

6

past performance or general reputation is irrelevant. In re Frontier Ins. Group, Inc. Securities Litigation, 172 F.R.D. 31, 44 (E.D.N.Y. 1997).

The prosecution of this action has not been competent, responsible or vigorous. Counsel failed to issue a class notice or arrange for an admitted attorney to attain access to the Court's electronic filing system. These omissions are irresponsible because if adequate notice is not issued, the final judgment will not be binding on absent class members. Further, the prosecution of this action has been far from vigorous–this action has lingered for nearly five years without going to trial and without the class members' knowledge of its pendency. Other indicia of inadequate representation are found in the plaintiffs' proposed class notice: the notice references a tortious conversion claim that the Court dismissed in the September 29, 2006, Order, and does not advise the class members that they may be liable for defendants' legal fees under the fee-shifting provisions of ERISA and the WARN Act. These are significant facts that responsible counsel ought to share with their class. Therefore, plaintiffs' counsel has failed to satisfy Rule 23(a)(4)'s adequate representation requirement.

## CONCLUSION

For the reasons set forth above, defendants' motion for decertification is **GRANTED**. The trial shall proceed with respect to the named plaintiffs, Messrs. Sheinberg and Hazel on April 9, 2007, at 2 PM.

**SO ORDERED.**

s/ Ronald J. Hedges

United States Magistrate Judge