ROBERT B. BODZIN, ESQUIRE
MELISSA C. PRINCE, ESQUIRE
Kleinbard Bell & Brecker LLP
1900 Market Street, Suite 700
Philadelphia, PA 19103

ALAN S. NAAR, ESQUIRE
GREENBAUM, ROWE, SMITH& DAVIS LLP
Metro Corporate Campus One
P. O. Box 5600
Woodbridge, NJ 07095

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE SHEINBERG and GILES HAZEL, on behalf of themselves and others similarly situated, <br><br> v. <br><br> ROBERT SORENSEN; DUROLITE INTERNATIONAL, INC.; LITETRONICS INTERNATIONAL, INC. | CIVIL ACTION <br><br><br><br><br><br> No. 2:00cv6041 (RJH) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF THE COURT'S ORDER AND OPINION OF FEBRUARY 8, 2007**

Plaintiffs Lawrence Sheinberg and Giles Hazel, on behalf of themselves and others similarly situated, through their undersigned counsel, hereby file their memorandum of law in support of their Motion for Reconsideration of the Court's Order and Opinion dated February 8, 2007.

**I.   STATEMENT OF FACTS**

On May 20, 2002, the Honorable Catherine S. Hayden entered an Order and Opinion certifying the plaintiff class under Fed. R. Civ. Proc. 23(b)(3). In her Order of

May 20, 2002, Judge Hayden <u>did</u> <u>not</u> direct that notice to the plaintiffs class be provided pursuant to Fed. R. Civ. Proc. 23(c)(2)(B). (See Affidavit of Robert B. Bodzin filed simultaneously herewith, ¶3.) Thereafter, on December 2, 2004, this Court entered an Order requiring "class plaintiffs to be surveyed regarding damage information". (<u>Id.</u> at ¶4.) Pursuant to this Court's Order, on December 31, 2004, plaintiffs' counsel sent a letter with an attached questionnaire to all 474 members of the plaintiff class in order to obtain information regarding damages. (<u>Id.</u> at ¶5.) On February 3, 2005, plaintiffs' counsel provided counsel for defendants with a sample of the cover letter and questionnaire it sent to the members of the plaintiff class, along with a summary of all of the responses it received from the questionnaires. (<u>Id.</u> at ¶6.) Defendants never provided any comments to the sample letter and questionnaire and never requested the inclusion of any additional language. (<u>Id.</u> at ¶7.)

Trial was originally scheduled for June 27, 2006. (<u>Id.</u> at ¶8.) On May 26, 2006, defendants filed <u>15</u> separate Pre-Trial Motions, including a Motion for Class Decertification. None of the Motions raised the issues of class notice. (<u>Id.</u> at ¶9.) On June 22, 2006, just four days prior to the June 27, 2006, scheduled start of trial, defendants filed a second Motion for Decertification, which alleged that class notice had not been provided to the class prior to trial pursuant to Fed. R. Civ. Proc. 23(c)(2)(B). (<u>Id.</u> at ¶10.) On June 26, 2006, plaintiffs filed opposition to defendants' Motion to Decertify, specifically requesting that the Court order the parties to provide an agreed upon Class Notice. (<u>Id.</u> at ¶11.)

On June 27, 2006, the date the trial was scheduled to start, the Court refused to hear defendants' motion to decertify on the basis that it was not timely filed. On that

date, Plaintiffs counsel handed the draft Class Notice they had prepared to counsel for defendants for their review and comment. (Id. at ¶12.) As a result of defendants' untimely motions for decertification, the Court rescheduled the trial date for September 26, 2006. (Id. at ¶13.) On June 29, 2006, plaintiffs' counsel sent an e-mail to defendants' counsel with a copy of the draft Class Notice. (Id. at ¶14.) Defendants' counsel acknowledged their receipt of the draft Class Notice through an e-mail dated June 29, 2006. (Id. at ¶15.) Though defendants' counsel alleges it sent comments to plaintiffs' counsel regarding the proposed draft notice on July 11, 2006, plaintiffs' counsel never received these comments from defendants' counsel. (Id. at ¶16.)

