GREENBAUM, ROWE, SMITH & DAVIS LLP
P. O. Box 5600
Woodbridge, NJ  07095
(732) 549-5600
Attorneys for Plaintiffs


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE SHEINBERG and GILES HAZEL, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT SORENSEN; DUROLITE INTERNATIONAL, INC.; LITETRONICS INTERNATIONAL, INC. <br><br> Defendants. | CIVIL ACTION <br><br> Civil Action No. 00-6041 (JLL) <br><br> AFFIDAVIT OF ROBERT B. BODZIN IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S FEBRUARY 8, 2007 ORDER AND OPINION |

STATE OF PENNSYLVANIA     )
                          ) SS
COUNTY OF PHILADELPHIA     )

## AFFIDAVIT

ROBERT B. BODZIN, being duly sworn according to law, deposes and says:

1.     I am counsel for plaintiffs in the above-captioned matter and submit this Affidavit in support of Plaintiffs' Motion for Reconsideration of the Court's Order and Opinion of February 8, 2007.

2.     In the Court's Opinion of February 8, 2007 at pages 2 and 3, the Court commented on the recitation of the facts concerning notice to the class based on certain

{00128473;v2}

representations made by defendants in their Reply Brief that are both inaccurate and incomplete.

3.      On May 14, 2002, the Honorable Catherine S. Hayden entered an Order and Opinion certifying the plaintiff class under Fed. R. Civ. Proc. 23(b)(3).  In her Order of May 20, 2002, Judge Hayden <u>did</u> <u>not</u> direct that notice to the plaintiffs class be provided pursuant to Fed. R. Civ. Proc. 23(c)(2)(B).  (A copy of Judge Hayden's Order is attached hereto as Exhibit "A.")

4.      On December 2, 2004, this Court entered an Order requiring "class plaintiffs to be surveyed regarding damage information".  (A copy of the Court's Order is attached hereto as Exhibit "B.")

5.       Pursuant to this Court's Order, on December 31, 2004, plaintiffs' counsel sent a letter with an attached questionnaire to all 474 members of the plaintiff class in order to obtain information regarding damages.  (Plaintiffs' counsel's correspondence and attached questionnaire are attached hereto as Exhibit "C.")

6.      On February 3, 2005, plaintiffs' counsel provided counsel for defendants with a sample of the cover letter and questionnaire it sent to the members of the plaintiff class, along with a summary of all of the responses it received from the questionnaires. (Plaintiffs' counsel's February 3, 2005, correspondence is attached hereto as Exhibit "D.")

7.      Defendants never provided any comments to the sample letter and questionnaire and never requested the inclusion of any additional language.

8.      Trial was originally scheduled for June 27, 2006.

9.     On May 26, 2006, defendants filed <u>15</u> separate Pre-Trial Motions, including a Motion for Class Decertification.  None of the Motions raised the issues of class notice.

10.     On June 22, 2006, just four days prior to the June 27, 2006, scheduled start of trial, defendants filed a second Motion for Decertification, which alleged that class notice had not been provided to the class prior to trial pursuant to Fed. R. Civ. Proc. 23(c)(2)(B).

11.     On June 26, 2006, plaintiffs filed opposition to defendants' Motion to Decertify, specifically requesting that the Court order the parties to provide an agreed upon Class Notice.

12.     On June 27, 2006, the date the trial was scheduled to start, the Court refused to hear defendants' motion to decertify on the basis that it was not timely filed. On that date, Plaintiffs counsel handed the draft Class Notice they had prepared to counsel for defendants for their review and comment.  ( A copy of the draft Class Notice is attached hereto as Exhibit "E.")

13.     As a result of defendants' untimely motions for decertification, the Court rescheduled the trial date for September 26, 2006.

14.     On June 29, 2006, plaintiffs' counsel sent an e-mail to defendants' counsel with a copy of the draft Class Notice.

15.     Defendants' counsel acknowledged their receipt of the draft Class Notice through an e-mail dated June 29, 2006.  (A copy of defendants' counsel's e-mail is attached hereto as Exhibit "F.")

16.     Though defendants' counsel alleges it sent comments via electronic mail to plaintiffs' counsel regarding the proposed draft notice on July 11, 2006, plaintiffs' counsel never received these comments from defendants' counsel.

17.     The docket does not reflect any certification being filed with the Court on or near July 11, 2006.

18.     To confirm my belief that I did not receive any comments from counsel for defendants, I had the outside vendor who backs up all e-mail for my law firm, retrieve all e-mails sent to me or my associate on July 11, 2006.

19.     I have reviewed the e-mails received for July 11, 2006 and there are no e-mails from counsel for defendants.

20.     On August 22, 2006, the Court denied defendants' Second Motion to Decertify, finding that plaintiffs' counsel's December 31, 2004, letter, with attached questionnaire, met the notice requirements of Fed. R. Civ. Proc. 23(c)(2)(B).  (A copy of the Court's August 26, 2006, Order is attached hereto as Exhibit "G.")

