EXHIBIT B

**Exhibit "B"**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAWRENCE SHEINBERG and GILES : 
HAZEL                                                         Civil Action No. 00-6041
on behalf on themselves and others
similarly situated,                              :

      Plaintiffs,                           :

      vs.                                         :           **OPINION**

ROBERT SORENSEN and              :
LITETRONICS INTERNATIONAL, INC.,

      Defendants.                        :


**RONALD J. HEDGES, U.S.M.J.**


**INTRODUCTION**

      This matter comes before me on the motions of defendants Robert Sorensen and Litetronics International, Inc., to strike plaintiffs' jury demand and to decertify the class.[1] Plaintiffs Lawrence Sheinberg and Giles Hazel oppose the motions. I have considered the papers submitted in support of and in opposition to the motions. There was no oral argument. Rule 78.

---

[1] On May 30, 2006, defendants filed an *in limine* motion to decertify the plaintiff class based on evidentiary issues which was followed by a motion filed on June 19, 2006, to decertify the class as to the Fair Labor Standards Act claims, and a motion filed on June 22, 2006, to decertify the plaintiff class for failure to provide Notice to class members.

## PROCEDURAL BACKGROUND

Plaintiffs filed the Complaint and jury demand on December 14, 2000. On May 20, 2002, plaintiffs' motion to certify the class was granted, permitting three hundred and fifty non-union employees of Duro-Test Corporation ("Duro-Test"), including salaried management personnel, engineers, commissioned sales employees and support staff to join in the action. Plaintiffs' collective claims arise from defendants' failure to provide the employees with pay wages, sales commissions, benefits, health insurance premiums and coverage, as well as timely notice of the Duro-Test plant closure.

DuroLite International, Inc., a named defendant under the original Complaint, was voluntarily dismissed by plaintiffs at oral argument before Judge Linares. Fleet Financial, once named a third party defendant, was held not liable and dismissed. On December 29, 2005, Judge Linares issued an Opinion and Amended Order dismissing a number of plaintiffs' causes of action against the defendants. The surviving claims arise under Section 6 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 206; Section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1104, *et seq.*; the Worker Adjustment and Retraining Notification Act ("Warn Act"), 29 U.S.C. 2121(a) (this claim was dismissed against Sorensen); the New Jersey Wage Payment Statute, N.J.S.A. 34:11-4.2, *et seq.*; and common law tortious conversion.[2]

The parties are closely familiar with the facts of this case which were set forth at length in their submissions as well as in prior court opinions, and thus, the facts will not be reiterated

---

[2]On August 9, 2006, I issued two Letter-Orders. I denied defendants' motions for judgment on the pleadings as to plaintiffs' Fifth and Sixth causes of action.

herein.

## ANALYSIS

### A.   Class Decertification

On objections of both parties to my March 5, 2002, Report and Recommendation ("R&R") to certify three hundred and fifty non-union Duro-Test employees as a class, Judge Hayden reviewed the R&R *de novo*. Judge Hayden found that the R&R properly addressed the class certification issues and certified the class on May 20, 2002. The class membership consists of 350 non-union employees of Duro-Test including salaries managers, engineers, commissioned sales personnel and support staff affected by the plant closing.

#### *1.   Decertification for Failure to Provide Notice under ERISA*

Fed. R. Civ. P. 23(a) provides, in pertinent part:

> One or more members of a class may sue or be sued as representative parties on behalf of all if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(a) sets forth requirements of numerosity, commonality, typicality, and adequacy of representation. Johnston v. HBO Management, Inc., 265 F.3d 178, 183 (3d Cir. 2001). The first two, numerosity and commonality, test the validity of the class; the last two, typicality and adequacy of representation, test the adequacy of the representatives. Hassine v. Jeffes, 846 F.2d 169, 176 (3d Cir. 1988). In addition to meeting the requirements of Rule 23(a), "the court must also find that the class action is maintainable under Rule 23(b)(1), (2) or (3)." Johnston, 265

F.3d at 184. Here, Judge Hayden certified the class pursuant to Rule 23(b)(3). See General Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 161 (1982); In re Life USA Holding Inc., 242 F.3d 136, 143-44 (3d Cir. 2001).

On May 20, 2002, Judge Hayden certified the class. The Court did not order a notice be mailed to the class members as required by Rule 23(b)(2), a decision to which defendants did not object. To the contrary, in their motion for summary judgment, they sought to bind all three hundred and fifty members of the class.

Rule 23(c)(2)(B) provides that the notice required be the best practicable under the circumstances. See Varacallo v. Massachusetts Mutual Life, Ins. Co., 226 F.R.D. 207, (D.N.J. 2005) ("with classes certified under 23(b)(3), notice to the Class must be 'the best practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort'"). Rule 23(c)(2)(B) is silent as to when notice is to be provided to class members.

