UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE SHEINBERG, ET AL., | |
| Plaintiff(s), | Civil Action No. 00-6041 (CCC) |
| v. | OPINION AND ORDER |
| ROBERT SORENSEN, ET AL., | |
| Defendant(s). | |

CECCHI, U.S.M.J.

This matter comes before the Court by way of Plaintiffs' motion to recertify this matter as a class action.[1] In support of their application, Plaintiffs assert that the substitution of new class counsel cures the defects which led to decertification. Defendants oppose Plaintiffs' motion, claiming that the errors which have occurred throughout the pendency of this matter are so grave that the class must remain decertified in order to protect the interests of its absent members. For the reasons expressed below, Plaintiffs' motion is DENIED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Bring a Putative Class Action Suit

On December 14, 2000, the individual Plaintiffs, Lawrence Sheinberg and Giles Hazel, filed a Complaint against their former employer, Duro-Test Corporation ("Duro-Test") and its

---

[1] On February 22, 2006, the parties in this matter consented to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

Chief Executive Officer, Robert Sorensen, asserting that they suffered losses when the Duro-Test manufacturing plant where they were employed closed without notice to its employees. Plaintiffs, who brought their Complaint as representatives of similarly situated former Duro-Test employees, seek reimbursement for unpaid wages and medical expenses incurred when their health insurance plan lapsed due to the closure of the plant and, ultimately, the insolvency of Duro-Test.[2]

<u>The Court Certifies the Class and Thereafter Orders That Notice Be Issued to the Class Members, Which Plaintiffs' Prior Counsel Fails to Do</u>

On May 20, 2002, the Court granted Plaintiffs' request to certify this matter as a class action. As the case proceeded, the Hon. Ronald J. Hedges, U.S.M.J. became aware that notice of the action, required by Federal Rule of Civil Procedure 23(c)(2)(B), was never provided to the class. Accordingly, on September 27, 2006, Judge Hedges issued an order adjourning the trial date set in this matter and requiring that adequate notice be issued to all class members by January 10, 2007.

Despite the Court's order, Plaintiffs' prior counsel failed to issue notice to the class. Counsel attempted to explain this error by alleging that they did not receive a copy of Judge Hedges' September 27th order. Apparently, counsel did not receive notice of the Court's order because they failed to make appropriate arrangements to receive electronic filings. As a result, counsel was not entitled to receive copies of motions, notices and other entries appearing on the

---

[2] Plaintiffs' Complaint alleges causes of action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.; the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101 et seq.; Section 16 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216; and the New Jersey Wage Payment Statute (the "Wage Act"), N.J.S.A. 34:11-4.2 et seq. Plaintiffs also brought claims for tortious conversion and an undefined "First Cause of Action," which were subsequently dismissed from the action.

docket in this matter, including the aforementioned order.[3]

<u>The Court Decertifies the Plaintiff Class Due to Prior Counsel's Failure to Issue Notice and Numerous Other Errors</u>

On February 8, 2007, Judge Hedges issued an order decertifying the plaintiff class. In his decision, Judge Hedges found that several errors committed by Plaintiffs' prior counsel were fatal to the pendency of this matter as a class action. One example included the failure to issue class notice as discussed above. In addition, there were significant deficiencies apparent on the face of Plaintiffs' proposed class notice. Specifically, Plaintiffs referenced a tortious conversion claim dismissed by the Court on September 29, 2006 and failed to include a statement advising the class members that they may be liable for Defendants' legal fees under the fee-shifting provisions of ERISA and the WARN Act. Judge Hedges also cited prior counsel's repeated litigation delays and failure to register to receive electronic filings as additional demonstrations of their inadequacy.

Judge Hedges was deeply troubled by the manner in which this case had been prosecuted and took issue with the fact that "[p]laintiffs' counsel had nearly five years to issue a notice to class members in accordance with Rule 23(c)(2)(B) . . . [but] failed to meet this obligation." Judge Hedges emphasized that, as a result of counsel's deficiencies, class members did not have knowledge of the matter's pendency and were unaware that their claims against Duro-Test and Mr. Sorensen were being litigated in this Court. Finding that "litigants have an ongoing duty to monitor the docket" and expressing confoundment at counsel's failure to register to receive