On August 26, 2006, the Court denied defendants' Second Motion to Decertify, finding that plaintiffs' counsel's December 31, 2004, letter, with attached questionnaire, met the notice requirements of Fed. R. Civ. Proc. 23(c)(2)(B). (Id. at ¶20.) As of August 28, 2006, plaintiffs' counsel had not yet received a copy of the Court's Order, nor had it received any comments from defendants' counsel regarding its Class Notice. Thus, plaintiffs' counsel wrote a letter to the Court out of concern that the class be provided with Notice of the upcoming September 26, 2006 trial:

> "Pursuant to your honor's direction at oral argument held on June 27, 2006, counsel for Plaintiffs sent counsel for Defendants a proposed form of notice, which is also attached to Plaintiff's Response to the Motion to Decertify. <u>Counsel for Defendant have neither objected to the proposed form of notice nor have they returned it to counsel for plaintiffs with any comments.</u>
>
> As it is now less than thirty days before the trial currently scheduled for September 26, 2006<u>, I am writing to respectfully request that Your Honor approve our sending the proposed Notice to the Plaintiff Class in the form enclosed with this letter.</u>"

[Emphasis added]. (Id. at ¶21.)

On September 6, 2006, defendants filed a Motion to Reconsider the Court's Order denying its Second Motion to Decertify. In its Motion, defendants argued:

> "Defendants urge the Court to reconsider the August 22, 2006 letter and require that proper notice with all the required class advisements be provided to Plaintiffs' class. In its Order entered following the June 26 court appearance of the Parties, this Court requested a proposed notice be sent by Plaintiffs to Defendants with Defendants suggested revisions to same submitted to the Court. <u>The Notice that was submitted contained all the required advisements under Rule 23(c)(2)(B).</u> Defendants' request that this court allow for notice substantially in the form submitted to the Court, to be sent to the Plaintiffs class prior to trial."

[Emphasis added]. (Id. at ¶22.) On September 15, 2006, plaintiffs responded to defendants Motion for Reconsideration and advised:

> "On June 27, 2006, the Court directed Defendants to comment on the form of notice to the class submitted by Plaintiffs. <u>No comments or objections were communicated by Defendants...</u> Defendants now seek to send notice to the class in the form proposed by Plaintiffs at the Motion Hearing on June 27, 2006... Plaintiffs do not object to an adjournment of a jury and the trial date for no more than thirty days to allow for proper notice to be sent to all members of the class."

[Emphasis added]. (Id. at ¶23.)

On September 15, 2006, counsel for plaintiffs again wrote to this Court enclosing a copy of plaintiffs' response to defendants' Motion for Reconsideration and requesting a conference with the court to resolve the issue of class notice. (Id. at ¶24.) On September 18, 2006, the Court wrote to all counsel adjourning the September 26, 2006, trial date and advising that trial would not commence until all outstanding motions were considered by the Court. (Id. at ¶25.)

Counsel for plaintiffs did not receive the Court's Order of September 26, 2006, ordering plaintiffs to serve the Class Notice and setting the January 10, 2007 trial date.

(Id. at ¶26.) Plaintiffs' counsel learned of the trial date in a telephone message from the Court's assistant and immediately responded, advising the Court they had not received the September 26, 2007 Order. (Id. at ¶27.)

Plaintiffs' counsel has diligently pursued the claims of the plaintiff class and never sought any continuances of the trial date. (Id. at ¶28.) Plaintiffs' counsel's actions lie in stark contrast to the actions of counsel for defendants, who have sought multiple continuances of the trial date. (Id. at ¶29.) Defendants substituted counsel in this matter on two occasions. On both occasions, the substituted counsel sought continuances of the trial date, once for the alleged purpose of discussing settlement, and another time because defendants' counsel sought a decision on a Declaratory Judgment action in Illinois relating to defendants' claim for insurance coverage under its Directors & Officers insurance policy. (Id. at ¶30.) Defendants further protracted the litigation through the late joinder of Fleet Bank as a Third-Party Defendant. After the parties initiated discovery towards Fleet Bank, Fleet Bank was dismissed from the action by defendants without consideration. (Id. at ¶31.)