21.     As of August 28, 2006, plaintiffs' counsel had not yet received a copy of the Court's Order, nor had it received any comments from defendants' counsel regarding its Class Notice.  Thus, plaintiffs' counsel wrote a letter to the Court out of concern that the class be provided with Notice of the upcoming September 26, 2006 trial:

> "Pursuant to your honor's direction at oral argument held on June 27, 2006, counsel for Plaintiffs sent counsel for Defendants a proposed form of notice, which is also attached to Plaintiff's Response to the Motion to Decertify. <u>Counsel for Defendant have neither objected to the proposed form of notice nor have they returned it to counsel for plaintiffs with any comments.</u>

> As it is now less than thirty days before the trial currently scheduled for September 26, 2006, I am writing to respectfully request that Your Honor approve our sending the proposed Notice to the Plaintiff Class in the form enclosed with this letter."

[Emphasis added].  (A copy of plaintiffs' counsel's August 28, 2006, correspondence to the Court is attached hereto as Exhibit "H.")

22.   On September 6, 2006, defendants filed a Motion to Reconsider the Court's Order denying its Second Motion to Decertify.  In its Motion, defendants argued:

> "Defendants urge the Court to reconsider the August 22, 2006 letter and require that proper notice with all the required class advisements be provided to Plaintiffs' class. In its Order entered following the June 26 court appearance of the Parties, this Court requested a proposed notice be sent by Plaintiffs to Defendants with Defendants suggested revisions to same submitted to the Court.  The Notice that was submitted contained all the required advisements under Rule 23(c)(2)(B).  Defendants' request that this court allow for notice substantially in the form submitted to the Court, to be sent to the Plaintiffs class prior to trial."

[Emphasis added]. (A copy of defendants' motion for reconsideration is attached hereto as Exhibit "I.")

23.   On September 15, 2006, plaintiffs responded to defendants Motion for Reconsideration and advised:

> "On June 27, 2006, the Court directed Defendants to comment on the form of notice to the class submitted by Plaintiffs.  No comments or objections were communicated by Defendants… Defendants now seek to send notice to the class in the form proposed by Plaintiffs at the Motion Hearing on June 27, 2006… Plaintiffs do not object to an adjournment of a jury and the trial date for no more than thirty days to allow for proper notice to be sent to all members of the class."

[Emphasis added]. (A copy of plaintiffs' response is attached hereto as Exhibit "J.")

24.     On September 15, 2006, counsel for plaintiffs again wrote to this Court enclosing a copy of plaintiffs' response to defendants' Motion for Reconsideration and requesting a conference with the court to resolve the issue of class notice.  (A copy of plaintiffs' counsel's September 15, 2006, correspondence is attached hereto as Exhibit "K.")

25.     On September 18, 2006, the Court wrote to all counsel adjourning the September 26, 2006, trial date and advising that trial would not commence until all outstanding motions were considered by the Court.  (A copy of the Court's September 26, 2006, correspondence is attached hereto as Exhibit "L.")

26.     Counsel for plaintiffs did not receive the Court's Order of September 26, 2006, ordering plaintiffs to serve the Class Notice and setting the January 10, 2007 trial date.

27.     Plaintiffs' counsel learned of the trial date in a telephone message from the Court's assistant and immediately responded, advising the Court they had not received the September 26, 2007 Order.

28.     Plaintiffs' counsel has diligently pursued the claims of the plaintiff class and never sought any continuances of the trial date.

29.     Plaintiffs' counsel's actions lie in stark contrast to the actions of counsel for defendants, who have sought multiple continuances of the trial date.

30.     Defendants substituted counsel in this matter on two occasions.  On both occasions, the substituted counsel sought continuances of the trial date, once for the alleged purpose of discussing settlement, and another time because defendants' counsel sought a decision on a Declaratory Judgment action in Illinois relating to

defendants' claim for insurance coverage under its Directors & Officers insurance policy.

31.     Defendants further protracted the litigation through the late joinder of Fleet Bank as a Third-Party Defendant.  After the parties initiated discovery towards Fleet Bank, Fleet Bank was dismissed from the action by defendants without consideration.

32.     Decertification is unnecessary because the class has been and will continue to be adequately represented.

33.     In order to avoid any further issues concerning notice or other local practice issues, counsel for plaintiffs has engaged Greenbaum, Rowe, Smith & Davis LLP as local counsel.

34.     Decertification of the class is likely to protract this litigation and may require multiple  trials.

35.     The foregoing is true and correct to the best of my knowledge, information and belief.

_____
ROBERT B. BODZIN

Sworn to and Subscribed

Before me this          day

Of                          , 2007

_____
     Notary Public