To address unresolved issues of damages, the Court issued an Order on December 2, 2004, requiring plaintiffs to contact the class members to determine their individual losses. In compliance with that Order, plaintiffs provided the class members with a questionnaire requesting information pertaining to their damages. The questionnaire was attached to a December 31, 2006, cover letter which, among other things, outlined the nature of this action, the damages demanded, the names of class representatives, and the lead plaintiff attorney's contact information. Out of the 474 questionnaires mailed to the class members, 257 responses were received as of February 3, 2005. I am satisfied that the December 31, 2004 letter and attached questionnaire met the notice requirement. However, I will limit the class membership to those

individuals who responded.

### 2. *Decertification as to plaintiffs' FLSA claim*

The FLSA allows "one or more employees to pursue an action in a representative capacity for 'other employees similarly situated.'" Morisky v. Public Service Electric and Gas Co., 111 F. Supp. 2d 493, 496 (D.N.J. 2000). Soon after the FLSA was adopted in 1928, a multitude of collective employee actions were instituted to recover overtime compensations. See, e.g., Deley v. Atlantic Bos Lumbar Corp., 119 F.Supp. 727, 728 (D.N.J. 1954). Not all class participants were identified, subjecting employers to an uncertain number of judgements. Deley, 119 F.Supp. at 728. Consequently, the Portal-to-Portal Act of 1947 was enacted. The intent of the Act was to make known the identity of each class member. Deley, 119 F.Supp. at 728. The United States Supreme Court has stated that the FLSA provides for the efficient disposition of issues while conserving judicial resources. See Hoffmann-La Roche, Inc. V. Sperling, 493 U.S. 165, 170 (1989).

> Section 16 of the FLSA, 29 U.S.C. § 216, provides, in relevant part:
>
> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

In Pentland v. Dravo Corp., 152 F.2d 851 (3d Cir. 1945), collective actions under 29 U.S.C. § 216 were described as "spurious" rather than "true" class actions. 152 F.2d at 853. Pentland explained the difference between the two collective actions, stating that an action brought

pursuant to Section 16 is not binding on similarly situated individuals who did not opt in. 152 F.2d at 853.

The burden is on the plaintiff to show that the proposed class satisfies the spurious class definition under 29 U.S.C. § 216(b). Morisky, 111 F. Supp. 2d at 496. Two factors must be met: (1) the proposed class members must be similarly situated; and (2) the members must consent in writing to opt in the suit. Sperling v. Hoffmann-La Roche, Inc., 118 F.R.D. 392, 405 (D.N.J. 1988).

In addressing a request for court-authorized notice of a class action under FLSA, a court must consider whether the plaintiff has demonstrated the existence of a definable class of potential plaintiffs who are "similarly situated." 29 U.S.C. 216(b). A plaintiff need only "mak[e] a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Realite v. Ark Restaurants Corp., 7 F.Supp.2d 303, 306 (S.D.N.Y. 1998); accord Hoffman v. Sharro Inc., 982 F.Supp. 249, 261 (S.D.N.Y. 1997); Schwed v. General Elec. Co., 159 F.R.D. 373, 375-376 (N.D.N.Y. 1995) ("plaintiffs need only describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist").

Judge Hayden found the three hundred and fifty non-union employees to satisfy Rule 23(b)(3) class certification requirements, which are more stringent than those required under the FLSA. She did not require an FLSA class certification notice. Defendants never objected. To the contrary, defendants sought to bind the entire class when they moved for summary judgment. Moreover, the purpose of the FLSA is to make known the identity of the class members, a fact which was already known to all parties at the outset of this action. As noted above, since the

FLSA mandates a written opt-in for each class member, the FLSA class will be limited to the 257 individuals who responded to the damages questionnaire mailed by the plaintiffs on December 13, 2004.

### 3. *Decertification on Evidentiary Objections*

Defendants also move to decertify the class, arguing that a determination of damages necessarily requires a case-by-case analysis of each member's losses. Defendants also object to the introduction of certain evidence on damages as hearsay. In response, plaintiffs concede that the damages sustained by each member will differ. However, plaintiffs argue that a variation in the amount of damages which each class member seeks does not constitute an adequate basis for decertification. Neither party cites case law on point.

In Mohan v. City of Wilmington, 49 Fed.Appx. 383, 384 (3d Cir. 2002), the court acknowledged that "differences in potential damage awards may be insufficient to deny class certification." In Mohan, the district court's determination that the requisite elements for class certification were not met was upheld. In this case, however, Judge Hayden determined that Rule 23(b)(3) requirements were satisfied.

The number and position of each employee appear to have been determined at the outset of this action. Notwithstanding the distinct positions held by the class members, the class was certified. Pursuant to Local Civil Rule 7.1(g), a party may move for reargument within ten days of the entry of an order adverse to that party upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. See Damiano v. Sony Music Entertainment, Inc., 975 F. Supp. 623, 633-34 (D.N.J. 1996). "The

word 'overlooked' is the operative term in the Rule." Rouse v. Plantier, 997 F. Supp. 575, 578 (D.N.J. 1998). Mere disagreement with a court's decision should be raised through the appellate process and is inappropriate on a motion for reargument. See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). Only when the court has overlooked matters that, if considered, might have reasonably resulted in a different conclusion will it entertain such a motion. See, e.g., Pittston Co. v. Sedgwick James of New York, Inc., 971 F. Supp 915, 918-19 (D.N.J. 1987).