---

[3]Prior counsel's failure to make arrangements to receive copies of electronically filed documents was inexplicable. As noted by the Court, "[s]ince 2004, electronic filing has been the standard method for maintaining the Court's docket and issuing orders and other notices to attorneys." (<u>See</u> Order of Hon. Ronald J. Hedges, dated February 8, 2007). Moreover, by letter dated August 10, 2006, the Hon. Garrett E. Brown, Jr., U.S.D.J. ordered prior counsel to "register [on the Court's electronic filing system] as soon as possible or show good cause before the presiding judge why [they] should be permitted to file and serve pleadings and other papers in the traditional manner." Despite this directive, counsel neither registered on the Court's electronic filing system nor demonstrated good cause why an exception should be made.

electronic filings, Judge Hedges stated:

> The prosecution of this action has not been competent, responsible or vigorous. Counsel failed to issue a class notice or arrange for an admitted attorney to attain access to the Court's electronic filing system. These omissions are irresponsible because if adequate notice is not issued, the final judgment will not be binding on absent class members. Further, the prosecution of this action has been far from vigorous - this action has lingered for nearly five years without going to trial and without class members' knowledge of its pendency. Other indicia of inadequate representation are found in the plaintiffs' proposed class notice: the notice references a tortious conversion claim that the Court dismissed in the September 29, 2006 Order and does not advise the class members that they may be liable for Defendants' legal fees under the fee-shifting provisions of ERISA and the WARN Act. These are significant facts that responsible counsel ought to share with their class.

Opinion of Hon. Ronald J. Hedges, U.S.M.J., dated February 8, 2007, at P. 7.

<u>Plaintiffs Withdraw Their Appeal of the Order Decertifying the Class When it is Challenged as Untimely</u>

On February 22, 2007, Plaintiffs filed a motion for reconsideration of the Court's order decertifying the class. Judge Hedges subsequently denied Plaintiffs' motion. Plaintiffs then filed a Notice of Appeal which was opposed by Defendants as untimely. On June 4, 2007, Plaintiffs withdrew their appeal.

<u>After a Lengthy Delay, Plaintiffs Now Move for Recertification in this Eight Year Old Case</u>

Over eight months after the class was decertified, new counsel now moves before the Court for an order recertifying the plaintiff class, claiming that his presence in the case cures the defects which gave rise to decertification. Defendants oppose this motion and assert that the class must remain decertified to protect the interests of the putative class members. In response, new counsel alleges that his status as a registered e-filer and intent to zealously litigate this case

are sufficient to overcome the prejudice suffered by the class when it was not properly notified of the pendency of this action and when former counsel engaged in the various errors described in detail above. For the reasons set forth below, and upon consideration of the parties' written submissions and positions expressed at the in-person hearings, the Court finds that the class should remain decertified.

## DISCUSSION

In their motion for recertification, Plaintiffs argue that the decertification of the plaintiff class was improper. As discussed above, Judge Hedges decertified this matter as a class action on February 8, 2007. Plaintiffs moved for reconsideration of the decertification order and, when that motion was denied, filed a notice of appeal. Defendants opposed the appeal as untimely and, shortly thereafter, the appeal was voluntarily withdrawn by Plaintiffs.

In moving for reconsideration and noticing an appeal, Plaintiffs attempted to pursue the appropriate avenue of relief from Judge Hedges' decision to decertify the class, but later withdrew their appeal when it was challenged as untimely. Plaintiffs cannot now, over eight months later, move again for reconsideration of Judge Hedges' order. Accordingly, the Court will not reconsider whether the February 8, 2007 decertification of the plaintiff class was proper. Rather, the Court will only address whether, based on the substitution of class counsel, circumstances have changed such that the plaintiff class should be recertified.

<u>The Class Should Remain Decertified</u>

Federal Rule of Civil Procedure 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if (1) the class is so numerous that joinder of all members is

> impracticable; (2) there are questions of law or fact
> common to the class; (3) the claims or defenses of the
> representative parties are typical of the claims or defenses
> of the class; and (4) the representative parties will fairly and
> adequately protect the interests of the class.

Rule 23(a) sets forth requirements of numerosity, commonality, typicality and adequacy of representation. Johnston v. HBO Management, Inc., 265 F.3d 178, 183-84 (3d Cir. 2001). The first two requirements, numerosity and commonality, test the validity of the class. The last two requirements, typicality and adequacy of representation, test the adequacy of the representatives. Hassine v. Jeffes, 846 F.2d 169, 176 (3d Cir. 1988). In addition to meeting the requirements of Rule 23(a), "the court must also find that the class action is maintainable under Rule 23(b)(1), (2) or (3)," which set forth the requirements of predominance and superiority. Johnston, 265 F.3d at 184.