Decertification is unnecessary because the class has been and will continue to be adequately represented. (Id. at ¶32.) In order to avoid any further issues concerning notice or other local practice issues, counsel for plaintiffs has engaged Greenbaum, Rowe, Smith & Davis LLP as local counsel. (Id. at ¶33.) Decertification of the class is likely to protract this litigation and may require multiple trials. (Id. at ¶34.)

## II. ARGUMENT

Plaintiffs seek reconsideration of this Court's Order decertifying the class because: 1) decertification of the class would result in a manifest injustice to the class

and would render all of the efforts in preparation for the trial a waste; 2) the Court's conclusion that the class is not adequately represented was based on clear errors of fact; and 3) decertification of the class under the circumstances would constitute a clear error of law. For these reasons, and based upon the support Affidavit of Robert B. Bodzin, Esquire, plaintiffs request that this Court vacate its February 8, 2007 Decision and Order and direct it to provide the class with notice so that it can proceed with the trial, which is currently scheduled for April 9, 2007.

### A. MOTION FOR RECONSIDERATION STANDARD

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Thus, a motion for reconsideration is generally treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b). Id. In the District of New Jersey, however, Local Civil Rule 7.1(g) governs motions for reconsideration. Bowers v. NCAA, 130 F. Supp. 2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(g); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996). In order to prevail on a motion for consideration, the movant must show that there is: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The Court will grant a motion for reconsideration if its prior decision has overlooked a factual or legal

issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(g).

### B.   IF THE COURT DOES NOT VACATE ITS DECISION, IT WILL CREATE A MANIFEST INJUSTICE TO THE PLAINTIFF CLASS.

The plaintiff class has vigorously pursued its claims against defendants and has waited for five (5) years to be heard. The Court's decision to decertify the plaintiff class on the eve of trial, if sustained, effectively dismisses of all of the claims of the plaintiff class, forcing it to start all over again in the class certification process. Such an extreme remedy would cause a manifest injustice to the plaintiff class and would render all of the efforts in preparation for the trial a waste.

Furthermore, decertification is far too drastic a penalty. Even if, as the Court suggests, plaintiffs' counsel had a continuing obligation to monitor the docket for new electronic filings when it did not receive service by mail, the fact remains that the plaintiffs' counsel fully prepared this case for trial and communicated with the Court on two occasions in a good faith effort to prove proper notice to the class. No party has suffered any prejudice as a result of a delay of the trial date. However, should the Court refuse to reconsider its decision to decertify the plaintiff class, plaintiffs will be severely prejudiced because the efforts plaintiffs have spent establishing their claims and waiting for their day in court will be futile.

### C.   THE COURT'S DECISION WAS PREMISED ON ERRONEOUS FACTS.

In rendering its decision to decertify the plaintiff class, the Court was misinformed concerning material facts necessitating a reconsideration of the Court's decision.

## 1. PLAINTIFFS' COUNSEL DID NOT FAIL TO TIMELY ISSUE A CLASS NOTICE FOR THE TRIAL DATE.

When Judge Hayden certified the class in May 2002, she did not order notice to the class pursuant to Fed. R. Civ. Proc. 23(c)(2)(B). Fed. R. Civ. Proc. 23(c)(2)(B) provides, in part:

> "For any class certified under Rule 23(b)(3), <u>the Court must direct to class members</u> the best notice practicable under the circumstances…"

On December 2, 2004, the Court ordered that plaintiffs' counsel survey the class plaintiffs regarding damage information. Immediately thereafter, on December 31, 2004, plaintiffs' counsel sent a letter and questionnaire to all 474 members of the plaintiff class seeking this information. Though plaintiffs' counsel promptly sent copies of the letter, questionnaire and survey results to defendants' counsel in February of 2005, defendants' counsel never responded or objected to the form of the notice.