Notwithstanding the untimeliness of defendants' motions, they do not describe any legal or factual matter which was not considered by Judge Hayden. Accordingly, the motion is DENIED.

B.    **Entitlement to Jury Trial**

Defendants argue that plaintiffs are not entitled to a jury trial on their ERISA claims because the relief sought is equitable in nature. They also contend that plaintiffs are not entitled to a jury trial on their WARN Act claims as that statute does not provide for a jury trial for back-pay and lost benefits claims. In their response, plaintiffs did not discuss their right to a jury trial on the ERISA claims and conceded that the Third Circuit had not ruled on whether they are entitled to a jury trial. Plaintiffs cite Bentley v. Arlee Home Fashions, Inc., 861 F.Supp. 65 (E.D.Ark. 1994), for the proposition that, notwithstanding the WARN Act's silence on the issue when the remedies sought are monetary in nature, a right to a jury trial exists. Plaintiffs maintain that they are entitled to a jury trial on their State claims.

The Seventh Amendment provides that, "[i]n suits at common law, where the value in

controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const., amend. VII. The Seventh Amendment guarantees the right to a jury trial in actions in which the remedies sought are legal in nature. Curtis v. Loether, 415 U.S. 189, 192 (1974). The Third Circuit is silent on plaintiffs' entitlement to a jury trial with regard to WARN Act claims.

In Bledsoe v. Emry Worldwide Airlines, 258 F.Supp.2d 780, 792 (S.D.Ohio 2003), the court reiterated the historical test for determining whether a plaintiff is entitled to a jury trial, stating:

> [T]he Court must examine both the nature of the issues involved and the remedy sought. See Wooddell v. International Broth. of Elec. Workers, Local 71, 502 U.S. 93, 97, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991). "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." Id. (citing Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 565, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990)) (internal quotation marks omitted). The second inquiry is the more important of the two. See id.

Ultimately, plaintiffs' entitlement to a jury trial on WARN Act claims is dependant on the nature of the damages sought. The answer to this inquiry is inconsistent among the district courts. D. Zupanec, 18 Fed. Litg. 16 (July 2003) (citing Loehrer v. McDonnell Douglas Corp., 1992 U.S. Dist. Lexis 22555 (E.D.Mo. Oct. 5, 1992) (plaintiffs not entitled to jury trial since WARN Act remedies are equitable); Cain v. Inacom, 2001 WL 1819997 (Bank. D. Del. 2001) (remedies under WARN Act equitable); Bentley v. Arlee Home Fashions, Inc., 861 F.Supp. 65 (E.D.Ark. 1994) (remedies under WARN Act legal); United States Steelworkers of America, AFL-CIO-CLC v. Dietrich Indus., Inc., 1994 WL 661193 (N.D.Ala. 1994) (remedies under WARN ACT legal).

As for plaintiffs' ERISA claims, circuit courts have permitted jury trials on ERISA benefits-due claims when other matters that require a jury trial exist. See G. L. Flint, Jr., ERISA: Jury Trial Mandated for Benefits claims Action, 25 Loy. La. L. Rev. 361, 393 (1992) (citing Krause v. Dresser Indus., 910 F.2d 674, 676 (10th Cir. 1990)); Olitsky v. Spencer Gifts, Inc., 842 F.2d 123, 125 (5th Cir.), cert. denied, 488 U.S. 925 (1988).

In his December 29, 2006 Order, Judge Linares denied defendants' motion to dismiss plaintiffs' state law claims. Judge Linares found a jury question to be present on plaintiffs' State law claims. Defendants do not contest plaintiffs' right to a jury trial on the State law causes of action. Without reaching a decision on the issue of the nature of the remedies provided under the WARN Act or ERISA, at a minimum, plaintiffs are entitled to a jury trial on their State law claims. Presenting all issues to the jury will not be prejudicial to defendants. To the contrary, avoiding two separate trials on what is essentially the same dispute is consistent with the conservation of judicial and party resources. Needless to say, I will retain discretionary authority to adjust any jury award as necessary consistent with ERISA and the WARN Act. See Cain, 2001 WL at 7 ("monetary remedies specified in the WARN Act are subject to the discretionary authority of the court to reduce the award if the employer acted in good faith and had reasonable grounds for believing that the act or omission was not a violation o the WARN Act").

## CONCLUSION

For the reasons set forth above, Defendants' motions to decertify the class [117][120] are GRANTED IN PART AND DENIED IN PART, defendants' motion to decertify the class[93] is DENIED; and defendants' motion to strike jury demand [94] is DENIED.

A separate Order accompanys this opinion.

                                        s/ Ronald J. Hedges
                                        United States Magistrate Judge