With respect to the adequacy of representation prong of the analysis, which is at issue here, a court must determine whether the class attorney is capable of representing the class. See id. at 185. The putative class in the instant matter was decertified when the Court found that prior counsel did not fairly and adequately protect the interests of the class due to the series of errors committed. Plaintiffs now claim that the introduction of new class counsel "cures any certification defect" (Pl. Brief at P.14) and petition the Court for an order of recertification. The Court finds, however, that the substitution of new class counsel will not remedy the multiple and material errors that have littered the prosecution of this action. The omissions and mistakes made by Plaintiffs' counsel are not merely superficial slights, but rather are serious flaws that strike at the core of the Court's role in a class action – to ensure the protection of the class. The Court is mindful of the following deviations from required practice in a class action.

Prior Counsel Mismanages the Litigation, Which Results in Decertification of the Class

As previously stated by Judge Hedges, the record in this matter is replete with examples of prior counsel's inadequacies. For example, this matter was set down for trial on two separate occasions and was adjourned each time due to issues with Plaintiffs' prior counsel. The first trial date, June 27, 2006, was adjourned when Judge Hedges found that adequate notice had not been provided to the class. After the first adjournment, Judge Hedges allotted prior counsel several months to ensure that such notice was given to the class members and scheduled a second trial date of January 10, 2007. As recounted above, because counsel failed to make arrangements to receive electronic filings and did not receive the aforementioned order, Judge Hedges was forced to adjourn the second trial date and decertify the class. Thus, trial in this matter has been delayed for more than eighteen months due to the various errors made by Plaintiffs' prior counsel.

An even more egregious example of the mismanagement which has pervaded this action involves counsel's failure to provide notice of the litigation to the members of the putative class. In any class action maintained under Federal Rule of Civil Procedure 23(b)(3)[4], plaintiffs' counsel must direct court-approved notice to the class members pursuant to Rule 23(c)(2)(B). Specifically, Rule 23(c)(2)(B) provides:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that a class member may enter an appearance through an attorney if

---

[4] This class in the instant suit was certified pursuant to Rule 23(b)(3) on May 20, 2002.

> the member so desires; (v) that the court will exclude from the
> class any member who requests exclusion; (vi) the time and
> manner for requesting exclusion; and (vii) the binding effect of
> a class judgment on class members under Rule 23(c)(3).

The notice requirement set forth in Rule 23 is unambiguous, mandatory and cannot be waived. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 176 (1974). It ensures that any judgment will be binding on all class members who do not request exclusion from the class action. Id. at 176.

In addition, even the proposed notice prepared by counsel (which was never sent to the class) was defective. Plaintiffs' proposed notice misstated the claims at issue in this suit by continuing to reference a dismissed tortious conversion claim and misrepresented class members' potential liability by failing to describe the fee shifting provisions of ERISA and the WARN Act.

Prior counsel's deficiencies ultimately resulted in the decertification of this matter as a class action. The Court now must turn its analysis to the adequacy of new counsel's representation, to determine whether his substitution into this matter at this late stage reflects a change in the quality of advocacy sufficient to remedy the defects which have already harmed the interests of the class.

New Counsel Continues to Commit Errors of the Same Sort Which Persuaded this Court to Decertify the Class

Although new counsel claims that his appearance in this matter cures the defects cited by Judge Hedges when he decertified the class, the record demonstrates that the pattern of malfeasance which has long troubled the Court has continued into the period in which new counsel entered the case.

A. New Counsel Delays in Notifying the Court of his Intent to Appear and in Appearing on the Docket as Counsel of Record

The entry of new counsel has done nothing to remedy the delay which has pervaded this

matter. Plaintiffs waited four full months after withdrawing their appeal before notifying the Court that new class counsel intended to appear on their behalf. Upon receipt of new counsel's letter advising of his intent to enter the case, the Court immediately scheduled a conference with the parties. However, despite the history of this action, the attorney with primary responsibility at new counsel's firm did not personally attend the first conference in this matter. In addition, new counsel did not have his firm entered as counsel of record on the docket until January 30, 2008, after the Court instructed him to do so. The Court ordered the substitution of new counsel on behalf of Plaintiffs on December 10, 2007. New counsel did not, however, appear on the docket as counsel of record and was not registered as an e-filer until nearly two months later, after it was brought to his attention by the Court.