In fact, defendants' counsel waited until the eve of the June 27, 2006, trial, when as a part of their last ditch effort to delay its commencement, they filed their motion to decertify the class. Though the Court ordered plaintiffs' counsel to serve a draft Class Notice on defendants' counsel for their review, the Court's Order came as a direct result of plaintiffs' counsel's request that it do so. In fact, because of the untimeliness of defendants' Motion for Decertification, the Court refused to entertain any argument regarding the motion on that date. Plaintiffs served the draft Class Notice on defendants' counsel on June 27, 2006, and again on June 29, 2006.

Despite defendants' counsel's assertions to the contrary, plaintiffs' counsel did not receive any objections to its draft Class Notice from defendants' counsel on July 11, 2006 or at any time thereafter. In fact, plaintiffs' counsel raised the fact that it had not

received any objections from defendants' counsel in at least two communications to the Court, which were dated August 28, 2006 and September 15, 2006, both of which were well after defendants' counsel allegedly filed its objections. In each of those letters, Plaintiffs' counsel sought the intervention of the Court to move along the process of providing class notice because the Court had not ruled on Defendants' Motion to Decertify. Defendants' counsel received copies of both plaintiffs' August 28, 2006, correspondence, as well as its September 15, 2006, correspondence. Yet, defendants' counsel failed to respond to plaintiffs' counsel's correspondence by indicating that their objections had already been sent. Further, a search by plaintiffs' counsel for e-mail that he received on July 11, 2006, the day that defendants' counsel allegedly sent their objections electronically, has revealed that plaintiffs' counsel never received defendants' objections.

On August 26, 2006, the Court denied defendants' Second Motion for Decertification, finding that plaintiffs' counsel's December 31, 2004, letter and questionnaire provided sufficient class notice. Defendants subsequently filed a motion for reconsideration, to which plaintiffs' counsel filed a response, indicating that it still had not received any objections to the draft Class Notice. After receiving a letter from the Court adjourning the September 26, 2006, trial date pending a decision on defendants' pending motions, plaintiffs never received any further notice from the Court regarding service of the draft Class Notice or the rescheduled trial date.

### 2. PLAINTIFFS DID NOT FAIL TO ADEQUATELY REPRESENT THE CLASS.

Plaintiffs' counsel has endeavored to "competently, responsibly and vigorously prosecute the suit" on behalf of plaintiffs. See, Shamberg v. Ahlstrom, 111 F.R.D. 689,

692 (D.N.J. 1986). If plaintiffs' counsel was responsible for monitoring the Court's docket in order to receive notice of filings, plaintiffs' failure to do so when it did not receive a copy of the Court's Order setting the January 2007 trial date by mail, constituted a minor oversight on plaintiffs' counsel's part, which should be forgiven by the Court given the circumstances. See, Guerine v. J.W. Investment, Inc., 544 F.2d 864, 865 (5th Cir. 1977). Plaintiffs' counsel's oversight was not intentional and did not result in any prejudice to any party. Also, in its response to defendants' Motion for Decertification, plaintiffs' counsel notified the Court that it now has electronic filing access and, since that time, plaintiffs' counsel has retained the law firm of Greenbaum, Rowe, Smith & Davis LLP as local counsel.

Further, other than plaintiffs' counsel's admission that it failed to monitor the docket to determine whether the Court had issued any Orders that it had not received copies, plaintiffs' counsel has not, in any way, delayed the trial in this matter. Believing that it had fully complied with the class notice requirement issued by the Court in December of 2004, plaintiffs' counsel was ready to go to trial in June of 2006.

In contrast, Defendants have requested several continuances of the trial date. In June of 2006, defendants' counsel filed a second motion to decertify the class just four (4) days before the scheduled trial date. Prior to that, defendants substituted counsel on two occasions and both sought continuances of the trial date, once for the alleged purpose of discussing settlement, and another time for the purpose of bringing Fleet Bank in as a third party, which resulted in additional discovery and the eventual dismissal of Fleet Bank as a party to the action.