### B. New Counsel Does Not Register on the Court's Electronic Filing System

Because new counsel delayed in registering on the Court's electronic filing system - and although former counsel was admonished by the Court for the same deficiency - new counsel was not eligible to receive electronic filings. This omission rendered counsel unaware of any motions, orders or other electronically filed notices that could profoundly affect the rights of the absent Plaintiffs he seeks to represent. The Court disagrees with new counsel's statement that such a failure is a "minor oversight" (Pl. Brief at P. 6) and - given the history of this matter - new counsel's failure to ensure that he did not commit the same significant error as prior counsel is inexcusable. These grave errors severely prejudiced, and indeed continue to prejudice, the rights of the absent class members who depend on counsel to prosecute this action on their behalf.

### C. New Counsel Fails to Issue Notice of Decertification

As stated above, the provision of notice to the class as required by Federal Rule of Civil

Procedure 23(c)(2)(B) is of the utmost importance in class action suits. The Court is particularly concerned that the class was not notified of its decertification until January 11, 2008, nearly one full year after the Court reached decision on the matter.

As soon as the Court became aware that notice of decertification had never been provided to the class, it immediately ordered at the November 2, 2007 conference that appropriate notice be issued. Despite this directive, notice was not provided to the class members until over two months later, in a case where statute of limitations issues are implicated. Thus, it was only after the Court ordered that notice of decertification be provided that absent class members were warned that their statute of limitations may soon expire and that it might be prudent for individual claimants to initiate separate suits.

New counsel notified the Court of his intent to substitute as counsel in this action in October 2007, yet he did not raise the issue nor did he ensure that notice of decertification appropriate to protect the interests of the class was issued until it was brought to his attention by the Court. New counsel thus failed to take an active role in seeing that adequate notice was given to the class - again exemplifying the same deficiencies cited by Judge Hedges in his decision to decertify the class. Moreover, the Court also notes that when notice of decertification was finally provided to the class, such notice was sent under the signature of Plaintiffs' prior counsel, despite new counsel's appearance in this matter by that date.

D. Eight Months Pass Before the Court is Notified That Plaintiffs Intend to Move for Recertification

As recounted above, Plaintiffs delayed for over eight months following decertification before raising the issue of recertification with the Court. Ironically, new counsel cites the looming expiration of the statute of limitations governing two of the claims alleged in this matter

as a reason why the Court should recertify the class. The Court is constrained to observe that Plaintiffs sat on their rights for months before raising this issue and now are faced with a situation of their own making.[5]

The Court Acts to Protect the Interests of the Class by Ensuring the Adequacy of Counsel

In determining whether to grant class action certification, the Court has a stringent duty to protect the interests of the absent class members whose rights depend on the fair and apt adjudication of their claims. See Clark v. South Central Bell Tel. Co., 419 F.Supp. 697, 701 (W.D. La. 1976). The Court has a duty to see that absent class members receive adequate notice of the proceedings which determine the outcome of their rights and to require that class counsel appropriately and effectively prosecute their claims. Indeed, the Court is often deemed a fiduciary of the class charged with protecting the rights of the class members. See e.g., In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 307-08 (3d Cir. 2005); In re Cendant Corp. Litig., 264 F.3d 201, 231 (3d Cir. 2001).

Substituting counsel at this late stage in the proceedings cannot remedy the myriad failings that have occurred throughout the pendency of this action. Indeed, Plaintiffs themselves admit that the class members "have been severely prejudiced by these events." (Pl. Brief at P. 13). Plaintiffs failure to provide notice of certification and decertification to the class is not an isolated factor supporting the decertification of this case. Rather, it represents the culmination of

---

[5] In their opposition brief, Defendants raise doubts over the viability of certain claims alleged by Plaintiffs, asserting defenses beyond the issue of the statute of limitations. For example, Defendants argue that Plaintiffs' FLSA claims are barred on substantive grounds and that this Court should decline to exercise subject matter jurisdiction over Plaintiffs' Wage Act claims. While the Court notes the serious nature of these defenses, it is not necessary for the Court to opine on the merits of these arguments at this stage.

a multitude of errors committed by counsel - old and new- in the prosecution of this case as a class action.