In addition, the Court relied on incorrect information in determining that there are errors in plaintiffs' draft Class Notice. First, plaintiffs' "draft" Class Notice, is simply that --- a draft. It was anticipated that plaintiffs' counsel and defendants' counsel would each propose appropriate language for the Class Notice with the Court resolving any conflict. As has been discussed above, plaintiffs' counsel served the draft Class Notice on defendants' counsel in June of 2006. At that time, the Court had not dismissed the tortious conversion claim. Moreover, the draft notice merely stated that plaintiffs made a "tortious conversion claim", which is accurate. Lastly, the fact that attorneys fees may be awarded to defendants may be appropriate, but, plaintiffs' counsel should be permitted to argue that such an award is unlikely in light of this Court's denial of defendants' Summary Judgment Motion.

### D. THE COURT COMMITTED A CLEAR ERROR OF LAW IN RENDERING ITS DECISION TO DECERTIFY THE PLAINTIFF CLASS.

Plaintiffs' counsel continues to assert that it has provided more than adequate representation to the Plaintiff class. However, in the event that the Court finds Plaintiffs' counsel did not provide adequate representation, decertification of the class is not the proper remedy. Dismissal of claims brought by a class is an extreme remedy that should only be imposed in extraordinary circumstances. See, Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d. Cir. 1982) (holding that dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff.)

If during the course of litigation, the trial court determines that class counsel has become inadequate, the court should seek to appoint new counsel before making the

decision to decertify a class.[1] Birmingham Steel Corp., v. Tennessee Valley Auth., 353 F.3d 1331 (11th Cir. 2003); Swanson v. Wabash, 577 F. Supp. 1308, 1326 (N.D. Ill. 1983). In Birmingham Steel, the Court concluded that the District Court abused its discretion by decertifying the class without giving class counsel reasonable time to determine whether a new class representative could be substituted. In reaching its conclusion, it relied upon Lynch v. Baxley, 651 F.2d 387 (5th Cir. 1981) finding:

> In support of its holding [in Lynch], the panel noted that the efficient administration of justice required that such an opportunity be given as otherwise the two years spent conducting discovery would be rendered useless by the decertification of the class. Similarly, in this case, the parties had completed discovery, had litigated numerous pretrial motions, and were on the eve of trial when the named plaintiff, Birmingham Steel, became an inadequate representative. Accordingly, absent some special circumstance that would take this case out of the reach of the holding on Lynch, the latter case would indicate that the district court erred by not giving counsel an opportunity to seek a new named plaintiff.

Id. at 1339. The court also found that even though the case had been pending for over three years and it "sympathized with the frustration of the district court as to any further delay of a trial that had been specifically set for over a year" such grounds did not adequately support its refusal to allow the plaintiff class to obtain a new representative. Id. at 1342.

The circumstances here are very similar to those that were present in both Lynch and Birmingham Steel. Not only has discovery been completed in this matter, but class certification, pre-trial motions and summary judgment motions have been completed,

---

[1] Prior to and since the adoption of Fed. R. Civ. Proc. 23(g), courts routinely cited Fed. R. Civ. Proc. 23(a)(4) and the line of cases interpreting it for the court's authority to analyze class counsel. See, e.g. Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997); Greisz v. Household Bank, N.A., 176 F.3d 1072, 1013 (7th Cir. 1999).

and trial memoranda and proposed jury instructions have been submitted. The efficient administration of justice and the interests of the class will not be served if the Court decertifies the class without first providing it with the opportunity to obtain new counsel. As such, if the Court determines that plaintiffs' counsel has not adequately represented the class, the class should be given a reasonable period of time to obtain new counsel.

## III. CONCLUSION

For all of the foregoing reasons, plaintiffs Lawrence Sheinberg and Giles Hazel, on behalf of themselves and others similarly situated, respectfully request that this Court reconsider and vacate its Order and Opinion of February 8, 2007.

KLEINBARD BELL & BRECKER LLP

Robert B. Bodzin, Esquire
Melissa C. Prince, Esquire
1900 Market Street; Suite 700
Philadelphia, PA 19103
215-568-2000
215-568-0140 (facsimile)

Dated: February 22, 2007