In addition to the issues surrounding notice and delay discussed at length above, the Court is also mindful of the lengthy list of factors cited by Defendants as additional examples of the inadequate representation that has continued throughout the litigation of this matter.[6]

Plaintiffs cite Korn v. Franchard Corp., 456 F.2d 1206 (2d Cir. 1972) as support for their argument that the class in this matter should be recertified. However, the series of errors which led to decertification in this case - and which continue to befall the plaintiff class - are readily

---

[6]Specifically, Defendants assert that Plaintiffs' counsel have erred in the prosecution of this case in the following respects, some of which have already been addressed by the Court:

> (1) they filed an FLSA representative action without ever filing consents with the Court, as required by statute; (2) they filed an FLSA claim in the same action as a state law wage claim; (3) they failed to seek the Court's direction to issue proper notice to the class pursuant to Rule 23(c)(2)(B); (4) they failed to inform the class early in the case – or at any time – that under the ERISA and WARN Act counts, the Court has discretion to award attorneys' fees and costs to a prevailing party; (5) they prepared a class action ERISA case final for trial with no witnesses who can testify about the Plan and its administration; (6) they prepared a WARN Act and wage claim case without designating any witness who can testify as to Duro-Test's payment of wages and other compensation; (7) they offered two proposed exhibits – both of which are hearsay – as the sole documentation of damages; (8) they produced no evidence of the amounts paid to the Duro-Test employees by the Duro-Test Bankruptcy estate on wage claims; (9) they failed at any time after the September 27, 2006 adjournment of the trial to check the docket regarding the status of the case and future trial date; (10) they failed to comply with the Court's September 27, 2006 order to provide notice to the class in compliance with Rule 23(c)(2)(B); (11) they failed to be ready for trial on January 10, 2007 as ordered by the Court; (12) they failed to retain substitute counsel until approximately 8 months after the class was decertified; and (13) they failed to advise the putative class of the Court's order decertifying the class until January 11, 2008, more than eleven months after the order was entered.

(Dft. Brief at P. 8-9)

distinguishable from the circumstances in Korn. The class in Korn was decertified by the district court largely because former class counsel engaged in unauthorized communications with the putative class members. See Korn, 1970 U.S. Dist. LEXIS 9787 (S.D.N.Y. 1970). During the appeal of the district court's decision, new class counsel appeared on behalf of plaintiff and sought recertification. In its opinion, the Second Circuit recertified the matter as a class action when it found that substitution of counsel remedied the threat that improper communications would occur in the future and that counsel could adequately protect the interests of the class members. Korn, 456 F.2d at 1208, 1214.

Significantly, substituting counsel in the Korn matter did not commit errors of the sort made by new counsel in this case, and as a result, the Second Circuit held that the Korn class should be recertified. Id. at 1209. Indeed, the Korn court specifically emphasized that new counsel was "qualified, experienced and generally able to conduct the proposed litigation," and that there was no indication that, with the help of present counsel, plaintiff would "fail to prosecute the case vigorously." Id. at 1212. The rationale espoused by the Second Circuit is not applicable here. The substitution of counsel in this case cannot remedy the myriad failings that have occurred throughout this litigation. In fact, new counsel continues to make the same errors and exemplify the same deficiencies Judge Hedges cited when he found that the plaintiff class must be decertified.

Another factor relied upon by the Korn court in support of recertification was plaintiff's inability to proceed individually because of the *de minimis* value of her claim. The same concern is not present in this suit and the named plaintiffs may continue to litigate their claims herein. Moreover, decertification will not prevent the individual members of the decertified class from

pursuing separate suits. Plaintiffs' new counsel himself concedes this fact and the absent class members were so-advised in the January 11th notice of decertification. (Pl. Brief at 8, 14 and January 11, 2008 notice of decertification).

The Court's decision as to whether a class should be certified is discretionary, Beck v. Maximus, Inc., 457 F.3d 291, 297 (3d. Cir. 2006), and the party seeking certification bears the burden of proof. Dittmus-Bey v. Taylor, 244 F.R.D. 284, 290 (D.N.J. 2007). Here, Plaintiffs have not persuaded the Court that it should exercise its discretion to recertify the class. "Since, under . . . Rule 23, a judgment in a class suit will be *res judicata* as to all 'non-opting out' class members, . . . district courts are admonished to carefully scrutinize the adequacy of representation in all class actions in order to determine the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the members of the representative class." Taub v. Glickman, 1970 WL 210, *1 (S.D.N.Y. 1970).

The series of significant errors that have occurred throughout the history of this litigation force the Court to deny Plaintiffs' motion to recertify the class to satisfy its duty to protect the interests and claims of the class. As in Taub, this conclusion is reached not to punish counsel, but rather to protect the class he seeks to represent. See Taub, 1970 WL 210 at *3.

## CONCLUSION

For the foregoing reasons, **IT IS** on this 4th day of April, 2008

**ORDERED** that Plaintiffs' motion for recertification is **DENIED**.

*s/ Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**